UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,

vs.                                      CASE NO.:   4:25-mc-00031

JAMES FISHBACK,

    Defendant/Judgment Debtor,

and

BANK OF AMERICA, N.A.,

    Garnishee
_____/

## ANSWER OF GARNISHEE AND DEMAND TO PLAINTIFF FOR PAYMENT OF ATTORNEY'S FEES

Garnishee, BANK OF AMERICA, N.A., by its undersigned attorney, Answers the Writ of Garnishment served on it as follows:

1.    At the time of the service of the Writ of Garnishment, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, and at the time of its Answer and at all times between service and its Answer, Garnishee's records reflect the following account(s) which may be subject to the Writ of Garnishment:

| Account Number(s) | Name(s) on Account |
|---|---|
| xxxx-xxxx-0313 | James T. Fishback<br>4009 Davis Pl. NW, Apt. 202<br>Washington, DC 20007-1239 |

2.    Pursuant to provisions of Sections 77.06 (2) and (3) of Florida Statutes, and subject to Court determination of the proper disposition of proceeds of the above account(s),

Garnishee has set aside the following sums:

| <u>Account Number(s)</u> | <u>Amount Set Aside</u> |
|---|---|
| xxxx-xxxx-0313 | $5,061.07 |

3.   Except as provided in paragraph 2 (if applicable), Garnishee has no obligation to make, and has not made, a determination as to the ownership of the subject funds or as to whether any of the funds are subject to any exemption provided to Defendant(s) and/or other person or entities under Federal or State Law.

4.   Garnishee will not turn over (pay out) any of the funds identified in paragraph 2 from the accounts located outside of the State of Florida, unless specifically directed to do so by Court order.

5.   Garnishee knows of no other person indebted to Defendant(s) or any other person who may have any effects, goods, money or chattels of the said Defendant(s), nor did Garnishee have in its possession or control any other tangible or intangible personal property of the Defendant(s).

6.   In accordance with Section 77.28 as amended on July 1, 2014, and having filed the Answer of Garnishee in this case, **Garnishee hereby demands from Plaintiff the payment forthwith of the $100.00 statutory garnishment fee** for the part payment of its attorney's fees, to be made **payable to The Noa Law Firm, P.A.,** Garnishee's attorney(s), and to be mailed to:

>   THE NOA LAW FIRM, P.A.
>   P. O. Box 941958
>   Miami, Florida 33194

WHEREFORE, Garnishee prays that this Court enter its judgment determining proper disposition of any funds held pursuant to the Writ of Garnishment and **demands payment by**

**Plaintiff forthwith of the $100.00 statutory garnishment fee** as part payment of Garnishee's attorney's fees, to be made **payable to The Noa Law Firm, P.A.,** Garnishee's attorney(s), and for any other relief this Court deems just and proper.

### DESIGNATION OF EMAIL ADDRESS

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Garnishee hereby designates the following primary email address for service of court documents: Primary email address: e-service@noalawfirm.com.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via electronic mail this __14TH__ day of __AUGUST__, 2025, to JUAN MENDOZA, ESQ. or MIGUEL E. DEL RIVERO, ESQ., ATTORNEYS FOR PLAINTIFF, SEQUOR LAW, P.A., Email: jmendoza@sequorlaw.com or mdrivero@sequorlaw.com.

> THE NOA LAW FIRM, P.A.
> ATTORNEY(S) FOR GARNISHEE
> P. O. Box 941958
> Miami, Florida 33194
> Telephone: (305)559-9620
> Facsimile: (305)559-3611
>
> By: _/s/_____
> [s/ JOSEPH A. NOA, JR., ESQ., FBN 81984