UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,        Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

    Defendant/Judgment Debtor.
_____/

**PLAINTIFF'S MOTION TO COMPEL
COMPLIANCE WITH POST-JUDGMENT
DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff/Judgment Creditor Greenlight Capital, Inc. ("Greenlight") pursuant to Fed. R. Civ. P. 37(a)(3)(B), hereby moves for an order compelling Defendant/Judgment Debtor, James Fishback ("Fishback") to comply with post-judgment discovery (the "Motion").

**PRELIMINARY STATEMENT**

This Motion seeks entry of an order compelling Fishback to comply with the document requests (the "Document Requests") contained in the *Notice of Deposition Duces Tecum in Aid of Execution* served on June 3, 2025 via UPS and first-class U.S. Mail to his last known addresses in Madison, Florida and in Washington D.C (the "Notice"). The Notice required the production of documents by July 1, 2025, and scheduled a deposition in aid of execution for July 24, 2025.

1

Fishback requested multiple extensions of time to respond to the Document Requests and requested to change the location of the deposition, which Greenlight accommodated. Despite being given multiple opportunities to produce the requested documents—most recently in his deposition on August 29, 2025, Fishback agreed to produce responsive documents by September 30, 2025—Fishback failed to comply and produce documents responsive to the Document Requests other than his tax returns that provided prior to the August 29, 2025 deposition. Given his failure to produce, Greenlight communicated with Fishback about the September 30th deadline, and in response, Fishback raised objections for the first time. These objections are both untimely and without merit, as they have been waived or are otherwise inapplicable under the circumstances.

Accordingly, Greenlight respectfully moves this Court to compel Fishback to produce the requested documents within 10 days of the entry of said Order and to grant such other and further relief as the Court deems just and proper.

## FACTS

1. On June 3, 2025, Greenlight mailed Judgment Debtor the Notice via UPS and first-class U.S. Mail to his last known addresses in Madison, Florida and in Washington D.C. Attached as **Exhibit 1** is the Notice. The Notice set a deposition date of July 24, 2025, at 10:00am in Tallahassee, Florida, and required that Fishback produce documents responsive to fifty-five (55) document requests

(the "Document Requests") no later than July 1, 2025. *See* attached **Composite Exhibit 2**, confirming delivery of the First Notice to his last known addresses.

2. The Document Requests sought documents relating to Fishback's assets, such as banking and financial documents, property and real estate documents, business and corporate records, and any other personal assets that Fishback possessed or has transferred. *See* Ex. 1.

3. Fishback failed to produce documents by the July 1 deadline.

4. On July 22, 2025, Greenlight provided Fishback a copy of the First Notice via e-mail, and he responded that "[t]his is the first I am seeing this document." *See* attached as **Exhibit 3** at p. 5, email correspondence from Fishback. This response was surprising given that the Notice had been successfully delivered to his last known address in Madison, Florida, where he stated he resides. *See* Ex. 6 p. 2. Fishback also requested that the deposition be moved. *See id.*

5. Greenlight offered to move the deposition date to August 7, 2025, and if Fishback agreed, to conduct the deposition in Miami, Florida at the offices of undersigned counsel. *Id.* at p. 4. Fishback responded stating that he is "out of country" for that date but stated that he will be "in Miami August 28-29." *Id.* To accommodate his schedule, undersigned agreed. On July 24, 2025, undersigned then provided Fishback via E-mail with the *Re-Notice of Deposition Duces Tecum in Aid of Execution* (the "Re-Notice") via e-mail, which contained the same

3

Document Requests as the initial Notice and schedules the deposition in Miami, Florida on August 29, 2025. The Re-Notice set forth the new deadline to respond to the Document Requests of August 22, 2025. See attached as **Exhibit 4** the Re-Notice.

6. Less than ten (10) days before the date of the deposition, Fishback replied via E-mail "[c]an we just do Zoom for Aug 29th? I need until Aug 26th to produce documents." *See* Ex. 3 p. 3. Greenlight initially declined to move the in-person deposition for August 29, 2025, to Zoom on account of the fact that it "agreed to move the original deposition date about a month ago at [Fishback's] request as [he] stated [he was] 'out of country'. . . . Accordingly, we'll proceed in person as originally agreed." *See id.* at p. 3. Undersigned also agreed to extend the production of documents until August 26 on the basis that Fishback provide a rolling production of documents. *Id.*

7. Fishback stated "[y]ea I don't agree with that. Zoom or Tallahassee. Your pick." *Id.* at p. 3. He followed up soon thereafter noting that the "original deposition notice was Tallahassee-based, so let's honor that." *See id.* This is despite Greenlight providing the Miami location to accommodate Fishback's travel schedule. *Id.* at p. 2.

8. In a show of good faith and to accommodate Fishback, Greenlight agreed to this last second change to move the deposition to Tallahassee, Florida

4

and agreed to an August 26 rolling deadline for the production of documents responsive to the Document Requests. *See id.* Greenlight issued a *Second Re-notice of Deposition Duces Tecum in Aid of Execution* (the "Second Re-Notice") to Fishback via email providing for the deposition is to be held in Tallahassee, Florida, and maintaining the same Document Requests as the initial Notice, to be produced on a rolling basis by August 26, 2025. *See* attached as **Exhibit 5** the Second Re-Notice.

9. Due to the sudden deposition venue change, the undersigned had to make last-minute travel arrangements and incur the related cost.

10. On August 26, 2025, Fishback only produced his tax returns from 2018 through 2023, a tiny portion of the requested documents. *See* Ex. 3 p. 2. Fishback failed to provide any other documents leading up to his deposition.

11. On August 29, 2025, Greenlight conducted the deposition of Fishback. During the deposition, Greenlight preserved its right to depose Fishback once more after Fishback produced the balance of responsive documents to the Document Requests. *See* attached as **Exhibit 6**, deposition transcript excerpt.

12. During the deposition, undersigned also informed Fishback that he must provide all documents responsive to the Document Requests, including a list of additional documents: (1) 2024 tax returns; (2) records indicating payments from Azoria Capital, Inc. in 2025; (3) R.J. O'Brien account statement showing no

5

funds; (4) any documents regarding loans paid out/loans taken; (5) all R.J. O'Brien statements; (6) confidentiality agreement with Azoria Capital Inc. investors. *See* Ex. 7; *see also* attached hereto as **Exhibit 8**, is email notification from the Court Reporter confirming receipt of transcript to Fishback. Furthermore, in our e-mail communication with Fishback, we requested any responsive documents that Fishback had in his possession that fell under the purview of the Document Requests shall be provided to Greenlight by September 30, 2025. *See* attached as **Exhibit 9 at p. 4-5.**, email correspondence.

    13. On September 2, 2025, undersigned communicated via email with Fishback, reminding him that he agreed to a rolling production of documents, and that Fishback must provide all responsive documents, which includes all documents mentioned at the deposition—which he agreed to produce—as well as any documents listed in the Notice of Deposition, no later than September 30, 2025. *See* **Exhibit 9**. Fishback did not respond to this email.

    14. On September 30, 2025, undersigned wrote to Fishback via email requesting production by the following day or it will file this Motion. *See id.* at p. 2-3.

    15. Fishback replied to the email stating that with respect to his 2024 tax return, he has not filed it, but will be providing that once filed. *Id.* at p. 2. With regards to the other documents, Fishback objected—for the first time—to the

6

production of other documents requested. Specifically Fishback contested that the records sought were (1) "outside the scope of discovery permitted under Fed. R. Civ. P. 69"; (2) overly broad in time and scope, unduly burdensome, and not reasonably related to identifying assets currently available to satisfy the judgment"; (3) "seeks privileged and confidential commercial information of a non-party entity and is irrelevant to enforcement of the judgment"; and (4) "none of these requests with the exception of item 1 were properly served. Under Fed. R. Civ. P. 5(b), discovery must be served by delivering a copy to the opposing party or counsel through the court's ECF system, by hand delivery, by mail to my last known address, or by other agreed method. Service outside these procedures is ineffective". *Id.*

## ARGUMENT

16.     Greenlight seeks entry of an order, substantially in the form of **Exhibit 9**, pursuant to Fed. R. Civ. P. 30, 34, 37 & 45, compelling Fishback to produce records responsive to the Document Requests, including the documents requested at the deposition, no later than 10 days from the date of the order.

**I.    The Post-Judgment Discovery Requests Were Properly Issued in Furtherance of Greenlight's Right to Identify Fishback's Current Assets.**

17.     Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that "in aid of the judgment or execution, the judgment creditor . . . may obtain

discovery from any person— including the judgment debtor—as provided in these rules." Fed. R. Civ. P. 69(a)(2). The heart of post-judgment discovery "relates to the existence or transfer of defendants' assets." *Id.*

18.  "The scope of post-judgment discovery is broad; the judgment creditor must be given the freedom to make a broad inquiry to discovery hidden or concealed assets of the judgment debtor." *Fuller v. Carollo*, No. 1:18-cv-24190-RS, 2024 U.S. Dist. LEXIS 147121, at *5-6 (S.D. Fla. Apr. 12, 2024) (quoting *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2013 U.S. Dist. LEXIS 201472, 2013 WL 12239127, at *2 (S.D. Fla. Jan. 22, 2013)). Courts routinely hold that Rule 69(a) "authorizes discovery by a judgment creditor for the purpose of discovering any concealed or fraudulently transferred assets." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977).

19.  Accordingly, a judgment creditor may obtain discovery not only of the debtor's current assets, but also information relating to past financial transactions which could reasonably lead to the discovery of concealed or fraudulently transferred assets. *See Am. Univ. of the Caribeean v. Tien*, No. 04-CV-20834, 2018 U.S. Dist. LEXIS 238275, 2018 WL 1193339, at *1 (S.D. Fla. Feb. 28, 2018) ("[I]n a post-judgment scenario, the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred.")

20. The Document Requests are aimed at discovering both the existence and possible concealment and/or transfer of his assets. Specifically, the requests pertain to Fishback's actual and beneficial ownership, use and control assets since November 1, 2018. Accordingly, even if the Court were to consider Fishback's objections based on the lack of relevance, which it shouldn't as they're untimately, such objections are meritless.

II. **Pursuant to Rule 37(a)(3)(B), Fishback Should be Compelled to Comply with the Duly Issued and Served Post-judgment Discovery Requests.**

21. It is axiomatic that "district courts enjoy extremely broad discretion in controlling discovery." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (*citing Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia*, "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

22. Despite the repeated accommodations afforded to Fishback's requests for extensions, Fishback remains in derogation of his duty to comply with the duly issued and outstanding Discovery Requests. Therefore, pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, Greenlight hereby moves this Court for an order compelling Fishback to comply with his post-judgment discovery obligations.

## III.   The Objections Provided By Fishback Are Untimely.

23.   Fishback failed to raise any objections and, in fact, had expressly agreed at his deposition to produce the requested documents. *See* Ex. 6; Ex. 7. Accordingly, Fishback's untimely objections are waived.

24.   The parties have been in communication for months regarding the Document Requests, yet Fishback did not object to any request until the last day production was due. Fishback attended the deposition on August 29, 2025, and did not object, but agreed, to produce responsive documents. "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30 (c) (2). Additionally, FRCP 34 (b)(2)(A) provides that any objections to requests for production of documents must be provided, in writing, within 30 days after being served. Fed. R. Civ. P. 34 (b) (2) (A). Here, not only did Greenlight serve Fishback by mailing to the Notices to his last known addresses on June 3, 2025, but Greenlight provided on multiple occasions copies of the Notice to Fishback via email. *See* Comp. Ex. 2; Ex. 3.

10

As a result, any objection to the Document Requests are waived. *See Meraki Solar, LLC v. Rosenbalm*, No. 3:21-cv-405-MCR-HTC, 2021 U.S. Dist. LEXIS 212285, at *12 (N.D. Fla. Nov. 3, 2021) (finding that defendants failure to timely object to the requests for production, waives said objections).

WHEREFORE, Greenlight respectfully requests this Court enter Order: (1) substantially in the form of the proposed order attached hereto as **Exhibit 10**; (2) compel Fishback to provide all documents requested at the August 29, 2025, deposition and in the Notice of Deposition within 10 days of the entry of the Order; and 3) awarding any other and further relief that this Court deems just and proper.

## Local Rule 7.1(B) Conferral Certificate

I certify that, prior to filing this Motion, I made a good faith effort to confer with James Fishback, who noted that he is "prepared to raise these issues with the Court if you file a motion to compel."

Dated: October 1, 2025    Respectfully submitted,

        **Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By:    /s/ *Miguel E. Del Rivero*
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via email to James Fishback at james@azoriapartners.com; and via First Class U.S. Mail to James Fishback's last known addresses at 115 SW Pinckney Street, Madison, FL 32340, 2325 42nd Street NW, Apt. 215, Washington, DC 20007, and 4009 Davis Pl. NW, Apt. 202, Washington, DC 20007-1239 on October 1, 2025

        /s/ *Miguel E. Del Rivero*
        Miguel E. Del Rivero