UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

Plaintiff/Judgment Creditor,

v.

JAMES FISHBACK,

Defendant/Judgment Debtor.

Case No.: 4:25-mc-00031

---

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH POST-JUDGMENT DISCOVERY

Defendant, James Fishback, respectfully submits this opposition to Plaintiff's Motion to Compel and requests that the Court deny the motion in its entirety.

---

1. 2024 Tax Return

Defendant's 2024 federal tax return was filed with the IRS on October 15, 2025, and promptly shared with opposing counsel. Plaintiff's request for this document is therefore moot.

---

2. Accounting of Azoria Capital, Inc. (Including SAFE Agreement)

This request improperly seeks internal accounting records and investor agreements belonging to Azoria Capital, Inc., a separate legal entity that is not a party to this case.

FILED USDC FLND TL
OCT 16 '25 PM4:41
BF

Under Fed. R. Civ. P. 69(a)(2), post-judgment discovery must relate to the debtor's own assets or property. It does not authorize a judgment creditor to compel production of confidential records from a non-party corporation. Courts have consistently held that Rule 69 does not permit discovery into third-party assets absent a showing that the debtor holds a personal interest or ownership in those assets.

Further, this request seeks proprietary and competitively sensitive information from a direct competitor of the Plaintiff-Creditor, raising legitimate concerns of misuse of discovery to obtain confidential business data under pretextual grounds unrelated to the enforcement of the judgment.

Additionally, this request was not properly served. Defendant has not received valid service through the Court's CM/ECF system, hand delivery, or mail, as required under Fed. R. Civ. P. 5(b). Service outside these methods is ineffective.

---

3. R.J. O'Brien Account Statements (Nov. 1, 2018–Present)

Defendant does not possess or have access to the requested R.J. O'Brien account statements. Attempts were made to retrieve them directly from R.J. O'Brien, but they are not available. Defendant encourages Plaintiff to subpoena R.J. O'Brien directly if it wishes to obtain these third-party records. Defendant cannot be compelled to produce what he does not possess.

---

4. Confidentiality Agreement Between Azoria Capital, Inc. and Its Investors

This request similarly targets confidential commercial documents of a non-party entity that are irrelevant to identifying or executing on the Defendant's personal assets. The confidentiality agreements in question are subject to strict nondisclosure provisions protecting investor information, trade secrets, and proprietary business arrangements. Disclosure would violate both contractual and common-law confidentiality duties.

As with item 2, this discovery request was not properly served under Rule 5(b) and should be deemed invalid.

---

## 5. Improper Service of Discovery Items 2 and 4

Plaintiff failed to serve items 2 and 4 in compliance with Rule 5(b). Discovery must be delivered through (1) the Court's CM/ECF system, (2) hand delivery, or (3) mailing to the party's last known address. Plaintiff's use of informal methods outside these procedures renders service ineffective and unenforceable.

---

## 6. Scope and Purpose

Rule 69 allows a creditor to inquire into the judgment debtor's assets, not to conduct broad commercial discovery into separate businesses. Azoria Capital, Inc. is an independent corporation and a legally distinct entity. Plaintiff's requests for Azoria's internal accounting and investor agreements far exceed the permissible scope of post-judgment discovery and appear designed to gain competitive intelligence rather than locate assets of the judgment debtor.

Compelling production of such information would impose undue burden, risk commercial harm, and contravene both Rule 26(c)(1)(G) (protection of trade secrets) and Rule 69's limited enforcement purpose.

---

WHEREFORE,

Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel and grant such other and further relief as the Court deems just and proper.


Dated: October 16, 2025

Respectfully submitted,

/s/ James T. Fishback

Pro Se Defendant

115 SW Pinckney Street

Madison, FL 32340

tommyfishback@gmail.com