**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

**vs.**                                                          **Case No. 4:25mc031-MW-MAF**

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor.**

**_____/**

# **O R D E R**

On October 6, 2025, Plaintiff filed a motion to compel compliance with post-judgment discovery. ECF No. 27. Defendant was required to file a response by October 16, 2025. ECF No. 28. On that date, the Defendant submitted an insufficient response, ECF No. 35, which cannot be considered as filed.

The response contains an electronic signature and address for the Defendant in Madison, Florida. ECF No. 35 at 3-4. Defendant is not an attorney and is not permitted to file documents electronically. N.D. Fla. Loc. R. 5.4. Therefore, pursuant to the Local Rules of this Court, all

documents submitted for filing by pro se parties must include the Defendant's handwritten signature. N.D. Fla. Loc. R. 5.1(E). Rule 5.1(E) specifies that a pro se party's "signature block" shall include a "handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." *Id.* Federal Rule of Civil Procedure 11(a) also requires a signature to include "the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). If a pro se party does not properly sign a document, the Court is required to "strike" the document which is considered to be an "unsigned paper." *Id.* Therefore, Defendant Fishback shall have until **October 31, 2025**, to file an amended response in opposition to the motion to compel.

Another deficiency with Defendant's response is that it does not include a certificate of service which shows how and when the document was served on opposing counsel. All documents filed "must include a certificate of service . . . setting out the date and method of service." N.D. Fla. Loc. R. 5.7(F). Defendant must do so when he files the amended response.

Finally, Defendant is required to clarify an assertion made in his response, ECF No. 35. The Defendant has asserted that he was not

properly served with the discovery requests, *id.* at 2-3, but that is a vague and unexplained assertion. It also contradicts Plaintiff's preliminary statement in the motion to compel that the requests were served on the Defendant on June 3, 2025, "via UPS and first-class U.S. Mail to his last known addresses in Madison, Florida and in Washington D.C." ECF No. 27 at 1. Notably, Plaintiff's certificate of service shows the motion to compel was served on the Defendant at three addresses, one of which was 115 SW Pinckney Street, Madison, FL 32340. *Id.* at 13. That is the same address provided by Defendant Fishback in his unsigned response. ECF No. 35 at 3-4. Moreover, if Plaintiff's assertion is true and correct, any objection put forward now, in October 2025, that service was improper, would be untimely. An untimely objection is waived.

      This Order reminds Defendant Fishback that Plaintiff also filed a motion for judgment on the garnishment pleadings. ECF No. 30. Plaintiff has been given until **October 21, 2025**, to file a response to that motion. ECF No. 31. Plaintiff must include a proper signature block and certificate of service in his response.

Accordingly, it is

**ORDERED:**

1. Ruling on the motion for judgment on the garnishment proceedings, ECF No. 30, and motion to compel, ECF No. 27, remain **DEFERRED**.

2. Defendant Fishback has until **October 21, 2025**, to file a response in opposition to the motion for judgment, ECF No. 30.[1]

3. Defendant Fishback has until **October 31, 2025**, to file an amended response, properly signed, in opposition to the motion to compel, ECF No. 27.

4. The Clerk of Court shall return this file upon Defendant's filing of an amended response to the motion, or no later than **October 31, 2025**.

**DONE AND ORDERED** on October 17, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Due to the close proximity of this Order and the Defendant's deadline, it may be necessary for the Defendant to file an amended response to the motion for judgment, ECF No. 30, as well if he does not properly sign the response, include a complete signature block and certificate of service.

Case No. 4:25mc031-MW-MAF