**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

v.                                         Case No. 4:25-MC-031-MW-MAF

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor,**

_____/

# O R D E R

On May 9, 2025, a Clerk's Certification of a Judgment to be Registered in Another District was filed by Plaintiff and Judgment Creditor Greenlight Capital, Inc. ECF No. 1. Final Judgment was entered against Defendant James Fishback and in favor of the Plaintiff on March 31, 2025, in the amount of $215,174.47, plus pre-judgment interest ($13,814.24), for a total of $228,988.71. ECF No. 1; *see also* ECF No. 8.

An ex parte motion for a post-judgment writ of garnishment was granted on August 15, 2025, and issued to Garnishee R.J. O'Brien & Associates, LLC. ECF Nos. 13, 17. On September 19, 2025, Plaintiff filed

a notice, ECF No. 26, advising that the time to file an answer had expired and R.J. O'Brien & Associates, LLC, had failed to answer. Further, Defendant Fishback had received notice as required by FLA. STAT. § 77.055, but had not moved to dissolve the writ of garnishment. *Id.* at 2. Subsequently, a motion for clerk's default was filed, ECF No. 33, and the Clerk of Court entered a default as to R.J. O'Brien & Associates, LLC, on October 15, 2025.

Thereafter, R.J. O'Brien& Associates, LLC, filed an answer, ECF No. 40, on October 30, 2025. The answer acknowledges that it was not timely filed and Garnishee is in default. *Id.* at 1. Nevertheless, Garnishee "confirms that it has identified and set aside funds subject to the Writ and requests" the answer be accepted and the Court "determine the proper disposition of the garnished funds." *Id.* Specifically, Garnishee identified $400.87 from an account located in Washington, D.C. *Id.* at 1-2.

Later that same Defendant, Plaintiff filed a notice, ECF No. 41, which advised that Defendant Fishback was given notice of the Garnishee's filing of the answer. Further Defendant was advised of the 20-day deadline to move to dissolve the writ if there was a basis to do so. ECF No. 41 at 2.

This Order also provides notice that Defendant Fishback has "20 days after the date indicated on the certificate of service in the notice" to file a motion to dissolve the writ of garnishment, ECF No. 17, if any allegation in the Plaintiff's motion for writ of garnishment, ECF No. 13, is untrue. FLA. STAT. § 77.055. Because the certificate of service is dated October 30th, Defendant Fishback has until **November 19, 2025**, to move to dissolve the writ.

Also pending is Plaintiff's motion to compel compliance with post-judgment discovery, ECF No. 27, filed on October 6, 2025. Defendant was advised of his obligation to respond to the motion. ECF No. 28. Defendant's response, ECF No. 35, was deemed to be a legal nullity because Defendant did not properly sign the response as required by Local Rule 5.1 and 5.4. Therefore, pursuant to Federal Rule of Civil Procedure 11(a), Defendant Fishback was given until October 31, 2025, to file an amended response in opposition to the motion to compel. ECF No. 36. As of this date, Defendant has not responded.

Plaintiff's motion to compel advised that Defendant was served with document requests on June 3, 2025. ECF No. 27 at 1. Defendant was required to bring the documents to his scheduled deposition, and even

though Defendant was provided with several extensions of time, Defendant failed to comply. *Id.* at 2. Defendant has not properly responded to the motion to compel which is a permissible basis to grant the motion. N.D. Fla. Loc. R. 7.1(H). Even so, the Court finds the motion is meritorious and, thus, it is granted. Defendant Fishback is required to produce the requested documents[1] and provide them to Plaintiff no later than **November 20, 2025**.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion to compel, ECF No. 27, is **GRANTED**.

2. Defendant Fishback must produce all documents outstanding and responsive to the June 2025 request for production as well as the documents requests during the August 29, 2025, deposition, and provide them to Plaintiff's counsel no later than **November 20, 2025**. Defendant must simultaneously file a notice with this Court which confirms his compliance with this Order.

---

[1] Defendant must produce the initially requested documents from June 2025 as well as the 6 requests made during Defendant's August 2025 deposition. *See* ECF No. 27 at 5-6.

3.  Defendant Fishback has until **November 19, 2025**, to move to dissolve the writ of garnishment, ECF No. 17, as to R.J. O'Brien & Associates, LLC, if there is a basis to do so.

4.  The Clerk of Court shall return this file upon Defendant Fishback's filing of a notice of compliance, the filing of a motion to dissolve the writ, or no later than November 25, 2025.

**DONE AND ORDERED** on November 5, 2025.

> S/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**