# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

v.                                             Case No. 4:25-MC-031-MW-MAF

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor,**

_____/

## O R D E R

Before the Court is Plaintiff's emergency ex parte motion for leave to file the motion and supporting exhibits under seal. ECF No. 48. The motion seeks to "temporarily seal the docket" to protect - on an anticipatory basis - confidential information. *Id.* at 1. Plaintiff advises that the Defendant indicated his intention to "file a notice that discloses information that is covered by a confidentiality agreement with Greenlight that contains strict confidentiality provisions precluding its disclosure (the 'Confidential Information')." *Id.* According to Plaintiff, Defendant said he believed the "disclosure is required" by this Court's prior Order, ECF No. 43, which

granted Plaintiff's motion to compel, ECF No. 27. *Id.* at 2. Despite counsel for Plaintiff's advice on the matter, Defendant has not confirmed or otherwise provided assurances that the information will not be filed. *Id.* Thus, Plaintiff seeks entry of an Order temporarily sealing the entire docket to protect Plaintiff's confidential information. *Id.* at 2-3.

The Supreme Court and United States Court of Appeals for the Eleventh Circuit have recognized time and again, this is a public court system. Sealing is disfavored. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This is true for specific documents and even more clearly so for an entire file. While Plaintiff has alleged facts that raise cause for concern, this matter can be handled without sealing the entire file. *See, e.g.*, Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents"); Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1361 (11th Cir. 2021) (reaffirming the Eleventh Circuit's "resolute" enforcement of the presumption of public access to judicial records and listing factors a court

might weigh in determining whether there is good cause to seal); Chicago Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (explaining that while the right of public access to individual judicial records can be outweighed by a showing of good cause, the decision to seal an entire case requires heightened scrutiny); *see also* FTC v. AbbVie Products LLC, 713 F.3d 54, 64 (11th Cir. 2013) (holding that a complaint is a judicial record subject to the right of access).  "Judicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice."  Callahan, 17 F.4th at 1358-59.

To be clear, this Court granted Plaintiff's motion to compel compliance with post-judgment discovery, ECF No. 27, with an Order entered on November 5, 2025.  ECF No. 43.  Defendant has been ordered to respond to Plaintiff's June 3, 2025, document request[1] "and provide them to Plaintiff no later than **November 20, 2025**."  *Id.*  Defendant was specifically directed "to simultaneously file a notice with this Court which confirms his compliance with this Order."  *Id.*  No discovery documents are

---

[1] Defendant must produce the initially requested documents from June 2025 as well as the 6 requests made during Defendant's August 2025 deposition.  *See* ECF No. 27 at 5-6.

Case No. 4:25-MC-031-MW-MAF

to be filed in this case.  *See* N.D. Fla. Loc. R. 26.1(A).  Should Defendant attempt to file more than a notice of compliance, the Clerk of Court shall reject the submission in accordance with Local Rule 26.1.  In light thereof, the motion to seal the docket on a temporary basis, ECF No. 48, is denied.

In issuing this Order, Federal Rule of Civil Procedure 11(b) is highlighted for the benefit of the parties.  That Rule provides that when a party presents "a pleading, written motion, or other paper" to the Court for filing, the party is certifying to the Court that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  A party who violates Rule 11 may be sanctioned.  Fed. R. Civ. P. 11(c).

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for leave to seal the docket, ECF No. 48, is **DENIED**.

2.  The Clerk of Court must reject any submission from Defendant Fishback that does anything more than confirms his compliance with the prior Order, ECF No. 43.  Should there be **<u>any question</u>** as to whether Defendant Fishback's response is improperly attempting to submit discovery in violation of Local Rule 26.1, the Clerk of Court shall

immediately refer the submission to the Court for review **before filing** it on the docket.

3. As a reminder, Defendant Fishback is required to "produce all documents outstanding and responsive to the June 2025 request for production as well as the documents requests during the August 29, 2025, deposition, **and provide them to Plaintiff's counsel** no later than **November 20, 2025**." *See* ECF No. 43. Defendant must simultaneously file a notice which confirms his compliance with this Order, but **Defendant must not** disclose confidential information or file discovery materials.

4. The Clerk of Court shall return this file upon Defendant Fishback's filing of a notice of compliance, the filing of a motion to dissolve the writ, or no later than November 25, 2025.

**DONE AND ORDERED** on November 20, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**