UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,        Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

    Defendant/Judgment Debtor.

_____/

**MOTION TO COMPEL ISSUANCE OR TURNOVER OF STOCK/ MEMBERSHIP INTEREST IN CORPORATION TO UNITED STATES MARSHAL SERVICE FOR FURTHER DISPOSITION INCLUDING SALE FOR THE BENEFIT OF THE JUDGMENT CREDITOR**

    Plaintiff/Judgment Creditor, Greenlight Capital, Inc. ("Greenlight"), pursuant to Rule 69 of the Federal Rules of Civil Procedure and Florida Statutes §§ 56.061 and 678.1121, respectfully requests entry of an Order compelling and directing Defendant/Judgment Debtor, James Fishback ("Fishback"), to turn over to the United States Marshal Service ("USMS"), his share certificates in Azoria Capital, Inc., a Delaware corporation (which Fishback holds over a 75% shareholder interest) for a sale for the benefit of Greenlight. In support hereof, Greenlight states as follows:

I.  **Summary of this Enforcement Proceeding**

1. On March 31, 2025, Greenlight obtained a final judgment (the "Judgment") against Fishback in the U.S. District Court for the Southern District of New York. *See* ECF No. 4-1.

2. The Final Judgment referred to in Paragraph 1 above is not the subject of an appeal or of a motion for reconsideration which would stay the judgment.

3. On May 9, 2025, the Judgment was registered in this Court pursuant to 28 U.S.C. § 1963. Accordingly, as of May 9, 2025, the Judgment has the same effect as a judgment of the District Court for the Northern District of Florida and is enforceable in Florida. *See* ECF No. 1 (Registration of Judgment).

4. A certified copy of the Judgment was recorded on June 2, 2025, in the office of the clerk of the circuit court of Madison County. *See* ECF No. 4-2. The Judgment was also registered with the state of Florida and a judgment lien certificate was issued on May 19, 2025. *See* ECF No. 4-3.

5. On June 3, 2025, the Clerk of Court issued a Writ of Execution (the "Writ of Execution"). ECF No. 6.

6. The execution is valid and outstanding.

II.  **Fishback Holds an Interest in Azoria Capital, Inc.**

7. Fishback is the founder and chief executive officer of Azoria Capital, Inc., a Delaware corporation that conducts business in Washington D.C. *See*

2

attached as Exhibit A at p. 19, the Form ADV filed by Azoria Capital, Inc. with the Securities and Exchange Commission (the "SEC Form").

8. The SEC Form indicates that Fishback is the founder and Chief Executive Officer of Azoria Capital, Inc. and that he owns "75% or more" of the company. *See Id.*

9. To date, the Judgment, plus post-judgment interest, remains unsatisfied and due and owing from Fishback.

## ARGUMENT

### I. Turnover of Corporate Stock

10. Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution [for a money judgment] . . . must accord with the procedures of the state where the court is located, but a federal statute governs to the extent it applies." Under Florida Statutes Section 56.061, "stock in corporations, shall be subject to levy and sale under execution." Fla. Stat. § 56.061. Furthermore, Section 678.1121(5) of the Florida Statutes specifies that:

> A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process.

Fla. Stat. § 678.1121.

11. Accordingly, under Florida law, Greenlight is entitled to aid from the Court to assist its efforts to execute upon the Judgment through Fishback's stock in Azoria Capital, Inc. *See Louden Broadway Props., LLC v. Swig*, No. 22-81448-CV, 2025 U.S. Dist. LEXIS 49561, at *5 (S.D. Fla. Mar. 12, 2025) (ordering a Delaware corporation to reissue stock certificates in the debtor's name and further ordering the certificates be turned over to the U.S. Marshals Service for levy and sale with proceeds of the sale to be applied towards the satisfaction of the judgment); *Schanck v. Gayhart*, 245 So. 3d 970, 975 (Fla. 1st DCA 2018) (affirming the trial court's order that a husband reissue and turn over stock and membership certificates, later discovered to be located in Canada, to his ex-wife's estate, based on the court's personal jurisdiction over the husband). Greenlight respectfully requests that the Court compel Fishback to turn over to the USMS his share certificates in Azoria Capital, Inc., for further disposition by the USMS, including a sale for the benefit of Judgment Creditor.

## II. **Alternatively, Reissuance of Corporate Stock**

12. In the event that Fishback does not have the shares in his possession or otherwise is unable or unwilling to turn over his share certificates to the USMS or, if the share certificates were never issued, Greenlight requests that the Court enter an order compelling Azoria Capital, Inc. to reissue stock certificates and deliver the reissued certificates to the USMS.

13. This relief has been frequently granted by courts in the Eleventh Circuit. *See, e.g.*, *Kopcsak v. Dale Reg.*, No. 3:17CV212-TKW-HTC, 2021 U.S. Dist. LEXIS 213825, 2021 WL 5046688, at *2 (N.D. Fla. Apr. 5, 2021) (ordering a corporation to reissue stock certificates and deliver the reissued stock certificates to the U.S. Marshals Service); *Angarita v. Hypertoyz, Inc.*, No. 23-CV-20695, 2024 WL 5371896, at *1 (S.D. Fla. Sept. 19, 2024) (ordering judgment debtor to obtain and/or issue stock/membership certificates for a company owned by judgment debtor and turn them over to the U.S. Marshals for levy and sale).

## CONCLUSION

**WHEREFORE**, Plaintiff/Judgment Creditor, Greenlight Capital, Inc., requests this Honorable Court enter an Order, substantially in the form as the proposed order attached hereto as Exhibit B: (1) compelling and directing Fishback to turn over to the USMS his share certificates in Azoria Capital, Inc., for further disposition by the USMS including a sale for the benefit of Judgment Creditor; (2) to the extent that Fishback, does not turn over the share certificate(s) or the share certificate(s) has/have never been issued by Azoria Capital, Inc. to James Fishback, to order the issuance or, as applicable, the re-issuance of the shares in the name of James Fishback and the turnover of such share certificate(s) to the USMS; and (3) such other and further relief that this Court deems just and proper.

Dated: November 25, 2025  Respectfully submitted,

                                                   Counsel for Plaintiff/Judgment Creditor
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By:  */s/ Juan J. Mendoza*
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

## CERTIFICATE OF NON-CONFERRAL
## PURSUANT TO LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(d), "[a]n attorney conference and certificate are not required for a motion that would determine the outcome of a case or a claim." Here the outcome of this Motion concerns the claim to personal property of Fishback for partial satisfaction of the Judgment.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via Electronic Mail to Judgment Debtor, James Fishback, tommyfishback@gmail.com; and via First Class U.S. Mail to Judgment Debtor, James Fishback, 115 SW Pinckney Street, Madison, FL 32340 on November 25, 2025.

*/s/ Juan J. Mendoza*
Juan J. Mendoza

SEQUOR LAW, P.A.