UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,           Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

    Defendant/Judgment Debtor.
_____/

## MOTION TO COMPEL TURNOVER OF LUXURY PERSONAL PROPERTY

Plaintiff/Judgment Creditor, Greenlight Capital, Inc. ("Greenlight"), pursuant to Rule 69 of the Federal Rules of Civil Procedure and Florida Statutes §§ 56.29 and 56.061, respectfully requests entry of an Order compelling and directing Defendant/Judgment Debtor, James Fishback ("Fishback"), to turn over all non-exempt personal property, including recently purchased luxury items, to the United States Marshals Service ("USMS"). In support hereof, Greenlight states as follows:

**I.    Summary of this Enforcement Proceeding**

1.    On March 31, 2025, Greenlight obtained a final judgment (the "Judgment") against Fishback in the U.S. District Court for the Southern District of New York. *See* ECF No. 4-1.

2. The Final Judgment referred to in Paragraph 1 above is not the subject of an appeal or of a motion for reconsideration which would stay the judgment.

3. On May 9, 2025, the Judgment was registered in this Court pursuant to 28 U.S.C. § 1963. Accordingly, as of May 9, 2025, the Judgment has the same effect as a judgment of the District Court for the Northern District of Florida and is enforceable in Florida. *See* ECF No. 1 (Registration of Judgment).

4. A certified copy of the Judgment was recorded on June 2, 2025, in the office of the clerk of the circuit court of Madison County. *See* ECF No. 4-2. The Judgment was also registered with the state of Florida and a judgment lien certificate was issued on May 19, 2025. *See* ECF No. 4-3.

5. On June 3, 2025, the Clerk of Court issued a Writ of Execution (the "Writ of Execution"). ECF No. 6.

6. The execution is valid and outstanding.

## II. Fishback's Personal Property

7. Fishback has failed to make any payments on the outstanding balance of the judgment. When questioned at his deposition on August 29, 2025 of why he has not made any payments, he stated that: "I have not paid this judgment, because I don't have the means to pay this judgment." Comp. Exh. A. at p. 2. Since the entry of the Judgment, however, Fishback has been purchasing luxury items through his debit card, thumbing his nose at the Judgment while accumulating

valuable physical assets. In response to discovery, Fishback disclosed that he only held two bank accounts: one at J.P. Morgan Chase Bank SEP-IRA account, and a checking and credit card account at Bank of America ending in 0313 and 5409, respectively, which he claimed not to have access to. Composite Exhibit A, pp. 5-6. When asked if he owned any other bank account during the period of November 1, 2018, to present, Fishback stated "[n]ot to my knowledge." *Id.* at p. 6. This was untrue.

8. In October 2025, in response to a subpoena in aid of execution, Greenlight received records from J.P. Morgan Chase regarding an undisclosed personal checking account owned by Fishback, which includes the J.P. Morgan Chase checking account ending in 1864 ("Chase 1864"). Despite his contention at the deposition, Fishback currently possesses another bank account that has been active during the relevant period of November 1, 2018 to present.

9. Since the Judgment was entered on March 31, 2025 in the U.S. District Court for the Southern District of New York, and since the registration of the Judgment in this Court, Fishback has continued to live extravagantly and has failed to make any payments to satisfy the judgment.

10. Specifically, as listed in Exhibit B, Fishback has made several purchases of luxury items from Ebay, Nordstrom, Bucherer, Glore Jewelry Inc., Brunello Cucinelli, Burberry, Tom Ford, Louis Vuitton, Tumi, Patagonia, Banana

Republic, Amazon Marketplace, Ralph Lauren, and Macys exceeding $37,000.00 from March 14, 2024 through July 18, 2025. The majority of the luxury purchases—totaling approximately $26,000—were made after March 31, 2025, following entry of the Judgment.

11. Notably, Fishback made a $7,473.00 purchase at Bucherer, a Swiss luxury watch retailer, in Arlington, Virgina on June 24, 2025. *See* Ex. B at p. 26. Bucherer sells a variety of Swiss luxury watch brands, one brand being Cartier.

12. At his deposition on August 28, 2025, Fishback wore a Cartier watch. *See* Comp. Ex. A pp. 3-4. When asked whether he owned the Cartier watch, Fishback testified under oath that he does not own any jewelry. *See id.* at 3. When confronted about the fact that he was indeed wearing jewelry, specifically the Cartier watch, he stated that it belongs to his friend. *Id.*

13. Upon information and belief, the Cartier watch that Fishback wore to his deposition was purchased at Bucherer on June 24, 2025, through his personal Chase 1864 account. *See* Ex B. at p. 26.

14. Additionally, on March 15, 2024, Fishback made a purchase in the amount of $3,296.00 from Glore Jewelry Inc.[1] in Miami, FL. *See id.* at p. 2.

15. To date, the Judgment, plus post-judgment interest, remains unsatisfied and due and owing from Fishback.

---

[1] Glore Jewelry Inc. is a luxury watch and jewelry retailer located in Miami, Florida.

## ARGUMENT

I. **Turnover of Personal Items**

16. Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution [for a money judgment] . . . must accord with the procedures of the state where the court is located, but a federal statute governs to the extent it applies."

17. Florida law enables judgment creditors to seek a court order requiring judgment debtors to turn over their assets to satisfy outstanding judgments. *See* Fla. Stat. § 56.29(6)(a); *Banco Intercontinental, S.A. v. Renta*, No. 04-20727-Civ-Martinez/B, 2007 U.S. Dist. LEXIS 110138, at *15 (S.D. Fla. Mar. 23, 2007) (ordering judgment debtor to turnover to the judgment creditor luxury items for partial satisfaction of final judgment); *Craft v. Craft*, 757 So. 2d 571 (Fla. 4th DCA 2000) (affirming order requiring judgment debtor to turn over assets to be used for satisfaction of judgment, including rights in pending lawsuit and accounts receivable); *Bonizo Properties N.V. v. Schroeder*, 528 So. 2d 1304 (Fla. 4th DCA 1988).

18. Section 56.29(6)(a) of the Florida Statutes provides:

> The court may order any property of the judgment debtor not exempt from execution or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt.

Fla. Stat. § 56.29(6)(a)

19. Additionally, under Florida Statutes Section 56.061, "goods and chattels, shall be subject to levy and sale under execution." Fla. Stat. § 56.061.

20. Accordingly, Florida law empowers this Court to issue an order requiring Fishback to turn over Fishback's Personal Property to Greenlight in order that such property be applied towards satisfaction of the Judgment.

21. As Florida's homestead personal property exemption covers up to $1,000 of personal property, *see* Art. X, § 4(a)(2), of the Florida Constitution, all but $1,000 of Fishback's personal property at issue here is not exempt from execution.

22. The turnover should include all of the items purchased by Fishback from the following retailers, as reflected in Chase 1864 statements attached hereto as Exhibit B: (1) Ebay, (2) Nordstrom, (3) Bucherer, (4) Glore Jewelry Inc., (5) Brunello Cucinelli, (6) Burberry, (7) Tom Ford, (8) Louis Vuitton, (9) Tumi, (10) Patagonia, (11) Banana Republic, (12) Amazon Marketplace, (13) Ralph Lauren, and (14) Macys.

23. Based on a review of the Chase 1864 statements, it is evident that Fishback has been purchasing items to continue his extravagant lifestyle. In addition to the thousands of dollars that Fishback spent on travel, resorts and fine dining reflected in the Chase 1864 statements, he purchased items such as luxury

apparel and accessories. *See* Ex. B. These expenditures are all the more outrageous, particularly in light of Fishback's contention that he does not "have the means to pay this judgment." *See* Comp. Exh. A at p. 2.

## CONCLUSION

**WHEREFORE**, Plaintiff/Judgment Creditor, Greenlight Capital, Inc., requests this Honorable Court enter an Order, substantially in the form as the proposed order attached hereto as Exhibit C: **(1)** Fishback turn over his recently purchased personal items to the USMS for retrieval by counsel for Greenlight in order to provide partial satisfaction of the Judgment; **(2)** as well as such further relief that this Court deems just and proper.

Dated: November 25, 2025   Respectfully submitted,

**Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By:   /s/ *Juan J. Mendoza*
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

**ATTORNEY CONFERENCE AND CERTIFICATE NOT REQUIRED**

Pursuant to Local Rule 7.1(d), "[a]n attorney conference and certificate are not required for a motion that would determine the outcome of a case or a claim." Here the outcome of this Motion concerns the claim to personal property of Fishback for partial satisfaction of the Judgment.

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via Electronic Mail to Judgment Debtor, James Fishback tommyfishback@gmail.com; and via First Class U.S. Mail to Judgment Debtor, James Fishback, 115 SW Pinckney Street, Madison, FL 32340 on November 25, 2025.

*/s/ Juan J. Mendoza*
Juan J. Mendoza