UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,           Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

    Defendant/Judgment Debtor.

_____/

**PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS**

Plaintiff/Judgment Creditor Greenlight Capital, Inc. ("Greenlight"), files this motion (the "Motion") seeking entry of an order, substantially in the form attached as **Exhibit "A"**, to hold Defendant/Judgment Debtor James Fishback ("Fishback") in contempt and for additional sanctions due to his failure to comply with the Court's discovery order. In support, Greenlight states as follows:

**I.    RELEVANT FACTS**

    A.    **Fishback Failed to Comply with the Discovery Order**

1.    On June 3, 2025, Greenlight served discovery upon Fishback that contained fifty-five (55) document requests (the "Document Requests") and a deposition date. [ECF No. 27 p. 2]. After multiple extensions and accommodations provided by Greenlight, Fishback made a very limited production on August 26, 2025. [ECF No. 27 p. 5]. The initial production was woefully deficient as out of

1

the fifty-five Document Requests, Fishback only responded to one request and produced his tax returns from 2018 through 2023. [*Id.*] Given his failure to comply, Greenlight was forced to file a Motion to Compel to compel Fishback's compliance with the Document Requests. [*See* ECF No. 27]. Rather than complying and producing the requested documents—several of which he originally agreed to provide—Fishback filed a series of untimely and meritless objections [ECF No. 35], which this Court flagged as insufficient and required Fishback to file an amended response by October 31, 2025 [ECF No. 36 pp. 1-2]. Fishback never filed a response.

2.  Accordingly, on November 5, 2025, this Court entered the order (the "<u>Discovery Order</u>") directing Fishback to produce all outstanding post-judgment discovery documents to Greenlight's counsel no later than November 20, 2025. [ECF No. 43 p. 4]. The Discovery Order also directed Fishback to "simultaneously file a notice" confirming his compliance with the Court's Discovery Order. *Id.*

3.  The outstanding documents required under the Discovery Order include those identified in the Document Requests and all of the material Fishback agreed to produce during his August 29, 2025 deposition, which included: (1) his 2024 tax returns[1]; (2) records of any 2025 payments from Azoria Capital, Inc.; (3) all R.J. O'Brien account statements and the account statement reflecting a zero

---

[1] Prior to the entry of the Court's Discovery Order, on October 17, 2025, Fishback provided via email a copy of his 2024 tax return.

balance; (4) all documents relating to loans made or received; and (5) the confidentiality agreement with Azoria Capital, Inc. investors (the "<u>Outstanding Documents</u>"). [*See* ECF No. 27 at pp. 5–6; ECF No. 43 at p. 4].

4. Before the deadline to produce documents required under the Discovery Order, Fishback produced a PDF document that he alleged constituted the accounting of payments he received from Azoria Capital, Inc. (the "<u>Purported Accounting</u>"). The Purported Accounting was a PDF that purports to show the distributions that Fishback received from Azoria Capital, Inc. in 2025. This document was not authenticated or otherwise appeared to originate from any legitimate source. [*See* ECF No. 53]. Not only was the Purported Accounting deficient, but Fishback also failed to produce any additional documents.

5. In sum, more than 31 days have passed since the November 20, 2025, deadline for Fishback to comply with the Court's Discovery Order and he continues to scoff at his obligations under the Discovery Order. Fishback has also failed to file a notice of production on the docket. [*See* ECF No. 43].

**B.      Fishback's Excuse that he Cannot Produce Any Records Because he Does not Have Them is Incredible**

6. Prior to the filing of this instant Motion, counsel for Greenlight conferred with Fishback concerning his failure to provide the Outstanding Documents. Fishback, simply responded "how am I supposed to produce something that I don't have?", suggesting he does not have any responsive

3

documents to produce. Attached hereto as **Exhibit "B"** is the Email Correspondence with Fishback.

    7.    This is a ludicrous response. It is unfathomable that Fishback does not have possession, custody or control of any of the documents requested in the Outstanding Documents. For instance, Fishback claims he cannot produce documents relating to the following:

    a. All documents relating to any businesses, partnerships, corporations, or LLCs in which Fishback holds or held an interest, including financial statements, tax returns, governing documents, and ownership records.

    b. All records relating to contracts, agreements, business interests, joint ventures, transfers of assets or funds, and the ownership, use, or location of any property or equipment.

    c. All documents evidencing real or personal property and other tangible or intangible assets, including vehicles, jewelry (including wristwatches), precious metals or stones, and any similar assets.

    d. All records of financial accounts of any kind, including bank, savings, credit union, brokerage, investment, retirement, pension, annuity, insurance, or trust accounts.

    e. All documents concerning securities, stocks, bonds, mutual funds, commodities, negotiable instruments, loans, promissory notes, mortgages, accounts receivable, or monies owed to Fishback.

    f. Any other records reflecting assets, liabilities, financial condition, income, or business activities.

[*See* ECF No. 27-1; 27-4; 27-5].

8. Fishback is a CEO and shareholder of multiple entities. By way of example, Fishback is the CEO and majority shareholder of Azoria Capital, Inc. [*see* ECF No. 50-1 p. 19], and, according to his deposition testimony on August 29, 2025, he is the sole shareholder of Azoria Partners, LLC. Despite holding these executive and ownership roles, Fishback has represented that he possesses no documents relating to these entities.[2]

9. Fishback owns real property in Madison, Florida and in Washington D.C.

10. Fishback previously owned a Tesla Model Y [*see* ECF 23-25], and upon information and belief pays for a Tesla Model 3 that he uses daily [*see* ECF No. 42].

11. Fishback has bank accounts with Bank of America [ECF No. 11] and JPMorgan Chase [ECF No. 46]. Fishback also has an investment account with R.J. O'Brien. [ECF No. 40].

12. Fishback also owns a luxury Cartier watch, which he wears to this day. *See* attached hereto as **Exhibit "C"** a post on X.com (formerly Twitter) where

---

[2] This Court issued a charging order to Azoria Partners, LLC on August 21, 2025, and required that Azoria Partners, LLC file a response on the docket. [ECF No. 19]. Azoria Partners, LLC, a company for which Fishback is listed as both the registered agent and manager per its filings with the Florida Department of State website (sunbiz.org), has failed to respond to a lawful Court order requiring that Azoria Partners, LLC file with this Court a sworn statement reporting any distributions made directly to Fishback, or for his benefit, at any time after issuance of the order. *Id.*

5

Fishback is clearly wearing this luxury item that he purchased on June 24, 2025 [*see* ECF No. 51-2 p. 26].

13. It is simply incredible that Fishback is unable to produce records that are responsive to the Outstandings Documents.

C. **Fishback has Made Clear his Intention to Avoid Paying the Judgment**

14. Fishback has made it clear that he has no intention to comply with the Court's orders or make any payments towards the satisfaction of the judgment. For instance, in a post on X.com Fishback stated publicly that he will not pay the judgment. *See* attached hereto as **Exhibit "D"**.

15. Fishback has also stated publicly in interviews his refusal to pay the current judgment. *See* Dennis Michael Lynch, *Interview: Florida Governor Candidate James Fishback*, (Dec. 3, 2025) (https://youtu.be/IuEJtEV95NM?si=N9SsIhADJ3di6AHI). Fishback explicitly stated, "I'm telling you, right here, right now, on the record, I'm not going to pay a quarter million dollars in my billionaire ex-bosses legal fees." Later in the interview, when the interviewer suggested that Fishback might be trying to avoid paying the judgment because Fishback does not agree that he should pay, Fishback agreed, confirming that he did indeed view the judgment differently, even going so far as to say he didn't consider it a debt. *Id.* What he considers a debt that should be paid is "a credit card debt" or a "student loan" and certainly not this judgment that has been rendered against him. *See id.*

This demonstrates Fishback's intent to disregard the judgment—the ultimate order of any court—and to continue to ignore the orders of this Court calculated to aid or facilitate the payment of this judgment. This was not a mistake or an oversight by Fishback.

16. To be clear, the judgment that was registered with this Court concerns an unpaid debt by Fishback. *Greenlight Cap., Inc. v. Fishback*, No. 1:24-CV-02299-LTS, 2025 U.S. Dist. LEXIS 61604, at *9 (S.D.N.Y. Mar. 31, 2025) ("[Greenlight] has shown that [Fishback] breached the terms of the First Note by failing to pay the outstanding balance by the 'Maturity Date' (February 1, 2024) and by failing to cure that breach within 5 days. This breach constituted a 'Default,' which entitles [Greenlight] to the remaining principal and accrued interest on the First Note."). Despite this, Fishback continues to thumb his nose at the judgment, disregards requests for production of documents in aid of execution of the judgment, and ignores orders of this Court.

## II.     RELIEF REQUESTED

17. Fishback disregards his obligation to produce the Outstanding Documents and has also defied this Court's authority by failing to produce a single document (other than the Purported Accounting) in response to the Discovery Order. Accordingly, Greenlight requests entry of an Order by this Court **(1)** holding Fishback in contempt for his failure to comply with the Court's valid Discovery

7

Order; and **(2)** imposing sanctions, including reasonable expenses and attorney's fees incurred by Greenlight in bringing this Motion.

### III. BASIS FOR RELIEF

18. Sanctions in the form of attorney's fees and civil contempt are available under Rule 37 of the Federal Rules of Civil Procedure and this Court's inherent authority. *See* Fed. R. Civ. P. 37(b); *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1316 (11th Cir. 2016) (citing *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 967 n.18 (11th Cir. 2012)); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980).

#### A. Rule 37 Sanction

19. A party that fails to adhere to Rule 34 discovery can be sanctioned under Rule 37. *See* Fed R. Civ. P. 37. Specifically, Rule 37(b) authorizes courts to hold a party in contempt for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(vii). "[T]he imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court and will not be overturned absent abuse of that discretion." *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 763 (11th Cir. 2024) (quoting *Props. Int'l, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983); *see Thornton v. Hosp. Mgmt. Assocs.*, 787 Fed. Appx. 634, 658 (11th Cir. 2019) ("If a party then disobeys the court's [discovery] order, more severe sanctions are available"); *Functional Prods. Trading v. JITC,*

8

*LLC*, 2013 U.S. Dist. LEXIS 118757, *5 (N.D. Ga. June 7, 2013) ("Rule 37 'gives broad discretion to fashion appropriate sanctions for violation of discovery orders").

20. Prior to imposing a dispositive sanction under Rule 37, the Court "must find a willful or bad faith failure to comply with its discovery orders. But a court does not need to impose lesser sanctions if those sanctions would be ineffective." *Thornton*, 787 Fed. Appx. at 638 (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)); *Tarino*, 2015 U.S. Dist. LEXIS 82032, at *4. The violation of a discovery order is considered to be "willful if it is demonstrated that the party consciously or intentionally fails to comply with the terms of the order." *Arbor Int'l Foods, LLC v. Reco Sales Corp.*, 2006 U.S. Dist. LEXIS 40048, *7 (N.D. Ga. June 16, 2006); *see Tarino*, 2015 U.S. Dist. LEXIS 82032, at *5 (same).

21. In addition to the entry of civil contempt provided above, "the court ***must*** order the ***disobedient party***, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *Siegmund v. Bian*, 2019 U.S. Dist. LEXIS 19349, *8 (S.D. Fla. Feb. 6, 2009).

## B. Civil Contempt Under the Court's Inherent Power

22. District courts also have the inherent power to enforce compliance with their orders through civil contempt. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). The clear and convincing evidence standard requires that the moving party demonstrate the following: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation omitted).

23. After a prima facie showing of noncompliance is made, the alleged contemnor has the burden of proving that compliance was not possible or that noncompliance was otherwise justified. *See Commodity Futures Trading Comm'n*, 950 F.2d at 1529; *Citronelle—Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991); *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990).

## IV. ARGUMENT

24. Under the Federal Rules of Civil Procedure, Fishback must produce documents responsive to the Document Requests that are in his ***possession,***

***custody, or control***; "control" includes any documents that he has the legal right to or the practical ability to obtain upon demand. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); *SeaRock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984); *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470 (S.D. Fla. 2011) (holding that "[D]ocuments have been considered to be under a party's control (for discovery purposes) when that party has the 'right, authority, or practical ability to obtain the materials sought on demand'."); *accord Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir. 2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents."). Despite this, Fishback refuses to abide by the Discovery Order.

25. As a result, civil contempt and sanctions against Fishback is warranted under Rule 37 and the Court's inherent powers.

26. The Court's Discovery Order is valid, lawful, clear and unambiguous, and there is nothing to suggest that the Discovery Order lacks any legitimacy. Further, given that Fishback has had various opportunities to comply and his latest excuse for non-compliance is not believable, Fishback's violation of the Discovery Order is willful.

27. Specifically, on November 6, 2025 counsel for Greenlight advised Fishback that the entry of the Discovery Order required the production of the remaining documents from the August 29, 2025 deposition and the Outstanding Documents by November 20, 2025. Fishback only provided the Purported Accounting and argued that he could not access his R.J. O'Brien account. Fishback made no mention of the other Document Requests or the Outstanding Documents. In the latest exchange days before the filing of this Motion, Fishback said he had no records to produce. At bottom, Fishback has simply ignored his obligations under the Discovery Order.

28. Accordingly, a civil contempt sanction in the form of a $200.00 daily fine for every day that Fishback fails to comply with the Court's Discovery Order is appropriate here, with the amount being paid weekly to the registry of the Court until Fishback complies. *See All Am. Farms, Inc. v. Lanes Consulting Firm, LLC*, No. 14-80730-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS 159147, at *3 (S.D. Fla. Nov. 12, 2014) (finding defendants in civil contempt and imposing a fine of $500.00 per day, starting on the date of the order, until defendants fully comply with the Court order); *Carnival Corp. v. McCall*, No. 18-24588-CIV, 2020 U.S. Dist. LEXIS 155123, at *34 (S.D. Fla. Aug. 25, 2020) (report and recommendation adopted) (finding defendant in civil contempt and imposing a $200.00 daily fine in the event that defendant continues to disobey the court's orders).

29. The discovery violations prejudices Greenlight as Fishback has rebuffed all efforts by Greenlight to obtain complete production of documents from him. Fishback has not only ignored his obligation to produce documents responsive to the Document Requests but now ignores the Discovery Order in his efforts to avoid production of the Outstanding Documents.

30. Fishback's failure to comply with the Discovery Order has also caused significant delay in Greenlight's post-judgment discovery and unnecessary motion practice, requiring Greenlight to incur attorney's fees in the preparation, filing and prosecution of the Motion to Compel, this Motion, as well as the legal fees and costs associated with conducting the deposition of Fishback on August 29, 2025, without the benefit of all the relevant documents. Accordingly, Greenlight requests entry of an Order sanctioning Fishback and requiring him to pay Greenlight's attorneys' fees and costs in connection with the preparation and filing of this Motion.

## **CONCLUSION**

**WHEREFORE**, Plaintiff/Judgment Creditor, Greenlight Capital, Inc., requests this Honorable Court enter an Order, substantially in the form as attached Exhibit A: (1) holding Fishback in contempt for failure to obey the Discovery Order; (2) imposing a $200.00 per day fine until such time as Fishback complies with the Court's Discovery Order; (3) imposing sanctions, including reasonable

expenses and attorney's fees incurred by Greenlight in the preparation and filing of this Motion; and (4) any further relief that the Court deems just and proper.

Dated: December 22, 2025          Respectfully submitted,

                                          **Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By:   */s/ Juan J. Mendoza*
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

## ATTORNEY CONFERENCE AND CERTIFICATE

Pursuant to Local Rule 7.1(c), undersigned counsel conferred with Fishback concerning the relief requested, as reflected in the email correspondences attached as Exhibit B but were unable to come to a resolution.

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via Electronic Mail to Judgment Debtor, James Fishback tommyfishback@gmail.com; and via First Class U.S. Mail to Judgment Debtor, James Fishback, 115 SW Pinckney Street, Madison, FL 32340 on December 22, 2025.

*/s/ Juan J. Mendoza*
Juan J. Mendoza