Page 1 of 11

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

v.                                                 Case No. 4:25-MC-031-MW-MAF

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor,**

_____/

## O R D E R

Plaintiff Greenlight Capital, Inc. [hereinafter "Greenlight"] obtained a judgment in its favor in the amount of $228,988.71, against Defendant James Fishback. ECF No. 1. The Judgment was registered in this Court, ECF No. 1, remains outstanding, and a Writ of Execution was issued on June 3, 2025. ECF No. 6.

On November 25, 2025, Greenlight filed two motions to compel. ECF Nos. 50-51. The first motion seeks to compel Defendant Fishback to turn over his share certificates in Azoria Capital, Inc., a Delaware corporation founded by Fishback in which he owns "'75% or more' of the company."

ECF No. 50 at 1-3. Fishback is also the chief executive officer of Azoria Capital, Inc. *Id.* at 2; *see also* ECF No. 50-1 at 19, 21. Alternatively, if "Fishback does not have the shares in his possession or otherwise is unable or unwilling to turn over this share certificates to the USMS," Greenlight requested that Azoria Capital, Inc. be compelled "to reissue stock certificates and deliver" them to the United States Marshals Service. ECF No. 50 at 4.

Defendant Fishback was directed to file a response to Greenlight's motion, ECF No. 50, no later than December 9, 2025. ECF No. 52. Fishback did not respond.

Pursuant to Florida § 56.061, "stock in corporations" are "subject to levy and sale under execution." Kopcsak v. Dale Reg., No. 3:17CV212-TKW-HTC, 2021 WL 5046688, at *2 (N.D. Fla. Apr. 5, 2021). Florida law permits the Court to order the reissuance of the stock certificates so that the plaintiff may levy the shares for execution. Chevron Corp. v. Donziger, No. 19-24295-MC, 2020 WL 3643043, at *5 (S.D. Fla. July 6, 2020) (citing Schanck v. Gayhart, 245 So. 3d 970 (Fla. 1st DCA 2018); House v. S.W. Williams, 573 So. 2d 1012 (Fla. 5th DCA 1991); In re Infolink Group, Inc., 447 B.R. 647, 653 (Bankr. S.D. Fla. 2011)). However,

Chevron Corp. v. Donziger, a case in which the court ordered the reissuance of Mr. Donziger's stock in Argyle Ventures, Inc., the court had the benefit of knowing that Argyle Ventures, Inc. did not oppose the request to reissue stock certificates. Donziger, 2020 WL 3643043, at *6. Here, the Court is unaware of the position of Azoria Capital, Inc., and that entity is not a party to this litigation.

Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution," and the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Florida law provides:

> A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process.

FLA. STAT. § 678.1121(5). "[M]any courts within the Eleventh Circuit have granted motions to compel issuance or turnover of stock interests." Louden Broadway Props., LLC v. Swig, No. 22-81448-CV, 2025 WL

826694, at *1–2 (S.D. Fla. Mar. 12, 2025) (citing to Angarita v. Hypertoyz, Inc., No. 23-CV-20695, 2024 WL 5371896, at *1 (S.D. Fla. Sept. 19, 2024) Kopcsak v. Dale Reg., No. 3:17CV212-TKW-HTC, 2021 WL 5046688, at *2 (N.D. Fla. Apr. 5, 2021); Chevron Corp. v. Donzinger, 2020 WL 3643043, at *6 (S.D. Fla. July 6, 2020). Accordingly, the unopposed motion to compel, ECF No. 50, is granted. Defendant Fishback must locate, obtain, and turn over all of his share certificates in Azoria Capital, Inc., to the United States Marshals Service no later than **January 30, 2026**.

Defendant is advised that a federal "Court has the inherent authority to enforce its own orders by the exercise of contempt powers." Prepared Food Photos, Inc. v. Miami Beach 411 Corp., No. 22-23197-CIV, 2023 WL 7115364, at *2 (S.D. Fla. Sept. 13, 2023), report and recommendation adopted, No. 22-23197-CIV, 2023 WL 7109826 (S.D. Fla. Oct. 27, 2023) (citing to Citronelle–Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their legal orders through civil contempt.")). Should Defendant disobey or otherwise ignore this Order, Defendant is warned

that he will be in danger of being held in contempt of court. <u>Prepared Food Photos</u>, 2023 WL 7115364, at *2.

The second motion seeks to compel Fishback to "turn over all non-exempt personal property, including recently purchased luxury items," to the Marshals Service. ECF No. 51 at 1. Greenlight asserts that Fishback has "failed to make any payments on the outstanding balance of the judgment." *Id.* at 2. Fishback claimed to not "have the means to pay" the judgment. *Id.* However, Greenlight has shown that "Fishback has been purchasing luxury items through his debit card," which was a previously undisclosed account. *Id.* at 2-3.[1] Greenlight has discovered a J.P. Morgan Chase Bank account ending in 1864 which appears to be a personal checking account. *Id.* at 3. Greenlight has shown the following purchases were made on account ending -1864 from 13 retailers:[2]

| Purchased From: | Amount of Purchase: | Date: |
| --- | --- | --- |
| (1) Ebay | $1,933.39 purchase | 02/18/2025 |

---

[1] Fishback had only disclosed a J.P. Mortgan Chase Bank SEP-IRA account and a checking and credit card account at Bank of America. ECF No. 51 at 3. He denied having any other bank account, saying "[n]ot to my knowledge." *Id.*

[2] Greenlight asserted that Fishback also made a purchase from Louis Vuitton, but Greenlight failed to demonstrate when, what, where, or how much was purchased from Louis Vuitton. *See* ECF No. 51 at 3-4, 6.

|  |  |  |
|---|---|---|
|  | $1,007.00 purchase | 02/18/2025 |
|  | $   468.52 purchase | 04/28/2025 |
|  | $1,709.25 purchase | 05/05/2025 |
|  | $   332.84 purchase | 05/15/2025 |
|  | $1,065.30 purchase | 05/27/2025 |
|  | $1,253.45 purchase | 06/03/2025 |
|  | $1,871.43 purchase | 06/09/2025 |
|  | $   203.15 purchase | 06/10/2025 |
|  | $   429.30 purchase | 06/11/2025 |
|  | $   541.83 purchase | 06/13/2025 |
|  | $   295.75 purchase | 06/30/2025 |
|  | $   209.46 purchase | 07/03/2025 |
|  | $   154.34 purchase | 07/03/2025 |
|  | $   467.42 purchase | 07/07/2025 |
|  | $   187.41 purchase | 07/07/2025 |
| (2) Nordstrom | $   736.70 purchase | 05/19/2025 |
|  | $   268.75 purchase | 05/27/2025 |
|  | $   265.00 purchase | 05/27/2025 |
|  | $   265.00 purchase | 05/27/2025 |
|  | $   527.88 purchase | 05/27/2025 |
|  | $1,060.00 purchase | 06/09/2025 |
|  | $   395.91 purchase | 06/09/2025 |
|  | $   395.91 purchase | 06/09/2025 |
|  | $   182.75 purchase | 06/09/2025 |
|  | $   180.20 purchase | 06/09/2025 |
|  | $   217.29 purchase | 06/24/2025 |
|  | $   252.81 purchase | 06/30/2025 |
|  | $   333.90 purchase | 06/30/2025 |
| (3) Brunello Cucinelli | $   849.87 purchase | 06/03/2025 |
| (4) Burberry Ltd. | $   693.32 purchase | 06/03/2025 |
| (5) Bucherer[3] | $7,473.00 purchase | 06/24/2025 |

---

[3] Greenlight states that Bucherer is a Swiss luxury watch retailer that sells a variety of luxury watch brands, including Cartier.  ECF No. 51 at 4.  Fishback wore a

Case No. 4:25-MC-031-MW-MAF

| | | |
|---|---|---|
| (6) Glore Jewelry Inc.[4] | $3,296.00 purchase | 03/15/2024 |
| (7) Tom Ford | $1,150.47 purchase<br>$ 886.78 purchase<br>$ 243.70 purchase | 02/18/2025<br>05/27/2025<br>07/07/2025 |
| (8) Tumi | $ 265.00 purchase | 05/27/2025 |
| (9) Patagonia | $ 242.74 purchase | 06/09/2025 |
| (10) Banana Republic | $ 710.19 purchase | 12/26/2024 |
| (11) Amazon Marketplace | $1,492.43 purchase | 05/09/2024 |
| (12) Ralph Lauren | $1,036.98 purchase | 12/24/2024 |
| (13) Macy's | $ 211.78 purchase | 07/17/2025 |

ECF No. 51, Ex. B.  In addition, Fishback made a $1,987.00 purchase from an Apple Store on 04/04/24.  ECF No. 51-2 at 3.  Greenlight's Exhibit B shows these purchases were "Debit Card Transactions."  ECF No. 51-2. Those purchases, made between March 2024 and July 2025, exceed $37,000.00.  *Id.* at 2-33.

---

Cartier watch during his August 28, 2025, deposition, *id.*, although he testified that the watch was not his and was borrowed from a friend.  *See* ECF No. 51-1 at 3-4. Grreenlight asserts upon "information and belief" that the watch was purchased from Bucherer on June 24, 2025.  ECF No. 51 at 4.

  [4] Glore Jewelry Inc. also "is a luxury watch and jewelry retailer located in Miami, Florida."  ECF No. 51 at 4, n.1.

Case No. 4:25-MC-031-MW-MAF

Once again, Fishback was directed to respond to that motion to compel, ECF No. 52, but failed to do so. By failing to respond to the motion, Fishback has waived his opportunity to show that the items purchased were not personal property items or otherwise exempt from execution. Frankly, the Court does not know what was purchased.

The Court agrees with Greenlight that $37,000 worth of purchases made in the course of 16 months from the retailers cited is extravagant. Because "goods and chattels" are subject "to levy and sale under execution to satisfy a judgment" pursuant to FLA. STAT. § 56.061, the unopposed motion to compel, ECF No. 51, is granted. Defendant Fishback must turn over the items purchased as listed above, with a corresponding itemized list, to the United States Marshals Service no later than **January 30, 2026**.

On December 22, 2025, Greenlight also filed a motion for judgment on the garnishment pleadings, ECF No. 54, and a motion for civil contempt and sanctions, ECF No. 55. The motion for judgment pertains to the Writ of Garnishment served on R.J. O'Brien & Associates LLC, *see* ECF No. 13, and R.J. O'Brien's answer thereto which says it holds property for Defendant "Fishback totaling $400.87." ECF No. 54 at 2-3. The motion for civil contempt, ECF No. 55, pertains to Defendant's failure to comply with a

Page 9 of 11

prior discovery Order, ECF No. 43, and outlines discovery requests which remain outstanding.

Prior to ruling on the motions, Defendant Fishback is afforded an opportunity to file a response. Pursuant to the Local Rules of this Court, a party who opposes a motion <u>must</u> file a memorandum in opposition. N.D. Fla. Loc. R. 7.1(E). Defendant has until **January 23, 2026,** to respond.

Defendant Fishback is advised that the Court may grant Greenlight's motions "by default" if Defendant "does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H). Furthermore, should Defendant Fishback fail to file a written response, he may be served with an order requiring him "to appear before a district judge" and "show cause" why he should not "be adjudged in contempt." 28 U.S.C. § 636(e)(6)(B)(iii).

Accordingly, it is

**ORDERED:**

1. Plaintiff's unopposed motion to compel Defendant Fishback to turn over his stock/membership interest, ECF No. 50, is **GRANTED**.

2. Defendant Fishback must locate, obtain, and turn over all of his stock and/or share certificates in Azoria Capital, Inc., to the United States Marshals Service no later than **January 30, 2026**.

3. Plaintiff's unopposed motion to compel turnover of luxury personal property, ECF No. 51, is **GRANTED**.

4. Defendant Fishback must turn over the 43 items purchased as listed above on pages 6-8, with a corresponding itemized list, to the United States Marshals Service no later than **January 30, 2026**.

5. The United States Marshals Service shall sell the Azoria Capital, Inc. stock and/or share certificates for the benefit of Plaintiff/Judgment Creditor Greenlight Capital, Inc.

6. The United States Marshals Service shall hold the 43 items turned over by Defendant Fishback for 30 days, permitting counsel for Greenlight to retrieve and subsequently sell the items as partial satisfaction of the Judgment.

7. The Clerk of Court shall provide a courtesy copy of this Order to the United States Marshals Service who must notify Plaintiff's counsel[5] when Defendant Fishback has complied with this Order.

---

[5] Counsel for Plaintiff is Juan J. Mendoza, Esquire, SEQUOR LAW, P.A., 1111 Brickell Avenue, Ste.1250, Miami, FL 33131. Tel: (305) 372-8282; Fax: (305) 372-8202.

Case No. 4:25-MC-031-MW-MAF

8.  Defendant Fishback has until **January 23, 2026,** to respond to Plaintiff's motion for judgment on the garnishment pleadings, ECF No. 54, and motion for civil contempt and sanctions, ECF No. 55.

9.  The Clerk of Court shall return this file upon Defendant Fishback's filing of a response, or no later than January 23, 2026.

**DONE AND ORDERED** on January 8, 2026.

<u>S/   Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**