UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,           Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

    Defendant/Judgment Debtor.
_____/

GREENLIGHT CAPITAL, INC.,

    Garnishor,

v.

JPMORGAN Chase Bank N.A.,

    Garnishee.
_____/

### JUDGMENT CREDITOR'S MOTION FOR JUDGMENT ON THE GARNISHMENT PLEADINGS

Judgment Creditor/Plaintiff, Greenlight Capital, Inc. ("Greenlight") pursuant to Florida Rules of Civil Procedure 1.140(c), made applicable through Federal Rule of Civil Procedure 69 and Florida Statutes § 77.083, moves this Court for the entry of judgment against Garnishee, JPMORGAN Chase Bank N.A. ("JPMorgan"), for the property in its possession as set forth in JPMorgan's Answer of Garnishee [ECF No. 46]; and states as follows:

1. On October 21, 2025, Greenlight filed its Motion for Writ of Garnishment. [*See* ECF No. 37].

2. This Court issued the Post-Judgment Writ of Garnishment directed at JPMorgan (the "Writ") for accounts held by Judgment Debtor/Defendant, James Fishback ("Fishback"). [ECF No. 39]. The Writ of Garnishment was served on JPMorgan on October 27, 2025. *See* attached as **Exhibit 1**, return of service on JPMorgan.

3. On November 12, 2025, Greenlight served, via mail, Fishback the (i) *Ex Parte* Motion for Post-Judgment Writ of Garnishment, (ii) the Post-Judgment Writ of Garnishment, (iii) Notice to Judgment Debtor via First Class U.S. Mail, (iv) Garnishee's Answer to Writ of Garnishment and (v) Notice of Right to Dissolve pursuant to Florida Statues at Fishback's last known address in Madison, Florida and as well as the address provided by JP Morgan. [ECF No. 47].

4. JPMorgan's Answer to the Writ shows that it is holding property for Fishback totaling $61.71. [ECF No. 46 ¶ 1].

5. Fishback has not moved to dissolve or otherwise responded to the garnishment and the time for him to do so has passed. *See* Fla. Stat. §77.07(2).

WHEREFORE, Greenlight respectfully requests this Court enter a Final Judgment of Garnishment against Garnishee, JPMorgan for the $61.71 in its possession as set forth in JP Morgan's Answer of Garnishee, substantially in the

form of the proposed judgment attached hereto as **Exhibit 2**; and other further relief that the Court deems just and proper.

### Rule 7.1(D) Attorney Conference and Certificate Not Required

Rule 7.1(D) provides that "[a]n attorney conference and certificate are not required for a motion that would determine the outcome of a case or a claim."

Dated: January 15, 2026   Respectfully submitted,

        **Counsel for Plaintiff/Judgment Creditor**
        SEQUOR LAW, P.A.
        1111 Brickell Avenue, Ste. 1250
        Miami, FL 33131
        Tel: (305) 372-8282
        Fax: (305) 372-8202

By:   */s/ Miguel E. Del Rivero*
      Edward H. Davis Jr.,
      Florida Bar No.: 704539
      Email: edavis@sequorlaw.com
      Juan J. Mendoza
      Florida Bar No.: 113587
      Email: jmendoza@sequorlaw.com
      Miguel E. Del Rivero
      Florida Bar No.: 1048586
      Email: mdrivero@sequorlaw.com

### CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via Electronic Mail to James Fishback tommyfishback@gmail.com; and via First Class U.S. Mail to James

Fishback, 115 SW Pinckney Street, Madison, FL 32340 and 14631 N. Beckley Square, Davie, FL 33325 on January 15, 2026.

/s/ *Miguel E. Del Rivero*
Miguel E. Del Rivero