# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

v.                               Case No. 4:25-MC-31-MW-MAF

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor,**

_____/

## O R D E R

    Plaintiff Greenlight Capital, Inc. [hereinafter "Greenlight"] sued Defendant James Fishback in the United States District Court for the Southern District of New York for breach of contract pertaining to a lending agreement.[1]  Plaintiff's motion for summary judgment was granted and Plaintiff obtained a judgment in its favor in the amount of $228,988.71, against Defendant Fishback.  ECF No. 1.  The Judgment was registered in this Court, ECF No. 1, remains outstanding, and a Writ of Execution was issued on June 3, 2025.  ECF No. 6.

---

[1] *See* Case # 1:24cv2299-LTS, ECF No. 30, S.D.N.Y,

That history is known.  What may not be known is that Defendant sent an email to the Court today at 8:57 a.m. stating, "Good morning: none of my motions are appearing on the docket. What is going on?"  Because ex parte communications are not appropriate, this Order is entered to advise Plaintiff of the Defendant's email.  No response will be provided by the Court to Defendant's email.

Instead, this Order advises that the Court does not receive copies of pleadings, motions, responses, or other documents.  All such submissions are submitted to the Clerk's Office for filing.  The Court then reviews the electronic version of those documents from the Court's docket (EM/ECF).  Thus, the Court has no knowledge of why any motion properly received would not be filed.  Furthermore, because Defendant does not identify any specific motion as to manner in which it was submitted, title, date, or time, the Court will not make any further inquiry.

However, the Court will confirm that the Clerk's Office has not received any motion, response, or other submission from the Defendant by facsimile.  At times, parties have attempted to file documents in that manner.  Doing so is prohibited.  N.D. Fla. Loc. R. 5.4(A).  Yet the Clerk's Office has a record of documents improperly received via facsimile.  The

Clerk's Office has advised that no facsimiles have been received from Defendant Fishback.

Because Defendant is pro se, he is required to file documents "in hard copy." N.D. Fla. Loc. R. 5.4(A)(3). Only one document has been received from Defendant - a response, ECF No. 35, in opposition to Plaintiff's motion to compel, ECF No. 27. Beyond that submission in mid-October 2025, ECF No. 35, nothing else has been filed by the Defendant.[2]

As this case has progressed, Plaintiff has filed several motions, and Defendant Fishback has specifically been provided opportunities to respond to those motions. *See* ECF Nos. 28, 31, 36, 52, 56, and 58. He has, thus far, not filed a response.

This Order reminds Defendant Fishback that he has until January 29, 2026, to respond to Plaintiff's second motion for judgment on the garnishment pleadings, ECF No. 57. *See* ECF No. 58. Defendant's deadline (January 23, 2026) to respond to the first motion for judgment on the garnishment pleadings, ECF No. 54, and the motion for civil contempt and sanctions, ECF No. 55, has expired.

---

[2] If Defendant Fishback attempted to file documents electronically through PACER, this Court would have no knowledge of such actions; but even so, the Defendant is not permitted to file documents in that manner. N.D. Fla. Loc. R. 5.4.

Accordingly, it is

**ORDERED:**

1.  The parties are advised that no action will be taken as to Defendant Fishback's January 27, 2026, unauthorized and impermissible email to the Court.[3]

2. Plaintiff has until **January 29, 2026,** to respond to Plaintiff's second motion for judgment on the garnishment pleadings, ECF No. 57, pertaining to Chase Bank.

3.  The Clerk of Court shall return this file upon Defendant Fishback's filing of responses, or no later than January 29, 2026.

**DONE AND ORDERED** on January 27, 2026.

        S/   Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

---

[3] While this Order explains that no motions have been received from the Defendant, it is noted that any such motion would necessarily have to be served on the Plaintiff and include a certificate of service.  Thus, if Defendant contends he has submitted documents which have not been filed, Defendant must provide evidentiary support for that argument by showing when and how he served the Plaintiff.