# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

v.                                             Case No. 4:25-MC-031-MW-MAF

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor,**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Greenlight Capital, Inc. [hereinafter "Greenlight"] obtained a judgment in its favor in the amount of $228,988.71, against Defendant James Fishback. ECF No. 1. The Judgment was registered in this Court, ECF No. 1, remains outstanding, and a Writ of Execution was issued on June 3, 2025. ECF No. 6. This Report and Recommendation concerns three pending motions.

**A.    Judgment on the Pleadings**

The first two motions are for judgment on the garnishment pleadings. ECF Nos. 54 and 57. By way of background, Plaintiff filed several motions

for motions for post-judgment writs of garnishment seeking funds to pay the outstanding judgment.  An ex parte motion for Writ of Garnishment was granted and a Writ of Garnishment was served on R.J. O'Brien & Associates LLC.  ECF Nos. 17-18.  R.J. O'Brien's Answer to the Writ states that it holds property for Defendant Fishback "totaling $400.87."  ECF No. 40 at 2.  Another ex parte motion for Writ of Garnishment was granted and a Writ of Garnishment was served on JPMorgan Chase Bank, N.A.  ECF Nos. 38-39.  Chase Bank's Answer to the Writ shows it holds property for Defendant Fishback in the amount of $61.71.  ECF No. 46 at 1-2.

Defendant Fishback was given notice of both Writs and the Answers of the Garnishees.  ECF Nos. 41 and 47; *see also* ECF No. 54 at 2, ECF No. 57 at 2.  Defendant Fishback did not respond by claiming an exemption or otherwise request a hearing under Florida § 77.041.  Defendant has also not moved to dissolve the Writs.  ECF Nos.  54 at 2 and 57 at 2.  Thus, Plaintiff has filed two motions for judgment on the garnishment pleadings, ECF Nos. 54 and 57.

The first motion was filed on December 22, 2025, and concerns Garnishee R.J. O'Brien & Associates' Answer, ECF No. 40.  ECF No. 54.  Defendant Fishback was given until January 23, 2026, to respond to the

motion for judgment on the garnishment pleadings. ECF No. 56. As of this date, he has not replied.

The second motion for judgment on the garnishment pleadings was filed on January 15, 2026. ECF No. 57. That motion concerns Garnishee JPMORGAN Chase Bank's Answer, ECF No. 46. Again, Defendant Fishback was given until January 23, 2026, to respond to the motion. ECF No. 58. He did not file a response to that motion either.

Notably, Defendant Fishback was advised of the Local Rules of this Court. ECF Nos. 56, 58 (citing to N.D. Fla. Loc. R. 7.1(E)). Defendant was informed that a party opposing a motion "must file a memorandum in opposition." *Id.* He was informed that the Court may grant the motions "by default" if Plaintiff did "not file a memorandum as required by this rule." ECF No. 56 N.D. Fla. Loc. R. 7.1(H).

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Because Defendant Fishback did not respond to either of the

motions and has not claimed an exemption from garnishment or requested a hearing, there are no facts in dispute. Furthermore, under Florida § 77.061, when the plaintiff fails "to file a reply, the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from further liability under the writ." FLA. STAT. § 77.061. Garnishee R.J. O'Brien & Associates LLC acknowledged that it holds an account in the name of Defendant James Fishback which is subject to the Writ of Garnishment, and has $400.87 in the account. ECF No. 40. Likewise, JPMorgan Chase Bank, N.A. acknowledged that it has an account in the name of Defendant James Fishback which is subject to the Writ of Garnishment, and there is $61.71 in the account. ECF No. 46.

The unopposed motions for judgment on the pleadings should be granted. Plaintiff should recover $400.87 from the R.J. O'Brien & Associates account, and $61.71 from the JPMorgan Chase Bank account. After payment, the Garnishees should be discharged from further liability under the Writ. The Order adopting this Recommendation should be sent to counsel for Garnishee Barbara Casey, R.J. O'Brien & Associates LLC at 222 S. Riverside Plaza, Suite 1200, Chicago, IL 606060. *See* ECF No. 40

at 2.  The Order adopting should also be sent to counsel for Garnishee Andrew R. Herron at 1200 Four Seasons Tower, 1441 Brickell Avenue, Miami, FL 33131.  *See* ECF No. 46 at 3.

## B.     Motion for Civil Contempt and Sanctions

The third motion pending in this case is Plaintiff's motion for civil contempt and sanctions.  ECF No. 55.  The basis for the motion is Defendant's failure to comply with this Court's November 5, 2025, Order, ECF No. 43, which granted Plaintiff's motion to compel, ECF No. 27. Pursuant to that Order, Defendant was required to "produce all documents outstanding and responsive to the June 2025 request for production"[1] as well as produce the 6 documents[2] requested during his August 29, 2025, deposition.  ECF No. 43 at 3.  Defendant was required to provide those

---

[1] The request for production was included with the Notice of Deposition Duces Tecum, ECF No. 27-1 (Ex. 1). The request included 55 specific document requests. *Id.* Of those 55 requests, Defendant only produced some documents responsive to request #1 - "complete un-redacted tax returns, with all corresponding schedules and attachments" for the relevant time period.  *See* ECF No. 27-1 at 5; ECF No. 27 at 5. Even as to that request, his response was incomplete because he failed to produce the 2024 tax return.  He subsequently provided his 2024 tax return.  ECF No. 55 at 2, fn1.

[2] The six subsequent document requests were for: (1) 2024 tax returns; (2) records indicating payments from Azoria Capital, Inc. in 2025; (3) R.J. O'Brien account statement showing no funds; (4) any documents regarding loans paid out/loans taken; (5) all R.J. O'Brien statements; (and 6) confidentiality agreement with Azoria Capital Inc. investors.  *See* ECF No. 27 at 5-6.

Case No. 4:25-MC-031-MW-MAF

documents to Plaintiff's counsel "no later than November 20, 2025," and to file a notice of his compliance. *Id.*

Defendant did not comply with that Order. Plaintiff argues that Defendant "continues to scoff at his obligations under the Discovery Order." ECF No. 55 at 3. Not only did Defendant Fishback not comply, Plaintiff contends that Defendant Fishback has publicly declared his intention to not pay the judgment entered against him. ECF No. 55 at 6.[3] Because the Defendant "continues to thumb his nose at the judgment . . . and ignores orders of this Court," Plaintiff requests that Defendant James Fishback be held in contempt of Court. ECF No. 55 at 7.

Again, Defendant Fishback was provided an opportunity to file a response to that motion. ECF No. 56. His January 23, 2026, deadline passed without response.

Although Defendant did not file proper response to this third motion - Plaintiff's motion for civil contempt and sanctions, ECF No. 55 - Defendant did attempt to file a "Declaration of James Fishback." ECF No. 63. That submission is insufficient and improper for multiple reasons.

---

[3] Defendant's statements were made in a December 3, 2025, public interview available for viewing on YouTube - https://www.youtube.com/watch?v=IuEJtEV95NM. ECF No. 55 at 6.

First, it is not a proper response to a motion because it does not include a memorandum as required by Local Rule 7.1(E).  Second, it was not timely filed and Defendant Fishback did not file a motion requesting it be deemed timely filed or belatedly accepted.

Third, the "Declaration" does not include a certificate of service as required by Local rule 5.7(F).   ECF No. 63 at 3.  Defendant Fishback was specifically advised of that requirement in an Order entered on October 17, 2025.  ECF No. 36.  Despite that guidance, he did not comply.

Fourth, Defendant's instant "declaration," ECF No. 63, fails to comply with Local Rule 5.1(E) or Federal Rule of Civil Procedure 11(a) because it does not contain his original signature.  Instead, Defendant once again included only an electronic signature, without a proper signature block containing his address.  ECF No. 63 at 3.

On the only other occasion when Defendant Fishback attempted to file a document in this case, he included an electronic signature.  ECF No. 35 at 3-4.  The previously mentioned October 17, 2025, Order informed the Defendant that Rule 5.1(E) requires a pro se party's "signature block" to "include a 'handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has

one.'"  ECF No. 36 at 2.  The Order also explained that under Federal Rule of Civil Procedure 11(a), a pro se party must personally sign a document, and if the party does not properly do so, the Court is required to "strike" the document which is considered to be an "unsigned paper."  ECF No. 36.

Because Defendant Fishback has already been warned that any document submitted to this Court for filing must contain his original signature and not an electronic signature, this latest submission is deemed to be intentional and willful.  The Declaration must be stricken unless Defendant Fishback files an amended Declaration in compliance with Rule 11 and Local Rule 5.1(E).[4]  The Court is doubtful that Defendant Fishback will do so considering his history in this case, but in any event, the "Declaration" is not a proper or sufficient response to the motion for sanctions and civil contempt, ECF No. 55.

Pursuant to Federal Rule of Civil Procedure 37(b), a party may move for sanctions when the opposing party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a) . . . ."  Fed. R. Civ. P. 37(b)(2)(A).  Sanctions may include holding a party in "

---

[4] The amended response must also contain a memorandum of law and certificate of service.

Page 9 of 12

contempt of court the failure to obey any order . . ." Fed. R. Civ. P. 37(b)(2)(A)(vii).  In addition, the "disobedient party" <u>must</u> be ordered to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)2)(C).

    Plaintiff contends that Defendant Fishback's failure to comply with the prior Order, ECF No. 43, is willful.  ECF No. 55 at 11.  Despite Plaintiff's attempts to discuss the discovery failures with Defendant Fishback, the Defendant has made unsupported and "unfathomable" representations that he is unable to do so.  *Id.* at 3-6, 11.  Plaintiff argues that Defendant's excuses for failing to produce the discovery compelled are "not believable."  *Id.* at 11.  Thus, Plaintiff requests Defendant be held in contempt and sanctioned $200.00 for every day the Defendant fails to comply.  *Id.* at 12 (citing to, *inter alia*, <u>Carnival Corp. v. McCall</u>, No. 18-24588-CIV, 2020 U.S. Dist. LEXIS 155123, at *34 (S.D. Fla. Aug. 25, 2020) (imposing a $200.00 daily fine)).  Plaintiff also seeks its fees and costs which have been unnecessarily incurred as a result of Defendant's failure to comply.  ECF No. 55 at 13.

Case No. 4:25-MC-031-MW-MAF

Pursuant to § 636(e), a United States magistrate judge has civil contempt authority in a case in which the parties have consented to the magistrate judge presiding. 28 U.S.C. § 636(e)(4). In any other case which challenges an action which constitutes civil contempt, "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B). Thereafter, the presiding District Judge shall "hear the evidence" and impost punishment. *Id.*

In this case, Plaintiff's unopposed motion, ECF No. 55, provides sufficient reason to require Defendant James Fishback to appear in person before United States District Judge Mark E. Walker and show cause why he should not be held in contempt. The motion for civil contempt, sanctions, and attorney fees and costs, ECF No. 55, should be granted

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motions for judgment on the garnishment pleadings, ECF No. 54 and 57, be

Case No. 4:25-MC-031-MW-MAF

**GRANTED**.  Plaintiff should recover **$400.87** from R.J. O'Brien & Associates LLC, and recover **$61.71** from the JPMorgan Chase Bank account.  Furthermore, those Garnishees should be discharged from further liability under the writ after surrender of the identified funds.  It is further **RECOMMENDED** that the Order adopting this Recommendation be sent to counsel for Garnishee Barbara Casey, R.J. O'Brien & Associates LLC at 222 S. Riverside Plaza, Suite 1200, Chicago, IL 606060, *see* ECF No. 40 at 2, and to counsel for Garnishee Andrew R. Herron at 1200 Four Seasons Tower, 1441 Brickell Avenue, Miami, FL 33131, *see* ECF No. 46 at 3.  Finally, it is **RECOMMENDED** that Plaintiff's motion for civil contempt, sanctions, and attorney fees and costs, ECF No. 55, be granted and Defendant James Fishback be required to appear in person on a date certain to show cause why he should not be held in contempt.

    **IN CHAMBERS** at Tallahassee, Florida, on February 10, 2026.

     S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**