UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,        Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

    Defendant/Judgment Debtor.

_____/

**MOTION TO COMPEL AZORIA CAPITAL, INC.
TO COMPLY WITH POST-JUDGMENT
DISCOVERY AND MEMORANDUM IN SUPPORT**

Plaintiff/Judgment Creditor Greenlight Capital, Inc. ("Greenlight") pursuant to Fed. R. Civ. P. 45, hereby files this motion (the "Motion") for entry of an order compelling third-party Azoria Capital, Inc. ("Azoria") to comply with the Subpoena Duces Tecum in Aid of Execution (the "Subpoena"). The Subpoena was served upon Azoria's registered agent on November 7, 2025, and required production of documents by December 15, 2025; yet despite multiple additional requests for the production of responsive documents, Azoria has failed to produce any documents, let alone respond. Accordingly, the Court should enter an order, substantially in the form of **Exhibit "A"** attached, granting the Motion, compelling production of documents within 10 days of the order, and awarding Greenlight its attorneys' fees and costs related to the preparation, filing and prosecution of this

Motion.

## BACKGROUND

1.      On March 31, 2025, the U.S. District Court for the Southern District of New York entered a final judgment (the "Final Judgment") in favor of Greenlight and against Fishback by the U.S. District Court for the Southern District of New York stemming from Fishback's failure to repay under a lending agreement.

2.      On May 9, 2025, Greenlight registered the Final Judgment in this Court pursuant to 28 U.S.C. § 1963. ECF No. 1. Accordingly, as of May 9, 2025, the Final Judgment has the same effect as a judgment of the District Court for the Northern District of Florida and is enforceable in Florida. *See* ECF No. 1 (Registration of Foreign Judgment).

3.      Azoria was served with the Subpoena on November 7, 2025. The Subpoena is attached as **Exhibit "B"**, and the Return of Service is attached as **Exhibit "C"**.

4.      The Subpoena contains several documents requests (the "Document Requests") seeking information that would aid Greenlight in satisfying its Final Judgment against Fishback, including documents regarding Fishback's employment and income, his corporate affiliations, his financial assets, documents regarding any expectations of income, and distributions made to Fishback since

January 1, 2019. *See* Ex. B.

5. The Subpoena required production of documents responsive to the Document Requests by no later than December 15, 2025.

6. Azoria did not produce any documents responsive to the Document Requests by the deadline of December 15, 2025.

7. Greenlight made multiple attempts to request information from Azoria. Greenlight sent Azoria various emails seeking compliance with the subpoena, but Azoria failed to respond. The follow-up emails are attached as **Exhibit "D"**.

8. As of the date of this Motion, Azoria has not produced any documents responsive to the Document Requests, forcing Greenlight to file this Motion.

9. This discovery of Azoria is needed in light of Fishback's continued and explicit refusal to comply with the Court's orders or to make any payments toward the Final Judgment. Indeed, Fishback has publicly admitted that he does not intend to satisfy the Final Judgment. Natasha Yee, *Inside James Fishback's Outrage-Driven Run for Governor*, MIAMI NEW TIMES, (Feb. 11, 2026), https://www.miaminewtimes.com/news/james-fishback-runs-a-rage-bait-campaign-for-florida-governor-40522285/. He stated: "I am not going to pay [Greenlight] a penny just because some Democrat judge in New York who has sided against

President Trump time and again says that I owe [Greenlight its] attorney's fees."[1] *Id.*

10. Not only does Fishback proclaim that he will "not pay a dime," Fishback has also refused to turn over any of his Azoria stock certificates as ordered by this Court. ECF No. 63. And, remarkably, he does not even dispute this failure in his untimely declaration.

## MEMORANDUM OF LAW

11. Greenlight seeks entry of an order, substantially in the form of Exhibit A, pursuant to Fed. R. Civ. P. 45, compelling Azoria to produce records responsive to the Document Requests, by no later than 10 days from the date of the order.

### I. The Post-Judgment Subpoena was Properly Issued in Furtherance of Greenlight's Right to Identify Fishback's Assets and Aid in the Execution of the Final Judgment

12. Under Rule 69(a)(2) of the Federal Rules of Civil Procedure, "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person— including the judgment debtor—as provided in these rules." Fed. R.

---

[1] This is not the first time Fishback has stated that he will not pay the Judgment. In addition to his unabashed comments to the Miami New Times, Fishback reiterated the same position during a virtual interview when Twitter/X.com user @MaxNordau asked whether he intended to satisfy the Final Judgment. Fishback responded: "No. I'm not paying [Greenlight] a penny. [Greenlight] convinced a New York judge—the same one that sided against President Trump—that I have to pay him $5 million in legal fees. I'm not paying [Greenlight] a penny. And you can go tell the judge that himself. I don't care." Attached as **Exhibit** "**E**", the Twitter/ X.com statement where the interviewer, @MaxNordau, transcribed Fishback's statements. A full audio transcript, where Fishback makes this statement can be located at the following link. Video posted by Max Nordau (@MaxNordau), X.com, *BREAKING: Fringe Florida gubernatorial candidate James Fishbeck (R-DC) announced that he will defy a $229,000 court order with a deadline of January 30, 2026* (Jan 21. 2026 12:51 A.M. EST.), https://x.com/maxnordau/status/2013851925951750187?s=46.

Civ. P. 69(a)(2). The heart of post-judgment discovery "relates to the existence or transfer of defendants' assets." *Id.*

13. "The scope of post-judgment discovery is broad; the judgment creditor must be given the freedom to make a broad inquiry to discovery hidden or concealed assets of the judgment debtor." *Fuller v. Carollo*, No. 1:18-cv-24190-RS, 2024 U.S. Dist. LEXIS 147121, at *5-6 (S.D. Fla. Apr. 12, 2024) (quoting *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2013 U.S. Dist. LEXIS 201472, 2013 WL 12239127, at *2 (S.D. Fla. Jan. 22, 2013)). Courts routinely hold that Rule 69(a) "authorizes discovery by a judgment creditor for the purpose of discovering any concealed or fraudulently transferred assets." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977).

14. Accordingly, a judgment creditor may obtain discovery not only of the judgment debtor's current assets, but also information relating to past financial transactions which could reasonably lead to the discovery of concealed or fraudulently transferred assets. *See Am. Univ. of the Caribeean v. Tien*, No. 04-CV-20834, 2018 U.S. Dist. LEXIS 238275, 2018 WL 1193339, at *1 (S.D. Fla. Feb. 28, 2018) ("[I]n a post-judgment scenario, the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred.")

15. The Document Requests are aimed at discovering both the existence and possible concealment and/or transfer of Fishback's assets. Specifically, the requests pertain to Fishback's current financial condition such as his actual and beneficial ownership in Azoria, any transfers of funds or other property to him, and other information that may assist Greenlight in enforcing the Final Judgment. This information is crucial given Fishback's discovery obligations and his refusal to make any payments towards the debt owed and his failure to turnover stock certificates in Azoria.

## II. Under Federal Rule 45(d)(2)(B)(i), Azoria Should be Compelled to Comply with the Subpoena

16. It is axiomatic that "district courts enjoy extremely broad discretion in controlling discovery." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Further, Rule 45 provides that "[a]t any time", the party serving a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection."

17. Greenlight has afforded Azoria additional time to produce records responsive to the Document Requests, but Azoria continues to ignore its discovery obligations. In fact, more than 100 days have passed since Greenlight duly served the Subpoena upon Azoria, yet Azoria has failed to produce a single document in response to the Subpoena.

18. Despite the repeated accommodations afforded to Azoria and Fishback (its principal), Azoria remains in derogation of its duty to comply with the duly issued and outstanding Subpoena. Therefore, pursuant to Rules 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Greenlight hereby moves this Court for an order compelling Azoria to comply with its discovery obligations.

WHEREFORE, Greenlight respectfully requests this Court enter order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (i) granting this Motion; (ii) compelling Azoria to produce documents in their possession, custody or control that are responsive to the Document Requests no later than 10 days from the date of the order; (iv) award Greenlight its attorneys' fees and costs related to the preparation, filing and prosecution of this motion; and (v) granting any other and further relief that this Court deems just and proper.

### N.D. Fla. L.R. 7.1(B) Conferral Certificate

I certify that, prior to filing this Motion, I made a good faith effort to confer with Fishback, who is the CEO and founder of Azoria, regarding the relief that is being requested in this Motion, including advising Fishback on February 12, 2026, of Greenlight's intent to file this Motion if Azoria did not produce responsive documents by February 17, 2026, as reflected in **Exhibit F**. However, Fishback, and by extension Azoria, has failed to reply to any requests listed.

Dated: February 20, 2026

Respectfully submitted,

**Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By: /s/ *Miguel E. Del Rivero*
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via email to Azoria Capital, LLC at info@investazoria.com; via email to James Fishback at james@azoriapartners.com; via First Class U.S. Mail to Azoria Capital, Inc.'s principal office and place of business at 740 15th Street NW, 8th Floor, Washington, D.C. 20005; and via First Class U.S. Mail to James Fishback's last known addresses at 115 SW Pinckney Street, Madison, FL 32340.

/s/ *Miguel E. Del Rivero*
Miguel E. Del Rivero