UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

    Plaintiff/Judgment Creditor,        Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

    Defendant/Judgment Debtor.
_____/

**MOTION FOR ENTRY OF ORDER DEEMING THE TESLA, VIN 5YJ3E1EA7PF541502, IS PROPERTY OF JAMES FISHBACK**

Plaintiff/Judgment Creditor Greenlight Capital, Inc. ("Greenlight") pursuant Florida Statute 56.29, hereby files this motion (the "Motion") for entry of an order deeming that the 2023 Tesla Model 3, Florida License Plate: BN90UM, and vehicle identification number: 5YJ3E1EA7PF541502 (the "Tesla") titled in the name of Jay T. Fishback (the "Impleader Defendant"), the father of judgment debtor James Fishback ("Fishback"), should be applied towards satisfaction of Greenlight's final judgment registered in this Court on May 9, 2025 (the "Final Judgment") [ECF No. 1]. In support, Greenlight states as follows:

    **I.**    **Summary of the Proceedings Supplementary**

    1.    On October 30, 2025, Greenlight moved for an order to (I) Commence Proceedings Supplementary and (II) Issue a Notice to Appear to Jay T. Fishback (the "Motion to Commence Proceedings Supplementary"). [ECF No. 42].

2. On November 5, 2025, this Court granted Greenlight's Motion To Commence Proceedings Supplementary, and initiated supplementary proceedings against Impleader Defendant (the "Order"). [ECF No. 45]. In the Order, the Court ordered the Impleader Defendant to "show cause within twenty days after service of this Order and Notice to Appear by filing an affidavit what states why the 2023 Tesla Model 3, Florida License Plate: BN90UM, and vehicle identification number: 5YJ3E1EA7PF541502 (the "2023 Tesla") should not be applied towards satisfaction of Plaintiff Greenlight Capital, Inc.'s judgment." [*See id.* at pp. 4-5].

3. On December 1, 2025, Plaintiff served Impleader Defendant with the following: (1) Order; (2) Notice to Appear in Proceedings Supplementary; and (3) Motion to Commence Proceedings Supplementary to Jay T. Fishback at 4009 Davis Place, NW, Apt. 202, Washington, DC 20007. [ECF No. 59-1].

4. Accordingly, Impleader Defendant had until December 22, 2025 to serve its answer in response to the Order.

5. Impleader Defendant, however, failed to serve any response to the Order or otherwise make an appearance as of date of the filing of this Motion. [ECF No. 59-2].

6. Given Impleader Defendant's failure to file any response, Greenlight moved for an entry of a clerk's default. [ECF No. 59]. The Clerk of Court thereafter entered a clerk's entry of default. [ECF No. 60]. Greenlight provided by U.S. Mail a

copy of said clerk's entry of default on Impleader Defendant. [ECF No. 61].

**7. <u>The 2023 Tesla.</u>**

8.  On April 12, 2023, Fishback purchased the Tesla from Tesla Motors with Fishback providing a downpayment of $10,077.28. *See* attached as **Exhibit A** a schedule of all payments made by Fishback from his personal Bank of America bank account ending 0313 to TD Bank. [*See id.*] Per the records from Bank of America[1], the Tesla has a lien on it through TD Bank, with monthly payments in the amount of $651.61. [*See id.*]

9.  Since the purchase of the Tesla, Fishback has made all the monthly payments on the vehicle. From June 7, 2023, through July 28, 2025, Fishback has made monthly payments every month in the amount of $651.61 on the outstanding loan to TD Bank. *See* Ex. A. At a minimum, Fishback has made twenty-seven (27) payments totaling $17,593.47, and upon information and belief continues to do so. *See* Ex. A.

10. Accordingly, Fishback has paid approximately $27,670.75 from April 12, 2023, through July 28, 2025. *See id.*

---

[1] These documents were not produced by Fishback. Instead, they were obtained through a subpoena issued in aid of execution. As of the filing of this Motion, Fishback continues to disregard this Court's Discovery Order [ECF No. 43] by failing to provide Greenlight with his account information, despite repeated requests (which Fishback failed to object to). Fishback also signed, under penalty of perjury, that he has produced all documents "within my possession, custody, and control." [ECF No. 63 p. 2]. Nevertheless, he has not produced any documents concerning his bank accounts and has refused to provide information relating to those accounts.

11. Not only has Fishback made those payments on the TD Bank loan for the Tesla, Fishback has also paid for the insurance on the Tesla on January 25, 2025, June 19, 2025, and July 19, 2025. See attached as **Exhibit B** the three payments made by Fishback from his personal Bank of America credit card account ending 5409 to Geico Auto Insurance.

12. Fishback has further acknowledged on social media his payment for the Tesla's insurance and car payment. Per Fishback's post on X.com, "[i]nsane personal example: my monthly car insurance bill is now higher than my monthly car payment." [*See* ECF No. 42-2].

13. Per testimony from Fishback, the Tesla is kept in Florida. [*See* ECF No. 42-3 p. 2 ¶ 8 (Excerpts from deposition of James Fishback)]. In fact, Fishback stated that "it's never been to D.C." [*Id.* at ¶ 5].

## MEMORANDUM OF LAW

14. Greenlight seeks entry of an order pursuant to Fla. Stat. § 56.29(6)(a), deeming the Tesla, held in Impleader Defendant's name for the benefit of Fishback, be subject to levy and be applied towards satisfaction of Greenlight's Final Judgment.

15. Florida's proceedings supplementary statute authorizes this Court to reach assets that are functionally the judgment debtor's property even when the asset is held in the name, or under the control, of a third party who is subject to a Notice

4

to Appear. Fla. Stat. § 56.29(6)(a) states:

> The court may order any property of the judgment debtor not exempt from execution or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt.

Fla. Stat. 56.29(a).

16. It is clear that the Tesla is Fishback's vehicle. Fishback made a sizeable $10,077.28 down payment, pays the monthly loan installments, maintains and pays for the insurance coverage, and uses the Tesla exclusively. The Tesla is registered to Fishback's residence in Madison, Florida, and, based on Fishback's testimony, it has at all times remained in Florida. Yet the Tesla is titled in the Impleader Defendant's name. In other words, Fishback has assumed the burdens and enjoys the benefits of ownership, while record title is held by the Impleader Defendant.

17. The Impleader Defendant does not possess the Tesla and does not reside in Florida, where the Tesla is located. Fishback testified that the Impleader Defendant is a former Florida resident who now resides in Washington, D.C. The Impleader Defendant therefore holds only bare legal title, while Fishback openly and continuously treats the Tesla as his own by paying for, insuring, and exclusively using the vehicle.

18. Under these circumstances, the Tesla constitutes property of Fishback that is subject to execution, even if title is in a third party's name. The record shows

that the Impleader Defendant is the classic strawman, and merely holds title to the Tesla for Fishback's ultimate benefit, and that Fishback is the person who funds and controls the vehicle.

19. The fact that the Tesla is titled in Impleader Defendant's name is not dispositive of ownership for purposes of execution and supplementary proceedings. "Indeed, several Florida courts have held that the certificate of title is merely evidence of ownership that may be refuted by other evidence." *See, e.g.*, *Bell-Tel Fed. Credit Union v. Kalter (In re Kalter)*, 292 F.3d 1350, 1358-59 (11th Cir. 2002); *Ragg v. Hurd*, 60 So. 2d 673, 674 (Fla. 1952) ("There is nothing in Chapter 319 to show that the Legislature intended that the provisions thereof respecting the endorsement and transfer of certificates of title or registration upon sale of a motor vehicle provide an exclusive method of transferring title to motor vehicles, and we do not think the Legislature so intended."); *Cooney v. Jacksonville Transp. Auth.*, 530 So. 2d 421, 422 (Fla. 1st DCA 1988) (recognizing that factors other than title, such as who has the beneficial ownership of the car, may be relied upon to determine actual ownership of the car, and in turn to determine who is liable for the negligent operation of the car).

20. Here, Greenlight provided abundant documentation from Fishback's own banking records that he ultimately owns this vehicle through his extensive series of payments. [*See* Comp Ex. A]. Coupled with Fishback's admissions that he

SEQUOR LAW, P.A.

exclusively drives the vehicle and that it is a vehicle that is located in Florida and "never been to D.C.", these support that the vehicle is ultimately beneficially owned by Fishback. [*See* ECF No. 42-3 p. 2 ¶ ¶ 5, 8].

21. Furthermore, Impleader Defendant has been provided with notice of these proceedings supplementary. However, Impleader Defendant has failed to file any declaration or filing with the Court contesting the ownership of the Tesla.

22. Consistent with these principles, a court may recognize ownership and the right to possession based on the underlying ownership and the parties' conduct, even where documentary title remains in someone else's name for the exclusive benefit of the judgment debtor. *Highland Consulting Grp., Inc. v. Soule*, No. 9:19-cv-81636-RLR, 2022 U.S. Dist. LEXIS 224563, at *5 (S.D. Fla. Dec. 13, 2022) ("the lack of a certificate of title does not negate their ownership").

23. In sum, the Court ordered the Impleader Defendant to appear and explain why the Tesla should not be applied toward satisfaction of the Final Judgment against Fishback. [*See* ECF No. 45]; Greenlight properly served the Impleader Defendant, yet he chose not to appear and did not attempt to confer with undersigned counsel or otherwise respond in any way. [ECF No. 59-1, 59-2]; and the unrebutted documentation reflects Fishback's extensive payment history for the Tesla, demonstrating that Fishback is its true owner.

WHEREFORE, Greenlight respectfully requests this Court enter order (i) granting this Motion; (ii) allowing execution to commence as to the Tesla; (iii) granting any other and further relief that this Court deems just and proper.

## Rule 7.1(D) Attorney Conference and Certificate Not Required

Rule 7.1(D) provides that "[a]n attorney conference and certificate are not required for a motion that would determine the outcome of a case or a claim."

Dated: March 3, 2026                     Respectfully submitted,

**Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By:     /s/ *Juan J. Mendoza*
        Edward H. Davis Jr.,
        Florida Bar No.: 704539
        Email: edavis@sequorlaw.com
        Juan J. Mendoza
        Florida Bar No.: 113587
        Email: jmendoza@sequorlaw.com
        Miguel E. Del Rivero
        Florida Bar No.: 1048586
        Email: mdrivero@sequorlaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via email to James

Fishback at james@azoriapartners.com; via First Class U.S. Mail to Jay Fishback at 4009 Davis Place, NW, Apt. 202, Washington, DC 20007; and via First Class U.S. Mail to James Fishback at address at 115 SW Pinckney Street, Madison, FL 32340.

/s/ *Juan J. Mendoza*
Juan J. Mendoza