# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

v.                                    Case No. 4:25-MC-031-MW-MAF

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor,**

_____/

## O R D E R

Plaintiff Greenlight Capital, Inc. [hereinafter "Greenlight"] filed two recent motions in late February 2026.  ECF Nos. 65-67.  The first is a motion to compel a  third party to comply with a Subpoena Duces Tecum in Aid of Execution.   ECF No. 65.  Greenlight advises that a subpoena was served on Azoria's registered agent on November 7, 2025, requiring production by December 15, 2025.  *Id.* at 1; *see also* ECF No. 65-2 at 2; ECF No. 65-3 at 2.  Greenlight has shown that despite multiple requests for the production, Azoria has failed to comply with the subpoena or otherwise respond.  ECF No. 65 at 1, 6.

Pursuant to Local Rule 7.1, a party has 14 days after service of a motion to file a memorandum in opposition. N.D. Fla. Loc. R. 7.1(E). The Rules also provide that the "Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H). As of this date, no response has been provided. Therefore, because good cause has been shown, Greenlight's motion to compel, ECF No. 65, which was filed pursuant to Rule 45, is **Granted**. No later than **March 20, 2026**, Azoria must produce documents in their possession, custody, or control that respond to the eight document requests served on November 7, 2026. *See* ECF No. 65-2 at 8.

Additionally, Greenlight is entitled to its necessary fees and costs in filing the motion to compel. No later than **March 25, 2026**, Greenlight must file a statement which properly discloses the time spent in preparation for filing the motion to compel, ECF No. 65. Greenlight should also clarify whether or not Azoria complies with this Order.

The second motion, ECF No. 66, seeks entry of an Order "deeming that the 2023 Tesla Model 3,[1] Florida License Plate: BN90UM, and vehicle

---

[1] This is not the same Tesla which was previously seized by the Marshals Service pursuant to a writ of execution. ECF No. 17. The 2022 Tesla Model Y was previously sold to Plaintiff. ECF No. 23.

identification number: 5YJ3E1EA7PF541502 (the "Tesla")" be "subject to levy and applied towards satisfaction of Greenlight's Final Judgment." *Id.* at 1, 4.  The basis for that request is that Defendant Fishback purchased the Tesla on April 12, 2023, with a down-payment of $10,077.28.  ECF No. 66 at 3; *see also* ECF No. 66-1 at 2.  Fishback has made subsequent monthly payments of $651.61 for the vehicle from his personal Bank of America account.  ECF No. 66 at 3; *see* ECF No. 66-1.  Fishback has paid the insurance on the Tesla as well.  ECF No. 66 at 4; ECF No. 66-2 at 3.  The Tesla is kept in Florida and has never been to Washington, D.C.  *Id.*  However, the Tesla was "titled in the name of Jay T. Fishback," who is the father of Defendant Fishback and resides in Washington, D.C.  *Id.* at 1, 5.  Even though the Tesla is titled to Jay Fishback, Greenlight previously demonstrated that the Tesla is registered to the Defendant's residence in Madison, Florida.  ECF No. 42 at 4-5.

On November 5, 2025, this Court entered an order authorizing Greenlight to commence supplementary proceedings and requiring Impleader Defendant Jay T. Fishback to show cause within 20 days "why the 2023 Tesla Model 3, Florida License Plate: BN90UM, and vehicle identification number: 5YJ3E1EA7PF541502 (the "2023 Tesla") should not

be applied towards satisfaction of Plaintiff Greenlight Capital, Inc.'s judgment." ECF No. 45. Impleader Defendant was served with the Order and "notice to appear" on December 1, 2025, but failed to respond. ECF No. 66 at 2. The Clerk entered a default against Jay T. Fishback on January 22, 2026. ECF No. 60.

Pursuant to Florida law on supplementary proceedings,[2] property of the Defendant (the judgment debtor) may be "levied upon and applied toward the satisfaction of the judgment debt." FLA. STAT. § 56.29(6)(a).[3] Greenlight has shown - without opposition - that the Tesla is Defendant Fishback's vehicle, notwithstanding that he titled it in his father's name. The uncontested motion, ECF No. 66, sufficiently shows that Defendant James Fishback paid for the vehicle, registered the vehicle, insures the

---

[2] Under Rule 69, "proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," which is Florida. Fed. R. Civ. P. 69(a)(1). "In Florida, proceedings supplementary are governed by section 56.29 of the Florida Statutes." Tradewinds, Ltd. v. Grupo Dolphin Discovery, No. 1:17-CV-23070-KMM, 2025 WL 3023086, at *3 (S.D. Fla. Feb. 12, 2025).

[3] "The court may enter any orders, judgments, or writs required to carry out the purpose of" § 56.29(6). FLA. STAT. § 56.29(6)(a)

Block v. Wing, Grill & Beer Masters, Inc., No. 5:16-CV-55-OC-30PRL, 2017 WL 6189953, at *2 (M.D. Fla. Nov. 9, 2017), report and recommendation adopted, No. 5:16-CV-55-OC-30PRL, 2017 WL 5759678 (M.D. Fla. Nov. 28, 2017)

Case No. 4:25-MC-031-MW-MAF

vehicle, and keeps it in Florida where it is available for his use.  The Court agrees with Greenlight that "[u]nder the circumstances, the Tesla constitutes property of Fishback that is subject to execution," notwithstanding the title.  See In re Chesley, 550 B.R. 903, 913 (Bankr. M.D. Fla. 2016) (finding "that a person can be the owner of a motor vehicle even in the absence of being named on a registered title certificate"); In re Kalter, 292 F.3d 1350, 1358 (11th Cir. 2002) (noting that "several Florida courts have held that the certificate of title is merely evidence of ownership that may be refuted by other evidence")(citations omitted).  Accordingly, the unopposed motion, ECF No. 66, is **Granted** and the Tesla is deemed to be the property of Defendant and Judgment Debtor James Fishback.

    Accordingly, it is

    **ORDERED:**

    1.  Greenlight's unopposed motion to compel, ECF No. 65, is **GRANTED**.

2. No later than **March 20, 2026**, Azoria[4] must produce documents in their possession, custody, or control that respond to the eight document requests served on November 7, 2026. *See* ECF No. 65-2 at 8.

3. Greenlight has until **March 25, 2026**, to file a statement in support of the request for fees and costs which properly discloses the time spent in filing the motion to compel, ECF No. 65.

4. The unopposed motion, ECF No. 66, is **Granted** and the 2023 Tesla Model 3, is deemed to be the property of Defendant and Judgment Debtor James Fishback.

5. The Clerk of Court shall return this file upon receipt of Greenlight's response to this Order or no later than March 25, 2026.

**DONE AND ORDERED** on March 9, 2026.

<u>S/   Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] This Order will be received by Defendant James Fishback, the Founder and Chief Executive Officer of Azoria Capital, Inc. *See* ECF No. 65-6 at 2.