# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GREENLIGHT CAPITAL, INC.,**

    **Plaintiff/Judgment Creditor,**

v.                                                  Case No. 4:25-MC-031-MW-MAF

**JAMES FISHBACK,**

    **Defendant/Judgment Debtor,**

_____/

## O R D E R

Plaintiff Greenlight Capital, Inc. [hereinafter "Greenlight"] has filed an *ex parte* motion for a "break order."[1] ECF No. 72. "Under the common law of Florida a 'Break Order is customarily obtained by the creditor for the limited purpose of allowing the Sheriff to forcibly enter the residence.'" Braswell v. Braswell, No. 99-17994 FC 38 PJ, 2003 WL 354509 *3 (Fla. 11th Jud'l. Cir. 2003) (quoted in Liberty Mut. Ins. Co. v. Aventura Eng'g &

---

[1] "Because of the reality that personal property in a debtor's home is often portable and can be relatively easily secreted or moved if advance notice of a levy is given, it is an appropriate procedure for a judgment creditor to obtain a Break Order on an ex parte basis." Bivins v. Wrap it Up, Inc., No. 07-80159-CIV, 2008 WL 3539733, at *2 (S.D. Fla. Aug. 13, 2008) (citing Braswell v. Ryan Investments, LLC, 2003 WL 354509 (Fla.Cir.Ct.2003)).

Constr. Corp., No. 0622494CIVGOLDMCALIL, 2008 WL 11407179, at *1 (S.D. Fla. Sept. 3, 2008)).  In a post-judgment case filed in federal court, a "break order" may authorize the United States Marshals Service to forcibly (if necessary) enter a debtor's home to seize property.  Goldhoff v. Saunders, No. 5:22-CV-324-PRL, 2024 WL 1468853, at *3 (M.D. Fla. Feb. 15, 2024) (citing Bivins v. Wrap it Up, Inc., No. 07-80159-CIV, 2008 WL 3539733, at *1-2 (S.D. Fla. Aug. 13, 2008) (issuing break order and authorizing the United States Marshals to use force and enter debtor's home to seize property).  Notably, this Court entered a writ of execution on June 3, 2025.  ECF No. 6.

The basis for this motion is that Defendant Fishback "has not made a single payment to satisfy the Final Judgment owed to Greenlight."  ECF No. 72 at 2.  Defendant has also allegedly ignored this Court Order which required the Defendant to "turn over all of his stock and/or share certificates in Azoria Capital, Inc., to the United States Marshals Service no later than January 30 , 2026."  ECF No. 56 at 9.  Additionally, the Defendant was ordered to "turn over" the 43 luxury items recently purchased from a J.P. Morgan Chase Bank account ending in -1864.  *Id.* at 5-7, 10.  Again, Defendant's deadline to comply was January 30, 2026, *see*

*id.* at 10, but he has alleged failed to do so.  Thus, Plaintiff seeks issuance of the break order because Plaintiff has willfully disregarded this Court's orders.   ECF No. 72 at 2.

Essentially then, the basis for this motion is Plaintiff's assertion that Defendant Fishback refuses to comply with court orders.  A party may be held in civil contempt for failing to obey court orders.  "A finding of civil contempt - willful disregard of the authority of the court - must be supported by clear and convincing evidence." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002) (quoted in HSH Nordbank AG New York Branch v. St., No. 10-21611-CIV, 2011 WL 13319161, at *3 (S.D. Fla. June 21, 2011), report and recommendation adopted sub nom. HSH Norbank AG New York Branch v. St., No. 10-21611-CIV, 2011 WL 13319137 (S.D. Fla. July 11, 2011)).  In this case, an Order has been entered by United States District Judge Mark E. Walker which requires Defendant Fishback to appear in person on Wednesday, April 1, 2026, to show cause why he should not be held in civil contempt.   ECF No. 68.  It is likely, if not certain, that the hearing will impact the issues surrounding this motion.  For that reason, ruling on the instant motion is deferred.

It does not appear that deferral will cause prejudice to Plaintiff as it has not been alleged that the Defendant is destroying, hiding, or otherwise improperly disposing of property.  Rather, the motion rests on the fact that the Marshals Service advised that it required a break order to enter the Defendant's premises.  ECF No. 72 at 4.  Should the situation change before the April 1st contempt hearing, Plaintiff should so inform the Court.

Accordingly, it is **ORDERED** that ruling is **DEFERRED** on Plaintiff's *ex parte* motion for a break order, ECF No. 72.

**DONE AND ORDERED** on March 13, 2026.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**