**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREENLIGHT CAPITAL, INC.,**

      **Plaintiff/Judgment Creditor,**

**v.**                               **Case No. 4:25-MC-031-MW-MAF**

**JAMES FISHBACK,**

      **Defendant/Judgment Debtor,**

_____/

## O R D E R

Plaintiff Greenlight Capital, Inc. [hereinafter "Greenlight"] filed a motion to compel Azoria Capital, Inc., a  third party, to comply with a Subpoena Duces Tecum in Aid of Execution.   ECF No. 65.  That motion was unopposed and, pursuant to Rule 45, was granted.  ECF No. 70.  The Order directed Azoria (whose founder and chief executive officer is Defendant James Fishback) to "produce documents in their possession, custody, or control that respond to the eight document requests served on" November 7, 2025, by March 20, 2026.  ECF No. 70.  As of March 25, 2026, Greenlight advised that Azoria had not responded.  ECF No. 74 at 1.

Pursuant to Rule 45, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).[1] Defendant Fishback, as chief executive officer of Azoria, is required to show good cause why he should not be held in contempt for failing to comply with the subpoena as well as the Order, ECF No. 70, which granted Greenlight's motion to compel, ECF No. 65.

Previously, a Report and Recommendation was entered, ECF No. 64, which recommended that Greenlight's motion for civil contempt, sanctions, and attorney fees and costs, ECF No. 55, be granted. That recommendation was adopted without objection, *see* ECF No. 68, and Defendant Fishback has been ordered to "appear in person before" United States District Judge Mark E. Walker on Wednesday, April 1, 2026, at 11:00 a.m. ECF No. 68 at 2. Thus, Defendant Fishback is also required to show good cause on **April 1, 2026**, why he should not be held in contempt for the failures in responding to the Azoria subpoena as well.

---

[1] "The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45." Trika v. Toll Bros., No. 2:22-CV-552-JLB-KCD, 2023 WL 4536359, at *4 (M.D. Fla. July 13, 2023) (quoting "Am. Honda Motor Co. v. Motorcycle Info. Network, Inc., No. 5:04-CV-12-OC-10GRJ, 2006 WL 1063299, at *1 (M.D. Fla. Mar. 28, 2006)).

Case No. 4:25-MC-031-MW-MAF

Additionally, Greenlight was awarded its necessary fees and costs in filing the motion to compel.  ECF No. 70.  On March 25, 2026, Greenlight filed a statement which discloses the time spent in preparation for filing the motion to compel, ECF No. 65, and the hourly rate of counsel.  ECF No. 74; *see also* ECF No. 74-1.  In total, Greenlight seeks an award of fees in the amount of $3,604.00, representing 7.5 hours of work by three attorneys.  ECF No. 74-1 at 3.

When a motion to compel is granted, Rule 37 directs that "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  Thus, Azoria Capital, Inc. is given until **April 13, 2026**, to show good cause why it should not be required to pay Greenlight's costs and fees in the amount of $3,604.00 pursuant to Rule 37.

Accordingly, it is

**ORDERED:**

1.  Third-party Azoria Capital, Inc. is required to show good cause no later than **April 13, 2026**, why it should not be required to pay Greenlight's costs and fees in the amount of $3,604.00.

Case No. 4:25-MC-031-MW-MAF

2.  The Clerk of Court shall send this Order to Azoria Capital, Inc.'s principal office and place of business at 740 15th Street NW, 8th Floor, Washington, D.C. 20005.

3.  Defendant Fishback is required to appear **in person** before United States District Judge Mark E. Walker and also show good cause on **April 1, 2026**, why he should not be held in contempt for the failures in responding to the Azoria subpoena.  *See* ECF No. 68.

4.  This Order again requires Azoria Capital, Inc. to produce documents in their possession, custody, or control that respond to the eight document requests served on November 7, 2025.  *See* ECF No. 65-2 at 8. Azoria must do so no later than **April 13, 2026**.

5.  The Clerk of Court shall return this file upon receipt of a response from Azoria Capital, Inc., or no later than April 13, 2026.

**DONE AND ORDERED** on March 27, 2026.

S/  **Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**