# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

      Plaintiff/Judgment Creditor,              Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

      Defendant/Judgment Debtor.

_____/

## MOTION TO COMPEL AZORIA PARTNERS LLC AND JAMES FISHBACK TO COMPLY WITH THE COURT'S CHARGING ORDER

Plaintiff/Judgment Creditor Greenlight Capital, Inc. ("Greenlight") hereby files this motion (the "Motion") for entry of an order Compelling Azoria Partners, LLC, and Defendant/Judgment Debtor James Fishback ("Fishback") to Comply with the Court's *Order on Ex Parte Motion for Charging Order* (the "Charging Order") [ECF No. 19]. In support, Greenlight states as follows:

### BACKGROUND

1.      On March 31, 2025, the U.S. District Court for the Southern District of New York entered a final judgment (the "Final Judgment") in favor of Greenlight and against Fishback stemming from Fishback's failure to repay under a lending agreement.

2.      On May 9, 2025, Greenlight registered the Final Judgment in this Court pursuant to 28 U.S.C. § 1963. [ECF No. 1]. Accordingly, as of May 9, 2025, the

Final Judgment has the same effect as a judgment of the District Court for the Northern District of Florida and is enforceable in Florida. *See id.*

3.     On August 15, 2025, Greenlight filed its *Ex-Parte Motion for Charging Order* (the "Motion for Charging Order") pursuant to Fla. Stat. § 605.0503 to charge Fishback's membership interests in Azoria Partners, LLC. [ECF No. 12].

4.     Soon thereafter, on August 21, 2025, the Court issued the Charging Order. [ECF No. 19].

5.     The Charging Order directs that "[a]ny distribution made by Azoria Partners, LLC, directly to, or for the benefit of Defendant James Fishback at any time *from the date of [the Charging Order]* until the Judgment is satisfied in full *shall be paid to [Greenlight]* instead of [Fishback] until the amount due on the Judgment, plus interest, is satisfied." *Id.* at p.4 (emphasis added).

6.     It further ordered that Fishback "shall have five days after service of [the Charging Order] via registered mail on Azoria Partners, LLC, to file with this Court a sworn statement *reporting any amount payable as a distribution by Azoria Partners LLC, directly to [Fishback]*, or for his benefit, *at the time of the issuance of [the Charging Order] and at any time thereafter* when any amount payable as a distribution by Azoria Partners LLC becomes payable directly to [Greenlight]." *Id.* (emphasis added).

7.     The Charging Order noted that Azoria Partners, LLC is an entity listed

on the Florida Department of State's Division of Corporation (also known as "Sunbiz") which reveals that Fishback is the registered agent. *Id.* at p. 3. Furthermore, the Charging Order provided that "[t]his Court retains jurisdiction over [Fishback] and Azoria Partners, LLC, to enter any and all further orders which may be necessary, including but not limited to any order necessary to enforce this Court's Charging Order." *Id.*

8. On August 25, 2025, Greenlight served Fishback in his individual capacity, and as registered agent of Azoria Partners LLC, the Charging Order via First Class U.S. Mail at his Florida address and to his Washington D.C. addresses. [ECF No. 21].

9. However, Fishback failed to file any documents within the five (5) days required by the Charging Order. Additionally, Azoria Partners LLC has failed to provide any distributions as set forth in the Charging Order.

10. It is undisputed that Azoria Partners LLC is a single-member limited liability company of which Fishback is the sole member. ***See* Exhibit A**, an excerpt of Fishback's deposition transcript, in which he confirms that he is the sole member of Azoria Partners, LLC. This fact is significant because Azoria Partners LLC has made multiple distributions to Fishback since the entry of the Charging Order.

11. Attached hereto as **Exhibit B** are bank statements from Azoria Partners LLC, obtained through post-judgment discovery, reflecting all transfers from Azoria

Partners, LLC's bank account ending in 1385 that were made to, and/or for the benefit of, Fishback. These records show multiple distributions, including payments toward auto financing, Fishback's mortgage on his Washington, D.C. residence (Rocket Mortgage), his Florida residence (Carrington Mortgage Services), personal purchases using his ATM card ending in 2195, and transfers to Fishback's personal JP Morgan Chase checking account ending in 1864. Ex. B at pp. 2-7. Notably, Fishback testified at his deposition on August 29, 2025—days after these transfers occurred—that this same personal checking account ending in 1864 did not exist. [*See* ECF No. 51 at pp. 2–3]. Specifically, when Fishback was asked whether he held any other bank accounts during the relevant period dating back to 2019 besides a JP Morgan IRA-SEP account, and his Bank of America account, he stated "Not to my knowledge." *Id.* Despite making this sweeping statement at his deposition, all of these transactions occurred on the date of, and immediately following, the Court's entry of the Charging Order on August 21, 2025. Therefore, Fishback in fact did have knowledge of this JP Morgan Chase account ending in 1864 at his deposition on August 29, 2025.

12.  Not only that, but discovery obtained from Carrington Mortgage Services, the loan mortgage servicer for Fishback's Florida residence, showed that Azoria Partners, LLC made approximately eight (8) distributions on Fishback's behalf towards his mortgage payments. ***See* Exhibit C**, a copy of payments provided

by Fishback's loan servicer, Carrington Mortgage Services, pursuant to a subpoena in aid of execution.

13.    Fishback's noncompliance with the Court's Charging Order is not surprising as he has continually ignored orders of this Court. Fishback failed to comply with the Court's Discovery Order [ECF No. 55], the Court's Turnover Order [*see* ECF No. 63], the Court's Order Compelling Production of Discovery of Azoria Capital, Inc. [ECF No. 70, 75], and he has repeatedly failed to comply with the local rules of the Northern District in his filings [ECF No. 35, 63], even after receiving direct instruction from this Court [ECF No. 36]. As a result of his conduct, the Court previously held Fishback in civil contempt and ordered him to pay sanctions in the amount of $200.00 per day pursuant to the Court's Order Granting Civil Contempt and Sanctions. [ECF No. 68 (Order Adopting Report and Recommendation)]. Accordingly, this Court has ordered Fishback to appear in person on April 1, 2026, to explain why he should not again be held in contempt. *See id.*; ECF No. 75. Notwithstanding multiple opportunities to meaningfully participate in these proceedings, Fishback has refused to do so. Fishback has demonstrated a persistent pattern of disregarding this Court's authority and failing to comply with and ignoring its orders.

14.    Furthermore, to this date, Fishback has failed to make a single payment towards the Final Judgment. When asked whether he intended to make any payments

toward those obligations, despite having multiple creditors, Fishback stated that "I owe my mom $20.67 for Chipotle last night. She is the only one I'll be paying back." Jacob Olges, *James Fishback's attorneys want off the case, citing months of overdue bills*, FLORIDA POLITICS, https://floridapolitics.com/archives/786127-james-fishbacks-attorneys-want-off-the-case-citing-6-months-of-overdue-bills/. Accordingly, the Court's intervention is necessary here to require compliance with the Charging Order.

## ARGUMENT

15.   Greenlight seeks entry of an order: (1) compelling Fishback to file with the Court a sworn statement reporting any amount payable as a distribution by Azoria Partners LLC, directly to, and/or for the benefit of, Fishback since the entry of the Charging Order on August 21, 2025 by no later than 10 days from the date of the order; (2) requiring that Azoria Partners LLC provide all distributions to, and/or for the benefit, of Fishback to Greenlight Capital; and (3) ordering that Fishback return all distributions to Greenlight, including but not limited to, all distributions as noted in **Exhibit B** and **Exhibit C**.

16.   It is well settled that a "district court has the inherent 'authority to enforce its orders and ensure prompt disposition of legal actions.'" *Melvin v. Walmart Inc.*, No. 5:20-cv-00051/MW/ZCB, 2023 U.S. Dist. LEXIS 29166, at *5 (N.D. Fla. Jan. 27, 2023) (quoting *State Exchange Bank v. Hartline*, 693 F.2d 1350,

1352 (11th Cir. 1982)). Here, the Court is well within its discretion to compel compliance by both Fishback and Azoria Partners LLC with the Charging Order. The Court expressly ordered Fishback to file a sworn statement on the docket identifying all distributions and directed Azoria Partners LLC to remit distributions to Greenlight. Despite these clear directives, neither Fishback nor Azoria Partners LLC has complied with the Court's Charging Order.

17.    Greenlight has conferred with Fishback and provided him, and Azoria Partners LLC with additional time to comply with the Charging Order instead of filing the instant Motion. However, Fishback has failed to respond despite undersigned's attempts to settle this dispute without court intervention.

WHEREFORE, Greenlight respectfully requests this Court enter order, (i) granting this Motion; (ii) compelling Fishback to file with the Court a sworn statement reporting any amount payable as a distribution by Azoria Partners LLC, directly to, and/or for the benefit of, Fishback since the entry of the Charging Order on August 21, 2025 by no later than 10 days from the date of the order; (iii) requiring that Azoria Partners LLC provide all distributions to, and/or for the benefit, of Fishback to Greenlight; (iv) ordering that Fishback return any and all distributions made by Azoria Partners, LLC to and/or his benefit to Greenlight as of the entry of the Court's Charging Order; (v) award Greenlight its attorneys' fees and costs related

to the preparation, filing and prosecution of this Motion; and (vi) granting any other and further relief that this Court deems just and proper.

## N.D. Fla. L.R. 7.1(B) Conferral Certificate

Undersigned counsel certifies that, prior to filing this Motion, a good-faith effort was made to confer with Fishback regarding the Charging Order's requirement that he file an answer and the relief requested in this Motion. Attached hereto as **Exhibit D**, is correspondence with Fishback concerning same. This effort included advising Fishback that Greenlight intended to file this Motion if he failed to comply with the Court's Charging Order by March 30, 2026. Despite these efforts, undersigned counsel did not receive any response from Fishback prior to the filing of this Motion.

Dated: March 31, 2026

Respectfully submitted,
**Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By:    */s/ Miguel E. Del Rivero*
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via email to James Fishback at james@azoriapartners.com; via First Class U.S. Mail to the registered agent of Azoria Partners LLC, James Fishback, at 115 SW Pinckney Street, Madison, FL 32340, the registered agent address on file with the Florida Department of State; and via First Class U.S. Mail to James Fishback's last known address at 115 SW Pinckney Street, Madison, FL 32340 on March 31, 2026.

/s/ *Miguel E. Del Rivero*
Miguel E. Del Rivero