**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREENLIGHT CAPITAL, INC.,**

       **Plaintiff/Judgment Creditor,**

**v.**                                  **Case No. 4:25-MC-031-MW-MAF**

**JAMES FISHBACK,**

       **Defendant/Judgment Debtor,**

_____/

## O R D E R

Plaintiff Greenlight Capital, Inc. [hereinafter "Greenlight"] has filed a motion to compel Azoria Partners, LLC, and Defendant Fishback to comply with the Charging Order, ECF No. 19, issued on August 21, 2025. ECF No. 77. Greenlight contends that despite the Order having been served on Azoria and the Defendant, they failed to comply. *Id.* The motion also includes a certificate of conferral, showing a good faith effort to resolve the issue without Court involvement. *Id.* at 7-8; ECF No. 77-4 at 2.

Pursuant to the Local Rules of this Court, a party opposing a motion must file a memorandum in opposition. N.D. Fla. Loc. R. 7.1(E). If

Defendant Fishback or Azoria Partners, LLC, ["Azoria"] oppose the motion to compel, ECF No. 77, a response in opposition must be filed no later than **April 14, 2026**. The Court may grant Plaintiff's motion "by default" if no opposition is filed. *See* N.D. Fla. Loc. R. 7.1(H). In addition, if the motion to compel is granted, Defendant and Azoria are warned that they may be required to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

As additional guidance, this Order makes clear that Azoria is only permitted to appear in this Court if represented by an attorney. Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *see also* National Ind. Theatre v. Buena Vista Distribution, 748 F.2d 602, 609 (11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985) (concluding that § 1654 precludes a non-lawyer sole shareholder from appearing on behalf of a corporation); Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985) (stating that "a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel."); Reshard v. Britt, 839 F.2d 1499, 1501 (11th Cir. 1988) (Tjoflat, dissenting); Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985).

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear *in propria persona*.

Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867, 867 (1948)(citations omitted). "The proposition that a corporation must be represented by an attorney also applies to limited liability companies." Souffrant v. Denhil Oil, LLC, No. 10-80246, 2010 WL 1541192, at *1 (S.D. Fla. 2010) (citing Stockwire Research Group, Inc. v. Lebed, 577 F.Supp.2d 1262, 1264 (S.D. Fla. 2008) (stating that "the Court ordered Corporate Defendants Pigasa, Inc. and Lebed Biz, LLC to obtain substitute Counsel no later than March 10, 2008 or face potential default" (other citations omitted)); Energy Lighting Mgmt., LLC v. Kinder, 363 F.Supp.2d 1331, 1332 (M.D. Fla. 2005) (noting "that limited liability companies, like corporations, 'may appear and be heard only through counsel'") (citations omitted). Thus, Azoria is an artificial entity and cannot proceed in this case without representation by an attorney. A notice of appearance of counsel must be filed before, or simultaneously with, any opposition that may be filed.

Case No. 4:25-MC-031-MW-MAF

Accordingly, it is

**ORDERED:**

1.  Ruling is **DEFERRED** on Plaintiff's motion to compel, ECF No. 77.

2.  The Clerk of Court shall ensure this Order is provided to Defendant Fishback, who also serves as Azoria's manager and registered agent.

3.  Defendant Fishback and Azoria Partners, LLC, have until **April 14, 2026**, to file a response in opposition to Plaintiff Greenlight's motion to compel, ECF No. 77.

4.  The Clerk of Court shall return this case upon the filing of responses to the motion to compel, or no later than April 14, 2026.

**DONE AND ORDERED** on April 2, 2026.

S/  Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:25-MC-031-MW-MAF