*EXHIBIT A*

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

1.      Produce detailed records of all payments made by Azoria Capital, Inc. to you, including but not limited to the amount, date, method of payment, purpose of each payment, and any conditions associated therewith, together with all documents and records evidencing or relating to such payments, including bank statements, wire confirmations, checks, payment receipts, invoices, and accounting or ledger entries.

2.      Confirm that you are still the 100% owner of Azoria Capital, Inc. as reflected in **Exhibit B** attached to the Notice of Filing.  If not please explain who the other shareholders are, the extent of their holdings and any transfers of your shareholdings since the filing of **Exhibit B** with the SEC on January 6, 2026.

3.      Produce monthly R.J. O'Brien & Associates LLC account statements from November 1, 2018, to present for any account you owned, or have an interest in, at R.J. O'Brien & Associates LLC including the final monthly account statement.

4.      Produce any confidentiality agreement between Azoria Capital Inc. and any of its investors.

5.      Identify the individual who prepared or compiled the records of payments made to you by Azoria Capital, Inc. that were produced by you on November 19, 2025.

6.      Produce all documents relating to any loans made to you or by you, and any such loans paid, repaid, or outstanding at any time from January 1, 2020 to the present, including both formal and informal loans. This request includes, but is not limited to, all documents concerning loans or loan payments involving your family members, friends, or affiliates, whether written or oral. Produce all documents evidencing the existence, terms, amounts, payment histories, and current status of any such loans. To the extent that an "informal loan" has no documents evidencing

4

the terms of those loans please provide evidence all payments made or received as to each such loan.

7.    Identify the current physical location of the 2023 Tesla Model 3 (Vehicle Identification Number or VIN 5YJ3E1EA7PF541502) including the complete street address, city, and state, and identify the individual or entity currently in possession, custody, or control of the vehicle.  Additionally, describe in detail the current ownership status of the vehicle and identify all payments made toward the vehicle, including but not limited to payments toward the purchase price, principal balance, lease obligations, insurance premiums, or any related expenses, whether paid directly or indirectly by you or on your behalf. For each payment, state the amount, date, purpose, and source of the payment.

8.    Produce all documents which support the foregoing answer and identify any purchase of the 2023 Tesla Model 3 including the identity of the purchaser, the amount of consideration paid by the purchaser, the method of payment and where the purchase funds were placed.

9.    Identify all automobiles, trucks, vans or other vehicles you own or owned at any time from November 1, 2018 to present, including but not limited to, the following:

   a. 2022 Tesla Model Y, Vehicle Identification Number (VIN) 7SAYGDEE7NA006445 and Florida license plate CVG7X.

   b. 2023 Tesla Model 3, VIN 5YJ3E1EA7PF541502 and Florida license plate BN90UM.

   c. 2024 Tesla Model 3 with VIN of 5YJ3E1EB7RF790202 and MD temporary tag of T1868383.

10.    Produce all documents which support the foregoing answer and all documents relating to the purchase and sale of the 2024 Tesla Model 3 identified in

5

9 (c) above. Concerning the 2024 Tesla Model 3, this includes, but is not limited to, all documents identifying the purchaser or transferee of the vehicle; the date and method of sale or transfer; the purchase price or other value received; any trade-in, credit, or offset applied; contracts, bills of sale, financing or payoff statements; correspondence relating to the transaction; and records reflecting the disposition of any proceeds derived from the purchase or sale.

11.     State the exact date on which you ended your employment and/or association with Azoria Capital, Inc. Additionally, describe in detail the circumstances surrounding your departure, including all reasons for leaving Azoria Capital, Inc., whether voluntary or involuntary, and identify any individuals involved in or informed of the decision.

12.     Produce all documents which support the foregoing answer.

13.     Identify all employees (W-2) or contractors (1099) for Azoria Capital, Inc. since its creation to the present.

14.     Identify and state with particularity your position, title, and role at Azoria Capital, Inc. at any time from its formation to present, including whether you have served as a manager, member, director, officer, employee, agent, or in any other capacity. State the dates during which you held each such position and describe your duties, authority, and responsibilities associated with each role.

15.     State whether Azoria Capital, Inc. is currently active, inactive, administratively dissolved, or otherwise defunct, and if so, identify the date and manner in which the company ceased operations. If you contend that Azoria Capital Inc. is defunct or no longer operating, describe all facts supporting that contention, including whether the Azoria Capital, Inc. continues to maintain bank accounts, hold assets, receive income, engage in transactions, file tax returns, or conduct business of any kind.

SEQUOR LAW, P.A.

16.    Identify all members and managers of Azoria Partners LLC at any time from its formation to present and describe any changes in ownership, management, or control since its creation.

17.    Produce all documents which support the foregoing answer.

18.    Identify and state with particularity your position, title, and role at Azoria Partners LLC at any time from its formation to present, including whether you have served as a manager, member, officer, employee, agent, or in any other capacity. State the dates during which you held each such position and describe your duties, authority, and responsibilities associated with each role.

19.    State whether Azoria Partners LLC is currently active, inactive, administratively dissolved, or otherwise defunct, and if so, identify the date and manner in which the company ceased operations. If you contend that Azoria Partners LLC is defunct or no longer operating, describe all facts supporting that contention, including whether the Azoria Partners LLC continues to maintain bank accounts, hold assets, receive income, engage in transactions, file tax returns, or conduct business of any kind.

20.    Identify all employees and officers of Azoria Partners LLC at any time from its formation to present and describe any changes in ownership, management, or control.

21.    Produce all documents which support the foregoing answer.

22.    Identify and state with particularity all facts, changes in circumstances, or newly discovered information that have arisen since your August 29, 2025 deposition, at which you testified that Azoria Partners LLC is a single-member limited liability company, that caused you to later state at the April 1, 2026 show cause hearing that you are "not the sole proprietor of Azoria Partners, LLC" and that it is "an operating company that [you] use with [your] parents for a number of

7

different transactions." In your response, describe the nature of any change or clarification regarding ownership, membership, management, or control of Azoria Partners LLC, identify any additional members or participants, state the dates on which any such changes occurred, and explain the basis for your differing statements. Identify all documents that support or relate to these facts, changes, or statements.

23.   Produce all documents which support the foregoing answer.

24.   Identify all checking, savings, credit card accounts, or other financial accounts, including certificates of deposit or shares in banks, savings and loan associations, credit unions, brokerage houses, or cooperatives, that have been maintained in your name or in which you have had any legal, equitable, beneficial, or signatory interest at any time from November 1, 2018 to present. For each such account, state the name and of the financial institution, the type of account, the account number (last four digits only), the name(s) of all account holders and authorized signatories, the date the account was opened, the date the account was closed (if applicable), and the ending balance of the account as of April 8, 2026.

25.   Produce all documents which support the foregoing answer.

26.   Identify all checking, savings, credit card accounts, or other financial accounts, including certificates of deposit or shares in banks, savings and loan associations, credit unions, brokerage houses, or cooperatives, that have been maintained in the name of Azoria Capital, Inc. or in which it had any legal, equitable, beneficial, or signatory interest at any time from November 1, 2018 to present. For each such account, state the name and of the financial institution, the type of account, the account number (last four digits only), the name(s) of all account holders and authorized signatories, the date the account was opened, the date the account was closed (if applicable), and the ending balance of the account as of April 8, 2026.

27. Produce all documents which support the foregoing answer.

28. Identify all checking, savings, credit card accounts, or other financial accounts, including certificates of deposit or shares in banks, savings and loan associations, credit unions, brokerage houses, or cooperatives, that have been maintained in the name of Azoria Partners LLC or in which it had any legal, equitable, beneficial, or signatory interest at any time from November 1, 2018 to present. For each such account, state the name and of the financial institution, the type of account, the account number (last four digits only), the name(s) of all account holders and authorized signatories, the date the account was opened, the date the account was closed (if applicable), and the ending balance of the account as of April 8, 2026.

29. Produce all documents which support the foregoing answer.

30. For each checking, savings, credit card accounts, or other financial account, including certificates of deposit or shares in banks, savings and loan associations, credit unions, brokerage houses, or cooperatives, identified in response to questions 24, 26, and 28 produce all monthly account statements from November 1, 2018 through the present, including any statements reflecting opening or closing balances during that period.

31. Identify all accounts or sources of income you use for your day-to-day living expenses. This includes, but is not limited to, checking or savings accounts, cash accounts, credit cards, lines of credit, employment income, business income, government benefits, investment income, rental income, or financial support received from any individual or entity. For each account or source, state the name of the financial institution or payer, the type of account or income, and the extent to which it is used for ordinary living expenses.

32. Identify all cryptocurrency or digital-asset accounts, wallets,

9

exchanges, or platforms in which you have had any legal, equitable, beneficial, custodial, or signatory interest at any time from November 1, 2018 to the present, including but not limited to centralized or decentralized exchanges, custodial and non-custodial wallets, brokerage platforms offering digital assets, and self-hosted or hardware wallets, and for each such account or wallet state the name of the exchange, platform, or wallet provider; the type of account or wallet; the account identifier or wallet address (last four digits or truncated public address only); the name(s) of all owners or individuals with access or control; the date the account or wallet was created or first used; the date it was closed, abandoned, or rendered inaccessible, if applicable; and the balance or value of all digital assets held therein as of April 8, 2026, identifying the type(s) of cryptocurrency held and their approximate value in U.S. dollars.

33.    Produce all documents which support the foregoing answer.

34.    Identify all documents related to Azoria Partners LLC, including but not limited to all financial statements, balance sheets, income statements, equity statements, cash flow statements, and tax returns; all records reflecting any interest held by You in Azoria Partners LLC or any property held by it as trustee; all documents evidencing member interests; and all operating agreements, governing documents, and any amendments thereto, from the inception of Azoria Partners LLC to the present.

35.    Produce all documents which support the foregoing answer.

36.    Identify all documents related to Azoria Capital Inc., including but not limited to all financial statements, balance sheets, income statements, equity statements, cash flow statements, and tax returns, all records of any shares owned, all records reflecting any interest held by any person in the corporation, all copies of stock certificates and records of issued or outstanding shares, and all corporate

SEQUOR LAW, P.A.

bylaws, governing documents, and any amendments thereto, from the inception of the business to the present.

37.    Produce all documents which support the foregoing answer.

38.    Identify and describe in detail the Cartier watch you wore during your August 29, 2025 deposition, including the model, style, materials, serial number, and any other identifying characteristics. If the Cartier watch was gifted to you, state the name and address of the giver, the date of the gift, and the reason for the gift. State how and when you acquired the watch, the name and address of the person or entity from whom it was acquired, and the source of funds used for its acquisition.

39.    Identify the current location of the Cartier watch and the individual or entity presently in possession, custody, or control thereof.

40.    If you gifted, sold, transferred, or otherwise disposed of the Cartier watch, or any other watch, state when the transfer occurred, the identity and relationship of the recipient or purchaser, whether consideration was received, and how and where the transfer was effectuated.

41.    Produce all documents which support the foregoing answers to questions 38, 39, 40. This includes all documents relating to the Carter watch, including documents concerning its acquisition, ownership, possession, transfer, sale, or disposition.

42.    Identify and describe in detail the purchase made from Bucherer in the amount of $7,473.00 on or about June 24, 2025, using the JP Morgan Chase Bank N.A. Debit Card ending in 1864, including a description of the item or items purchased (including type, model, serial number, certification, and any identifying characteristics). State the current location of the item(s) and identify the individual or entity presently in possession, custody, or control thereof. If any item purchased was subsequently gifted, transferred, sold, or otherwise conveyed to another person

11

or entity, state when the transfer occurred, to whom the item was transferred (including name, address, and relationship), why the item was transferred, whether the transfer was a gift or for consideration, and how the transfer was effectuated, including the manner, method, and location of delivery.

43.    Produce all documents which support the foregoing answer.

44.    Identify and describe in detail the purchase made from Glore Jewelry Inc. in the amount of $3,296.00 on or about March 15, 2024 using the JP Morgan Chase Bank N.A. Debit Card ending in 1864, including a complete description of the jewelry or item(s) purchased (including materials, gemstones, serial numbers, certifications, and distinguishing features). State the current location and present custodian of the item(s). If any such item was gifted, transferred, sold, or otherwise conveyed to another person or entity, state the date of the transfer, the identity and relationship of the recipient, the reason for the transfer, whether any consideration was received, and how the transfer occurred, including the means and place of delivery.

45.    Produce all documents which support the foregoing answer.

46.    Identify and describe in detail the purchase made from the Apple Store in the amount of $1,987.68 on or about April 4, 2025 using the JP Morgan Chase Bank N.A. Debit Card ending in 1864, including the specific product or products purchased, model and specifications, serial numbers, accessories included, method of payment, and source of funds. Identify the current location of the product(s) and the individual who currently possesses or uses them. If any product purchased was gifted, transferred, or otherwise assigned to another person, state when the transfer occurred, the name, address, and relationship of the recipient, the reason for the transfer, whether the product was activated or used prior to transfer, and how the transfer was completed, including physical delivery and any changes to ownership,

12

registration, or associated accounts.

47.     Produce all documents which support the foregoing answer.

48.     Please state the factual basis for your representation to the Court on April 1, 2026, that you "never resided in Washington, D.C.," in light of the documents attached hereto. Those documents include **Composite Exhibit C** attached to the Notice of Filing, in which you identified your home addresses in Washington, D.C. in the relevant redacted portions of your federal tax returns for the years of 2018-2022 and in your relevant redacted District of Columbia income tax returns in 2019-2022, and **Exhibit D**, in which, in connection with your loan application for the property located at 115 SW Pinckney Street, Madison, Florida 32340, you represented on September 2, 2022 that the Madison, Florida address would now serve as your new primary address and that the property located at 2325 42nd Street NW, Apartment 215, Washington, D.C. 20007 would be retained as a second home or investment property.

49.     Identify and describe in detail the apartment located at 2325 42nd Street NW, Apartment 215, Washington, D.C. 20007, which you own and which you represented to the Court was being rented to a third party. State when the rental arrangement began, the full name and contact information of the tenant(s), and the material terms of any written or oral lease or rental agreement, including the lease term, monthly rent amount, security deposit, and payment schedule. Identify all persons or entities involved in negotiating, managing, or administering the rental of the apartment, including your parents, and describe their roles and authority with respect to the property. State who collects the rent, how and by whom the rent is collected, where the rent payments are deposited or transferred, and how the rental proceeds are distributed or used. Identify each rent payment received to date, including the amount and date of each payment, and state whether any portion of the

13

rental income has been retained by, paid to, or transferred to any third party. Identify all documents relating to the rental of the apartment, including but not limited to leases, amendments, communications with the tenant, rent receipts, bank records, and accounting or management records.

50.     Produce all documents which support the foregoing answer.

51.     State whether the property located at 115 SW Pinckney Street, Madison, Florida is currently being used, in whole or in part, as a rental property or for office or business purposes. If so, identify the nature of such use, state whether you receive any rent, license fees, or other payments in connection with the use of the property, and specify the amounts received, the frequency of payments, and the identity of the person or entity making such payments.

52.     Produce all documents which support the foregoing answer.

53.     Identify all real property in which you currently have, or have had at any time from November 1, 2018 to present, any legal, equitable, beneficial, or possessory interest, whether held individually, jointly, through any entity, trust, nominee, or third party, or otherwise controlled by you. For each such property, state the complete address or legal description, the nature of your interest (including ownership percentage), the manner in which title is held, the date you acquired your interest, the person or entity from whom the property was acquired, the purchase price or other consideration paid, and the source of funds used for acquisition. State whether the property is presently occupied, rented, vacant, or otherwise used, identify any tenants or occupants, and describe any income generated from the property. If any property was sold, transferred, or otherwise disposed of at any time from November 1, 2018 to present, state the date of disposition, the identity of the transferee, the consideration received, and the manner in which the transfer occurred. This request includes, but is not limited to, documents relating to your residences

14

located at 2325 42nd Street NW, Apartment 215, Washington, DC 20007, and 115 SW Pinckney Street, Madison, FL 32340.

54.    Produce all documents which support the foregoing answer.

55.    For each property identified in response to question 53, produce all monthly mortgage statements at any time from November 1, 2018 to present. This request includes, but is not limited to, all mortgage statements issued by Rocket Mortgage relating to the property located at 2325 42nd Street NW, Apartment 215, Washington, DC 20007, and all mortgage statements issued by Carrington Mortgage Services relating to the property located at 115 SW Pinckney Street, Madison, FL 32340.

56.    Please provide a full inventory of all the personal property located at 2325 42nd Street NW, Apartment 215, Washington, DC 20007.

57.    Please provide a full inventory of all the personal property located at 115 SW Pinckney Street, Madison, FL 32340.

58.    Identify all sources of income that you currently receive or reasonably expect to receive.

59.    Produce all documents which support the foregoing answer.

60.    State whether, at any time from November 1, 2018 to present, whether you have entered into, discussed, negotiated, or contemplated any book deals or publishing agreements for written works, whether completed or proposed. For each such actual or potential agreement, identify the publisher, agent, or counterparty, briefly describe the subject matter of the work, state the current status of the agreement, and identify any payments received or expected, including any advances or royalties.

61.    Produce all documents which support the foregoing answer.

62.    Identify all corporations (other than Azoria Capital, Inc.) in which you

SEQUOR LAW, P.A.

hold an interest or held any interest at any time from November 1, 2018, to present.

63.     Produce all documents which support the foregoing answer.

64.     Identify any interests in stocks of any corporations (other than Azoria Capital, Inc.), mutual funds, or stock funds You own or owned at any time from November 1, 2018 to present.

65.     Produce all documents which support the foregoing answer.

66.     Identify all limited liability corporations (other than Azoria Partners LLC) in which you hold a membership interest or held any membership interest at any time from November 1, 2018, to present.

67.     Produce all documents which support the foregoing answer.

68.     Identify all partnerships which in which you hold an interest or held any interest at any time from November 1, 2018 to present.

69.     Produce all documents which support the foregoing answer.

70.     Produce a complete copy of your 2025 federal and state income tax returns, including all schedules, statements, and attachments, within seven (7) days after such returns have been prepared and finalized.

71.     Identify whether you are currently married and whether you have been married at any time from November 1, 2018 to the present. If applicable, state the full name of your current or former spouse(s), the date of each marriage, and the date of separation or dissolution, if any. Additionally, identify any assets acquired, held, or disposed of during any such marriage, whether jointly or individually, including but not limited to real property, vehicles, bank or investment accounts, business interests, retirement accounts, or other significant assets, and state whether each asset was classified as marital, separate, or community property and how title or ownership was held.

72.     Identify all creditors (not including Greenlight Capital, Inc.) to whom

16

SEQUOR LAW, P.A.

you have owed any balance that was more than thirty (30) days past due at any time from November 1, 2018 to the present. For each creditor, state the name of the creditor, the type of debt, the approximate amount owed, the date the account became more than 30 days delinquent, whether the debt is currently outstanding or has been satisfied, and, if satisfied, the date and manner of payment.

73.    Produce all documents which support the foregoing answer.

74.    If you are unable to answer any interrogatory or produce any document requested herein, state with specificity each reason for your inability to do so, including the basis for any refusal, inability, or failure to provide the requested information or documents. Your response shall describe in detail the efforts made to locate the information or documents, including the dates, methods, and scope of the search, and identify all individuals or entities involved in conducting the search. Additionally, state whether the requested information or documents are believed to be lost, destroyed, transferred, unavailable, or in the possession, custody, or control of another person or entity, and identify any such person or entity if known.

17