IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISIONGREENLIGHT CAPITAL, INC.,

Case No. 4:25-MC-031-MW-MAF

GREENLIGHT CAPITAL, INC.
Plaintiff/Judgment Creditor,

v.

JAMES FISHBACK,
Defendant/Judgment Debtor.

Re: Discrepancy Between April 1, 2026 Order (ECF No. 78) and Plaintiff's April 8, 2026 Filing (ECF No. 82)

April 15, 2026

The Honorable Mark E. Walker
United States District Judge
U.S. District Court, Northern District of Florida
110 East Park Avenue
Tallahassee, Florida 32301

Dear Judge Walker:

Thank you for the two hours you devoted to our April 1, 2026 hearing. I am grateful for your patience and for your appreciation of the nuance in this case.

Your Order of April 1, 2026 (ECF No. 78) memorialized the ruling from that hearing and states in relevant part:

> "No later than April 8, 2026, Greenlight must serve on [Defendant] a detailed and specific list of discovery items which have not yet been produced and are still outstanding. No later than April 15, 2026, Defendant must serve responses to Plaintiff's discovery. If Defendant is unable to respond to a request, he must serve a sworn declaration which clearly explains how and why he is unable to produce the requested item of discovery."

FILED USDC FLND TL
APR 15 '26 PM 4:02

At the hearing, Plaintiff's counsel agreed to narrow and clarify the outstanding discovery. As I understood the discussion and consistent with the Order, counsel limited the remaining items to just a handful of remaining items, including my bank statements, R.J. O'Brien brokerage statements, payments from Azoria Capital, Inc., and any documentation regarding loans made to me.

To my surprise, Plaintiff's counsel did not serve the "detailed and specific list" required by the Order. Instead, on April 8, 2026, they filed a Notice of Filing (ECF No. 82) attaching as Exhibit A an entirely new, voluminous set of "Interrogatories and Requests for Production." This document spans 56 pages and contains dozens of brand-new broad requests, which Plaintiff's counsel now presents as the discovery I must answer by today's deadline.

For example, Interrogatory No. 57 demands a full inventory of "all personal property" located at my home, 115 SW Pinckney Street, Madison, FL 32340. I do not know how any individual could reasonably begin to compile or swear to a complete inventory of every item of furniture, clothing, kitchenware, books, electronics, tools, and other personal effects in a home—with one week's notice and without any prior discussion of this topic at the hearing, and given the fact that I am not at home, and will not be for weeks.

In addition, the sheer volume of new requests appears to exceed the 25-interrogatory limit set by Federal Rule of Civil Procedure 33 (including all discrete subparts) without leave of Court or my written stipulation.

I remain ready and willing to respond to any requests that are consistent with Your Honor's Order. I respectfully ask the Court to clarify whether the April 1, 2026 Order (ECF No. 78) required (or authorized) Plaintiff to serve an entirely new and expansive set of interrogatories and document requests.

I write this letter in good faith, out of respect for the Court's time and process, and with a sincere desire to comply with whatever the Court ultimately directs.

Respectfully submitted,

James T. Fishback
Pro Se Defendant/Judgment Debtor
115 SW Pinckney Street
Madison, FL 32340