IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREENLIGHT CAPITAL, INC.,**

      **Plaintiff/Judgment Creditor,**

**v.**                                  **Case No. 4:25-MC-031-MW-MAF**

**JAMES FISHBACK,**

      **Defendant/Judgment Debtor,**
_____/

## **O R D E R**

A hearing was held on April 1, 2026, concerning Greenlight Capital, Inc.'s ("Greenlight") motion for civil contempt and sanctions, ECF No. 55. In short, the issue was whether Defendant Fishback had produced the outstanding discovery from a June 2025 request for production, ECF No. 27-1, and six additional documents which were requested during Defendant's August 2025 deposition. *See* ECF No.64 at 5.

Greenlight was directed to serve on Plaintiff a detailed and specific list of discovery items which had not yet been produced and were still outstanding. ECF No. 78. Mr. Fishback was then to required to serve responses to Plaintiff's discovery. *Id.* As explained in the hearing, Mr. Fishback was to "either turn over

the documents or under oath in a declaration, properly signed, properly attested to, say something doesn't exist, or, I don't have access to it, and why." ECF No. 81 at 71. The goal was to specifically identify what had not been produced and provide Mr. Fishback with an opportunity to produce the outstanding discovery and avoid holding him in contempt. Greenlight was "to identify with specificity" what discovery had not been produced, but it could certainly also seek explanations regarding the items at issue. ECF No. 81 at 82, 85. That is not to say that Greenlight cannot serve additional discovery requests, but that was not the purpose of the hearing or the Court's ruling.

Greenlight's recently filed notice of filing interrogatories and requests of production, ECF No. 82, provides little clarification. It does not resemble the prior request for production, ECF No. 27-1, and fails to correspond to that request such that the Court can determine what was previously requested and what has still not been disclosed. Previously at issue were 55 requests for production plus six additional documents; yet Greenlight's instant discovery request is now for 74 items.

In addition, the new request for production includes matters related to a separate motion to compel, ECF No. 51, filed by Greenlight which concerned so

called "luxury items" purchased from a previously undisclosed J.P. Morgan

account ending.  *See* ECF No. ECF No. 82-1 at 9-10 ; *cf.* ECF No. 56 at 5-8.

Although United States Magistrate Judge Fitzpatrick granted that motion to compel

and required Mr. Fishback to turn over the 43 items by January 30, 2026, *see* ECF

No. 56 at 8, those issues were not part of the motion for sanctions and contempt,

ECF No. 55, that was referred to me for a hearing.  *See* ECF Nos. 64, 68.  In sum,

the Court agrees with Mr. Fishback's response, ECF No. 83, that Greenlight's

recent request, ECF No. 82, does not comply with the prior direction to identify

with precision and clarity what specific discovery requests were served on

Mr. Fishback and remain outstanding.

To the extent the Court was not clear in the prior hearing, this Order seeks to

reiterate that a contempt proceeding must be "done with precision."  *See* ECF No.

81 at 69.  So far, it is not.  Greenlight must be clear in identifying specific

discovery requests that Mr. Fishback did not respond to or sufficiently explain why

he could not respond.  Mr. Fishback then has one more opportunity to produce the

items requested.  As stated in the hearing, if he does not respond to a specific

request, Mr. Fishback must provide "a sworn declaration" which states either that a

document does not exist or explains with specificity why he is unable to access the information requested.  *See* ECF No. 81 at 67.

**IT IS ORDERED:**

1.  Plaintiff shall have until **April 24, 2026**, to file and serve on Defendant Fishback a detailed and specific list of discovery items from the prior motion to compel, ECF No. 27, and the six documents requested during his deposition, which have not been produced.

2.  Defendant Fishback has until **May 4, 2026,** to produce the items listed and respond with a sworn declaration as to any items that he cannot produce, and he must simultaneously file a notice to this Court confirming his production and attaching a copy of his sworn declaration, if one was necessary.

**SO ORDERED on April 16, 2026.**

**S/  Mark E. Walker**
**United States District Judge**