**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

GREENLIGHT CAPITAL, INC.,

     Plaintiff/Judgment Creditor,          Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

     Defendant/Judgment Debtor.

_____/

## MOTION TO COMPEL JAMES FISHBACK
## TO COMPLY WITH THE COURT'S ORDERS

Plaintiff/Judgment Creditor Greenlight Capital, Inc. ("Greenlight") files this motion (the "Motion") for the entry of an order compelling Defendant/Judgment Debtor, James Fishback ("Fishback") to comply with the Court's orders requiring production [ECF No. 78] and [ECF No. 84.] (the "Orders"). In support, Greenlight states as follows:

### PRELIMINARY STATEMENT

This is a simple and straightforward judgment enforcement matter, where Fishback has sought to confuse, conflate, and obfuscate at every turn in this proceeding. During his employment with Greenlight, Fishback borrowed money from Greenlight and executed promissory notes representing those loans. When his employment with Greenlight terminated, those loans became due and payable in full, and Fishback refused to pay. As a result, Greenlight filed suit, and the United States

District Court for the Southern District of New York entered judgment in Greenlight's favor for the amount of the debt owed, including interest incurred, by Fishback. *Greenlight Cap., Inc. v. Fishback*, No. 1:24-CV-02299-LTS, 2025 U.S. Dist. LEXIS 61604, at *17 (S.D.N.Y. Mar. 31, 2025). That judgment has since been registered with this Court [ECF No. 1], and collecting these unpaid loans due to Fishback's willful default, is the only judgment Greenlight now seeks to enforce—plain and simple. To this day, Fishback has not made a single payment on these outstanding loans.

Greenlight seeks the entry of an order compelling Fishback to comply with the Court's prior post-judgment discovery orders. [ECF Nos. 78, 84]. Specifically, the Court directed Greenlight to file and serve on Fishback "a detailed and specific list of discovery items from the prior motion to compel, ECF No. 27, and the six documents requested during his deposition, which have not been produced." [ECF No. 84 at p. 4]. Additionally, the Court provided Greenlight with the ability to ask questions related to specific assets belonging to Fishback. [ECF No. 86-1 at p. 7].

On April 24, 2026, Greenlight filed a list of fifteen outstanding discovery requests (the "Pending Discovery Items"), identifying documents Fishback had failed to produce, including materials he previously represented he would provide, coupled with Court authorized questions related to assets. [ECF No. 86]. On May 4,

2026, Fishback transmitted to Greenlight a limited, partial production and filed a sworn declaration purporting to demonstrate compliance. [ECF Nos. 87, 88].

Fishback's production, however, falls well short of the Court's Orders, and his explanations for noncompliance are insufficient. Accordingly, Greenlight respectfully requests that the Court enter an order compelling Fishback to fully comply with the Court's Orders.

## BACKGROUND

1. The Court ordered Greenlight to file and serve on Fishback, no later than April 24, 2026, a list of discovery items from the prior motion to compel [ECF No. 27], the six documents requested during Fishback's deposition, and questions related to specific assets. [ECF No. 84]. The Court further directed that Fishback produce documents responsive to those discovery requests and, to the extent he is unable to do so, submit a sworn declaration identifying any items he cannot produce and explaining the basis for his inability to do so. *Id.*

2. On April 24, 2026, Greenlight filed and served on the Pending Discovery Items. [ECF No. 86].

3. Greenlight identified fifteen outstanding requests, encompassing: (1) documents that Fishback agreed to produce during his August 29, 2025 deposition; (2) a specific set of discovery items previously sought in Greenlight's motion to compel [ECF No. 27]; and (3) two additional questions authorized by the Court at

the conclusion of the April 1, 2026 hearing [ECF No. 86-1].

4.      On May 4, 2026, Fishback produced documents responsive to certain requests and filed with the Court the Declaration of James Fishback (the "Fishback Declaration"), in which he purported to attest to his compliance with the outstanding discovery items. [ECF No. 88].

5.      But Fishback failed to fully comply with the Court's Orders. Although his production and accompanying statements contain numerous deficiencies, in the interest of efficiency, Greenlight highlights four instances demonstrating his noncompliance.[1]

### a.  The Cartier Watch (Req. 15)

6.      With respect to the Cartier watch, Fishback stated: "I do not own the watch worn at my August 29, 2025 deposition. It was borrowed from a personal friend. I have no ownership interest in it and hold no responsive documents." [ECF No. 88 p. 2].

7.      However, records from Fishback's JP Morgan Chase checking account reflect a substantial purchase in the amount of $7,473.00 at Bucherer, a Swiss luxury watch retailer located in Arlington, Virginia, on June 24, 2025. *See* ECF No. 51-2 p.

---

[1] Greenlight files this Motion focusing on four specific areas of noncompliance by Fishback but does not waive, and expressly reserves, all rights to challenge and seek relief for additional deficiencies in Fishback's compliance with the Court's Orders, as well as to pursue further post-judgment discovery and enforcement of its outstanding judgment.

26]. Bucherer sells numerous high-end Swiss watch brands, including Cartier. Fishback has never provided any explanation for this purchase. Upon information and belief, the item purchased at Bucherer is the same Cartier watch that Fishback wore at his August 29, 2025 deposition and has worn on multiple occasions since then. Fishback has never provided any evidence to the contrary, except general statements that he is borrowing a luxury watch, for prolonged periods of time, from an unidentified friend. An unsupported and implausible claim, presented without any evidence to substantiate it.

8.      Yet, as recently as May 25, 2026, a picture of Fishback was posted on X.com in which he is clearly seen wearing the same Cartier watch. *See* attached as **Exhibit A**, is a photo of Fishback wearing the Cartier watch. Despite repeatedly disclaiming ownership, claiming at the April 1, 2026 hearing that the Cartier watch was not his because it was a "gift", he continues to wear the watch publicly. *See* attached as **Exhibit B**, the relevant hearing transcript where Fishback stated he gifted the Cartier watch. This conduct is particularly concerning given his statements to Greenlight and the Court, that he does not own the Cartier watch coupled with the fact that Fishback has never accounted for the significant Bucherer purchase made on June 24, 2025.

### b.  *The 2023 Tesla Model 3 (Req. 14).*

9.      Regarding the 2023 Tesla Model 3 (VIN 5YJ3E1EA7PF541502) (the

"2023 Tesla Model 3"), Fishback failed to comply with the discovery request seeking identification of the vehicle's current location.

10.    This omission is particularly notable given that the Court has already determined that the 2023 Tesla Model 3 constitutes property of the Judgment Debtor James Fishback. [ECF No. 70 p. 5 ("the Tesla is deemed to be the property of Defendant and Judgment Debtor James Fishback")].

### c.  The R.J. O'Brien Account (Req 2, 3).

11.    With respect to his R.J. O'Brien account, Fishback made only minimal and insufficient efforts to comply. He produced merely a screenshot of the account login page indicating that the account is locked and asserted that he can no longer access it. [*See* ECF No. 88 p. 2]. Fishback did not attest to taking any reasonable steps to obtain the requested information, such as contacting R.J. O'Brien by phone or email, or reviewing his own email or other records for prior account statements. In short, he failed to make any meaningful effort to comply with the discovery request, and instead did the bare minimum and provided a blanket statement, "under the penalty of perjury under the laws of the United State of America" that he "produced all responsive documents within my possession, custody, or control." [*Id.* at p. 1, 3].

### d.  The Bank of America Statements (Req. 7, 8)

12.    Similarly, regarding the Bank of America statements, Fishback states

that while he retains access to the online portal, he can no longer access statements for his personal checking account ending in 0313 or his credit card ending in 5409. [*See id.* at p. 2]. In support, he provides only a screenshot of his account. [*Id.*]. As with the R.J. O'Brien account, Fishback fails to demonstrate any reasonable effort to obtain the requested records. He could have but did not: (1) contact Bank of America by email, (2) call the institution, or (3) visit any of the numerous Bank of America branch locations throughout Florida to request assistance in retrieving these documents.

13.    Collectively, these actions—or lack thereof—further demonstrate Fishback's ongoing resistance and failure to comply with discovery obligations in aid of execution. Accordingly, the Court's intervention is necessary here to require compliance with the Court Orders.

## ARGUMENT

14.    Greenlight respectfully requests entry of an order requiring Fishback to: (1) produce all documents relating to the Cartier watch. If Fishback contends that the Cartier watch is not his, he must produce documentation substantiating the $7,473.00 payment made to Bucherer, including receipts or transaction records—information that is readily obtainable with minimal effort. If the watch is, in fact, his, Fishback should be ordered to turn it over in accordance with the Court's Order Requiring Turnover of Personal Luxury Items [ECF No. 56]; (2) identify the current

location of the 2023 Tesla. Fishback has failed to disclose its whereabouts and has instead produced only documentation of payments. Given the substantial payments he has made toward the vehicle, and the documents he produced concerning the vehicle, he should be able to identify its current location; and (3) produce the outstanding financial account documents from R.J. O'Brien and Bank of America. Fishback's limited efforts—merely attempting to log into his accounts—are insufficient. He has not contacted the relevant institutions or otherwise attempted to obtain the requested records. As the Court noted during the April 1, 2026 hearing, the issue appears not to be an inability to obtain these documents, but rather a failure to make a meaningful effort to do so.

15.    It is well settled that a "district court has the inherent 'authority to enforce its orders and ensure prompt disposition of legal actions.'" *Melvin v. Walmart Inc.*, No. 5:20-cv-00051/MW/ZCB, 2023 U.S. Dist. LEXIS 29166, at *5 (N.D. Fla. Jan. 27, 2023) (quoting *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, the Court is well within its discretion to compel Fishback's compliance with its Orders. The Court permitted Greenlight to file and serve a list of fifteen specific discovery requests identifying outstanding documents that Fishback had previously represented he would produce, coupled with requests related to personal property that the Court permitted questions to. [ECF No. 78, 84]. However, Fishback's responses and document production have been largely

inadequate and fail to satisfy the requirements set forth by the Court.

WHEREFORE, Greenlight respectfully requests this Court enter order, (i) granting this Motion; (ii) compelling Fishback to fully comply with the Court's Orders by providing complete production to the above mentioned four listed categories of requests; and (iii) granting any other and further relief that this Court deems just and proper.

### N.D. Fla. L.R. 7.1(B) Conferral Certificate

Undersigned counsel certifies that, prior to filing this Motion, a good-faith effort was made to confer with Fishback. This effort included advising Fishback that Greenlight intended to file this Motion if he failed to comply with the Court's Orders. Despite these efforts, Fishback failed to respond.

Dated: June 4, 2026

Respectfully submitted,
**Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By:  /s/ Miguel E. Del Rivero
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing was sent on June 4, 2026 via electronic filing using the CM/ECF system with the Clerk of the Court which sent email notification of such filing to all CM/ECF participants; via email to James Fishback at tommyfishback@gmail.com and james@azoriapartners.com; and via First Class U.S. Mail to James Fishback's last known address at 115 SW Pinckney Street, Madison, FL 32340.

/s/ *Miguel E. Del Rivero*
Miguel E. Del Rivero