**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREENLIGHT CAPITAL, INC.,**

   **Plaintiff/Judgment Creditor,**

**v.**                                                        **Case No. 4:25-MC-031-MW-MAF**

**JAMES FISHBACK,**

   **Defendant/Judgment Debtor,**
**_____/**

**O R D E R**

Plaintiff has filed a motion for clarification, ECF No. 93, regarding this Court's Order, ECF No. 89, which denied Plaintiff's motion to compel, ECF No. 77.  Plaintiff first takes issue with the Court's conclusion that Plaintiff's "attempts to confer with Defendant Fishback as to Azoria's response [were] not sufficient."  ECF No. 93 at 1-2; *see* ECF No. 89 at 2.  Plaintiff also clarifies that Azoria Partners LLC is an entirely separate entity from Azoria Capital.  ECF No. 93 at 3.

The Court had assumed that Azoria Capital was the same as Azoria Partners and, thus, it appeared that Defendant Fishback's recent May 4,

2026, discovery response mooted the motion to compel, ECF No. 77. *See* ECF No. 89 at 3. That assumption now appears incorrect. Notably, the Order stated that if the assumption was incorrect, it was incumbent upon Plaintiff "to say so and to demonstrate that a meaningful conferral process occurred before the filing." *Id.* at 4.

The Order, ECF No. 89, was entered on May 7, 2026. It has taken Plaintiff over a month to file the instant motion, ECF No. 93. It would have been better to address those issues sooner rather than later. Regrettably, it was not clear to the Court that Azoria Partners LLC (the subject of the charging Order) is not the same legal entity as Azoria Capital. Both of those entities have played a role in this proceeding which has led to confusion.

Plaintiff's motion to compel, ECF No. 77, was filed on March 31, 2026. Defendant Fishback was provided an opportunity to respond to Plaintiff's motion, ECF No. 77, *see* ECF No. 80, but did not respond. It now appears the prior Order, ECF No. 89, should be vacated. If Defendant Fishback desires to be heard on the issue raised in the motion to compel, he shall have until **June 30, 2026**, to file a response.

As a reminder, Plaintiff filed another motion to compel, ECF No. 90, on June 4, 2026. Defendant Fishback has until **June 18, 2026**, to file a response to that motion as well. *See* ECF No. 92.

Defendant is reminded that the Local Rules of this Court require a party who opposes a motion to file a response in opposition, with a memorandum. N.D. Fla. Loc. R. 7.1(E). The Court may grant a motion "by default" if Plaintiff "does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H).

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for clarification, ECF No. 93, is **GRANTED**.

2.  The May 7, 2026, Order, ECF No. 89, is **VACATED**.

3.  The Clerk of Court must re-gavel the March 2026 motion to compel, ECF No. 77.

4.  Defendant has until **June 30, 2026**, to file a response to the motion to compel compliance with this Court's charging Order, ECF No. 77.

5.  Defendant Fishback has until **June 18, 2026**, to file a response to the motion to compel compliance with the Orders compelling production, ECF No. 90.

Case No. 4:25-MC-031-MW-MAF

6.  The Clerk of Court shall return this file upon receipt of Defendant Fishback's responses to the motions to compel, or no later than June 30, 2026.

**DONE AND ORDERED** on June 16, 2026.

**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**