UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREENLIGHT CAPITAL, INC.,

Plaintiff/Judgment Creditor, Case No.: 4:25-mc-00031

v.

JAMES FISHBACK,

Defendant/Judgment Debtor.
______________________________/

**MOTION TO COMPEL ALEXANDER MUNGUIA TO COMPLY WITH SUBPOENA DUCES TECUM IN AID OF EXECUTION**

Plaintiff/Judgment Creditor Greenlight Capital, Inc. ("Greenlight"), pursuant to Rules 34(c), 37(a), and 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, moves for an order compelling non-party Alexander Munguia ("Mr. Munguia") to produce the documents requested in the Subpoena Duces Tecum in Aid of Execution with Deposition served on him on September 17, 2026 (the "Subpoena"). Production was due on October 14, 2026. Mr. Munguia did not produce any documents and did not serve objections. He also did not reply to a follow-up letter that undersigned sent him by email and certified mail on October 20, 2026. This is a pattern that closely follows the non-compliance by Defendant/Judgment Debtor James Fishback ("Fishback"). Greenlight asks the Court to order Mr. Munguia to produce all responsive documents within ten days of the Court's order and to appear for

deposition within fourteen days after that. In support hereof, Greenlight states as follows:

## BACKGROUND

1. On March 31, 2025, Greenlight obtained a final judgment (the "Judgment") against Fishback in the U.S. District Court for the Southern District of New York. *See* ECF No. 4-1.

2. The Final Judgment referred to in Paragraph 1 above is not the subject of an appeal or of a motion for reconsideration which would stay the judgment.

3. On May 9, 2025, the Judgment was registered in this Court pursuant to 28 U.S.C. § 1963. Accordingly, as of May 9, 2025, the Judgment has the same effect as a judgment of the District Court for the Northern District of Florida and is enforceable in Florida. *See* ECF No. 1 (Registration of Judgment).

4. Greenlight is seeking post-judgment discovery to find assets that can be used to satisfy the judgment. As part of that effort, Greenlight's counsel issued the Subpoena to Mr. Munguia on September 15, 2026. A copy of the Subpoena, including Schedule I, is attached as **Exhibit A**.

5. Mr. Munguia is no stranger to Fishback or his finances. The two have been close friends for years and have partnered in multiple business ventures, most notably Azoria Capital, Inc. ("Azoria Capital"), the investment firm Fishback founded and led as CEO. Relevant excerpts of the deposition transcript are attached

as **Exhibit B**. Fishback testified that Mr. Munguia serves as Azoria Capital's Chief of Staff and holds an ownership stake in the company. *Id.* at 10. Azoria Capital's Form ADV filed with the Securities and Exchange Commission likewise lists Mr. Munguia among the firm's officers. ECF No. 50-1 p. 19; ECF No. 82-2 p. 19. Given their longstanding personal and business relationship, Mr. Munguia is uniquely positioned to possess information concerning Fishback's assets, finances, and financial dealings.

6. Fishback's own testimony establishes that Mr. Munguia has direct knowledge of financial information relevant to Greenlight's judgment-enforcement efforts. Fishback testified that Mr. Munguia handles Azoria Capital's bank accounts and is "the one who controls that account." Ex. B at p. 7. He further testified that Mr. Munguia would know how many bank accounts Azoria Capital maintains, the policies governing withdrawals from those accounts, and the company's profit calculations and transfers. *Id.* at pp. 7-10. Thus, by Fishback's own account, Mr. Munguia possesses information concerning accounts, transfers, and financial records bearing on Fishback's assets and ability to satisfy the judgment.

7. Fishback likewise identified Mr. Munguia as a person with knowledge concerning property potentially subject to execution. Fishback testified that his Tesla was in Mr. Munguia's possession when it was levied by the United States Marshals

Service. Fishback summarized their arrangement as follows: "He borrows the car. I borrow the watch. The car gets repossessed." *Id.* at p. 2.

8. Fishback also appeared at his deposition wearing a Cartier watch. After initially denying that he owned any jewelry, he claimed the watch belonged to Mr. Munguia and, when asked for documentation supporting that claim, answered that it was "a question to ask him." *Id.* at p. 3. Records show that Fishback made a $7,473.00 purchase from Bucherer, a luxury watch retailer that sells Cartier watches, on June 24, 2025. ECF No. 51 ¶¶ 11-13. At the April 1, 2026 show-cause hearing, however, Fishback offered a different account, asserting that he owned only a Swatch watch and that his jewelry purchases were "gifts," despite a December 5, 2025 photograph showing him wearing the Cartier watch. *See* ECF No. 55-3. Mr. Munguia, the individual Fishback identified as the watch's "owner", therefore possesses firsthand knowledge relevant to determining the ownership and disposition of assets potentially subject to execution.

9. At the same time, Mr. Munguia's relationship with Fishback extends beyond Azoria Capital. In addition to serving as an officer of Azoria Capital, Mr. Munguia has worked alongside Fishback in other professional and political endeavors, including Fishback's ill-fated gubernatorial campaign. Attached as **Exhibit C,** is a campaign filing demonstrating that Mr. Munguia was Fishback's gubernatorial campaign treasurer. These facts further underscore that Mr. Munguia

is not a remote third party but rather one of the individuals most closely connected to Fishback's financial and business affairs.

10. The Subpoena directed Mr. Munguia to produce the documents listed in Schedule I by 5:00 p.m. ET on Wednesday, October 14, 2026. The Subpoena also set his deposition for Wednesday, November 4, 2026, at 10:00 a.m. ET at the same Gainesville location. Ex. A at p. 2

11. The Subpoena attached the text of Rule 45(c), (d), (e), and (g). Those provisions told Mr. Munguia how to object and what could happen if he failed to comply. *Id.* at p. 5.

12. On September 17, 2026, at 4:00 p.m., a certified process server personally served Mr. Munguia with the Subpoena. The Verified Return of Service is attached as **Exhibit D**. The undersigned tendered $75.00 with the Subpoena served on Mr. Munguia to cover his attendance fee and mileage, in accordance with Rule 45(b)(1). *See* Ex. E at p. 2.

13. Under Rule 45(d)(2)(B), any objection had to be served by the earlier of the compliance date or fourteen days after service. Here, that deadline was October 1, 2026. Mr. Munguia did not serve any objection by then, and he has not served one since.

14. Mr. Munguia did not produce any documents by October 14, 2026.

15. On October 20, 2026, Greenlight's counsel sent Mr. Munguia a letter

by email and by certified U.S. Mail to his two last known addresses. The letter enclosed another copy of the Subpoena. It told him the production deadline had passed and asked him to produce the documents by October 28, 2026. It also warned that if he did not comply or respond, Greenlight would cancel the deposition ask the Court for an order compelling compliance. The letter and its enclosure are attached as **Exhibit E**. The certified mail receipts, mailing envelopes, and return receipt cards to be completed are attached as **Exhibit F**.

16. As of the filing of this Motion, Mr. Munguia has not produced any documents, served any objections, or contacted Greenlight's counsel.

17. Having been pointed to Mr. Munguia by the judgment debtor at virtually every turn, Greenlight has ample reason to believe that Mr. Munguia possesses information concerning Fishback's assets, transfers, financial affairs, and property interests. His compliance with the subpoena is necessary to permit Greenlight to obtain discovery in aid of execution and identify assets available to satisfy the judgment.

## <u>MEMORANDUM OF LAW</u>

### I. The Post-Judgment Subpoena Was Properly Issued in Furtherance of Greenlight's Right to Identify Fishback's Assets and Aid in the Execution of the Final Judgment.

18. Under Rule 69(a)(2) of the Federal Rules of Civil Procedure, "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any

person— including the judgment debtor—as provided in these rules." Fed. R. Civ. P. 69(a)(2). The heart of post-judgment discovery "relates to the existence or transfer of defendants' assets." *Id.*

19. "The scope of post-judgment discovery is broad; the judgment creditor must be given the freedom to make a broad inquiry to discovery hidden or concealed assets of the judgment debtor." *Fuller v. Carollo*, No. 1:18-cv-24190-RS, 2024 U.S. Dist. LEXIS 147121, at *5-6 (S.D. Fla. Apr. 12, 2024) (quoting *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2013 U.S. Dist. LEXIS 201472, 2013 WL 12239127, at *2 (S.D. Fla. Jan. 22, 2013)). Courts routinely hold that Rule 69(a) "authorizes discovery by a judgment creditor for the purpose of discovering any concealed or fraudulently transferred assets." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977). That broad scope expressly reaches non-parties: Rule 69(a)(2) permits discovery "from any person," and a non-party with knowledge of the debtor's finances is a proper target.

20. Accordingly, a judgment creditor may obtain discovery not only of the judgment debtor's current assets, but also information relating to past financial transactions which could reasonably lead to the discovery of concealed or fraudulently transferred assets. *See Am. Univ. of the Caribbean v. Tien*, No. 04-CV-20834, 2018 U.S. Dist. LEXIS 238275, 2018 WL 1193339, at *1 (S.D. Fla. Feb. 28, 2018) ("[I]n a post-judgment scenario, the creditor has the right to discover any

assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred.”).

21. The Subpoena is aimed at discovering both the existence and possible concealment and/or transfer of Fishback’s assets. Specifically, the requests pertain to Fishback’s current financial condition, any transfers of funds or other property to him, and other information that may assist Greenlight in enforcing the Final Judgment. This information is crucial given his refusal to make any payments toward the debt owed. Mr. Munguia sits at the center of each of these subjects. By Fishback’s own sworn account, Mr. Munguia controls the bank accounts of Azoria Capital. *See supra* ¶¶ 5-6. Fishback also named Mr. Munguia as the owner of the Cartier watch Fishback wore to his deposition, and the Tesla was in a Munguia’s possession when it was levied by the U.S. Marshals service. *See supra* ¶¶ 7-8. Each of these subjects bears directly on “the existence or transfer of” Fishback’s assets and falls squarely within Rule 69(a)(2).

## II. The Court Should Compel Production Under Rules 34(c), 37(a), and 45(d)(2)(B)(i).

22. Rule 45(d)(2)(B)(i) provides that “[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.” Fed. R. Civ. P. 45(d)(2)(B)(i). This Court has described a non-party's choices when it receives a document subpoena: “A nonparty that receives a subpoena to produce

documents must either lodge a meritorious objection or conduct a reasonable search for the requested materials and promptly produce them." *Talentscale, Inc. v. Aery Aviation, LLC*, 351 F.R.D. 58 (N.D. Fla. 2026) (citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006)). "If a nonparty in receipt of a subpoena fails to comply, a party may move for an order compelling production or inspection." *Id.* (citing Fed. R. Civ. P. 45(d)(2)).

23. Rules 34 and 37 confirm this procedure. Rule 34(c) provides that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). Rule 37(a) authorizes a party seeking discovery to move for an order compelling production, Fed. R. Civ. P. 37(a)(3)(B), including where documents are not produced "as requested under Rule 34," Fed. R. Civ. P. 37(a)(3)(B)(iv), and where a deponent fails to answer under Rule 30, Fed. R. Civ. P. 37(a)(3)(B)(i). A motion for an order to a nonparty "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

24. Mr. Munguia did neither. He did not object, and he did not produce anything. He was personally served more than six weeks before this Motion was filed. He received a witness fee. The Subpoena included the text of Rule 45, which explained his obligations. *See* Ex. A at p. 5. When the production deadline passed, Greenlight's counsel wrote to him, sent him the Subpoena again, gave him two more

weeks to produce, and offered the opportunity to discuss. *See* Ex. F. He did not respond. Greenlight has no other way to get these documents. Fishback has disclaimed any involvement with Azoria Capital and has directed Greenlight to Mr. Munguia for the very records and information at issue, while Azoria Capital itself has ignored Greenlight's subpoena. *See Supra* ¶¶ 5-6. "A subpoena duces tecum is the only way to compel a non-party to produce documents or other materials." *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 520 (N.D. Fla. 2013).

**III. Mr. Munguia Has Waived Any Objections.**

25. Rule 45(d)(2)(B) requires any objection to be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "Failure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have." *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005). This Court applies the same rule to other forms of discovery: "[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010); *see also Jet Blast, Inc. v. Blue Lake Serv., LLC*, 348 F.R.D. 714 (N.D. Fla. 2025) (applying *Bailey*, ordering production within three days, and barring all objections other than privilege).

26. Mr. Munguia was served on September 17, 2026. His deadline to object was October 1, 2026. He served no objection. The Court should order him to produce all responsive documents without objection. If he withholds any document as privileged, he should be required to make that claim expressly and describe the withheld material as Rule 45(e)(2)(A) requires. *See Jet Blast*, 348 F.R.D. 714 (requiring a privilege log for withheld documents).

## CONCLUSION

**WHEREFORE**, Plaintiff/Judgment Creditor, Greenlight Capital, Inc., respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit G**, that: (a) grants this Motion pursuant to Rules 34(c), 37(a), and 45(d)(2)(B)(i); (b) orders Mr. Munguia to produce all documents responsive to Schedule I of the Subpoena within ten (10) days of the order, without objection, except that any document withheld on a claim of privilege must be identified as required by Rule 45(e)(2)(A); (c) orders Mr. Munguia to appear for deposition on a date noticed by Greenlight within fourteen (14) days after the production deadline; (d) advises Mr. Munguia that failure to comply with the order may result in a finding of contempt under Rules 37(b)(1) and 45(g); and (e) grants any other relief the Court considers just.

Dated: November 12, 2026 Respectfully submitted,

**Counsel for Plaintiff/Judgment Creditor**
SEQUOR LAW, P.A.
1111 Brickell Avenue, Ste. 1250
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

By: /s/ *Miguel E. Del Rivero*
Edward H. Davis Jr.,
Florida Bar No.: 704539
Email: edavis@sequorlaw.com
Juan J. Mendoza
Florida Bar No.: 113587
Email: jmendoza@sequorlaw.com
Miguel E. Del Rivero
Florida Bar No.: 1048586
Email: mdrivero@sequorlaw.com

## LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

Undersigned counsel certifies, pursuant to Local Rule 7.1 and Federal Rule of Civil Procedure 37(a)(1), that Greenlight attempted in good faith to confer with Mr. Munguia before filing this Motion. On October 20, 2026, counsel sent Mr. Munguia a letter by email and certified mail. The letter asked him to produce the subpoenaed documents or contact counsel by October 28, 2026, or counsel for Greenlight would seek relief from the Court. Ex. C. Mr. Munguia did not respond.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent

email notification of such filing to all CM/ECF participants; via Electronic Mail to Judgment Debtor, James Fishback tommyfishback@gmail.com and james@azoriapartners.com; and via First Class U.S. Mail to Judgment Debtor, James Fishback, 115 SW Pinckney Street, Madison, FL 32340 on November 12, 2026. I further certify that on the same date I served a copy of this Motion, with all exhibits, on non-party Alexander Munguia by email to Ajmunguia23@gmail.com and by U.S. Mail to: Alexander Munguia, 11094 Palmetto Blvd., Alachua, FL 32615 and Alexander Munguia, 474 Turkey Creek, Alachua, FL 32615.

*/s/ Miguel E. Del Rivero*
Miguel E. Del Rivero