EXHIBIT "A"

# UNITED STATES District COURT

Northern District of Florida

GREENLIGHT CAPITAL, INC.

Plaintiff/Judgment Creditor                                        Case No. 4:25-mc-00031

v.

JAMES FISHBACK,

Defendant/Judgment Debtor.

__________________________________/

## SUBPOENA *DUCES TECUM* IN AID OF EXECUTION WITH DEPOSITION

To: Alexander Munguia
By Serving: c/o Alexander Munguia
11094 Palmetto Blvd, Alachua, FL 32615

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| **PLACE:** | **DATE AND TIME:** |
|---|---|
| **Veritext - Gainesville, FL**<br>201 Southeast 2nd Avenue<br>Suite 207<br>Gainesville, FL 32601 | Wednesday, November 4, 2026, at 10:00 a.m. EST |

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination): See **Schedule I** attached hereto.

| **PLACE: (if not produced electronically)** | **DATE AND TIME:** |
|---|---|
| **Veritext - Gainesville, FL**<br>201 Southeast 2nd Avenue<br>Suite 207<br>Gainesville, FL 32601 | Wednesday, October 14, 2026, no later than 5:00 p.m. EST |

The following provisions of Fed. R. Civ. P. 45, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 15, 2026          CLERK OF COURT

OR

____________________________
*Signature of Clerk or Deputy Clerk*

*/s/ Miguel E. Del Rivero*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing **Greenlight Capital, Inc.**, who issues or requests this subpoena, are: Juan J. Mendoza (jmendoza@sequorlaw.com; mcohen@sequorlaw.com) and Miguel E. Del Rivero (mdrivero@sequorlaw.com); 1111 Brickell Ave, Suite 1250, Miami, FL 33131; (305) 372-8282.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________
______________________________________________________________________________________________
___________________________________ on *(date)* ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________
______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_____________________________________________
*Server's signature*

_____________________________________________
*Printed name and title*

_____________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE I

## DEFINITIONS & INSTRUCTIONS

1. **You.** "You" shall mean the person or entity to whom this subpoena is directed.

2. **Document.** "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

3. **Fishback**. "Fishback" refers to James Thomas Fishback, d.o.b. January 1, 1995.

4. **Account.** "Account(s)" shall be construed in the broadest sense, and shall mean any account, regardless of the type of account, including but not limited to, all bank and/or depository accounts, credit, checking, demand deposit, savings, investment, certificate of deposit, money market, interest bearing, brokerage, bond, stock or equity trading, credit card, line of credit, revolving, or loan account, whether open or closed: (a) that is or has ever been held in the name of Fishback; (b) in which Fishback is or has ever been a beneficiary or ultimate beneficial owner, or; (c) in which Fishback is or has ever been an authorized signatory.

5. **Source of Funds.** "Source of Funds" shall mean the exact account that initiates a payment, including the name of the account holder, account number, bank name and bank address or routing number.

6. **Relevant Period.** "Relevant Period" shall mean the period of time beginning with and including January 1, 2019 through and including the date of complete production of Documents responsive to this Subpoena, including any period of time that production of responsive Documents is delayed by the filing of any objection, motion to quash, or motion for protective order to this Subpoena. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

7. "And" and "or" are used as terms of inclusion, not exclusion.

8. The terms "all," "any," and "each" must each be construed as encompassing any and all.

9. You are requested to produce all documents which are in Your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of Your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on Your behalf. Under applicable law, You have the affirmative duty to contact any person or entity, including the foregoing, from whom you have (a) "the legal right to obtain the documents requested upon demand" or (b) the practical ability to obtain the responsive documents. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); *SeaRock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984); *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470 (S.D. Fla. 2011) (holding that "[D]ocuments have been considered to be under a party's control (for discovery purposes) when that party has the 'right, authority, or practical ability to obtain the materials sought on demand'."); *accord Mirlis v. Greer*, 80 F.4th 377, 383 (2d Cir.

2023) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents.").

10. To the extent applicable to any documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such documents as records of a regularly conducted activity of a business, organization, or calling, as described in Federal Rules of Evidence, Rule 803(6).

## DOCUMENT REQUESTS

1. All documents related to any payment, distribution or transfer of money or any other property by Fishback to You relating during the Relevant Period.

2. All documents related to any payment, distribution, or transfer of money or any other property by You to Fishback during the Relevant Period, whether made by You individually or by You acting on behalf of, or in an official capacity for, any corporation, limited liability company, partnership, trust, joint venture, business entity, charitable organization, political action committee, or other person or entity in which You have or had an ownership interest, management role, control, authority, or beneficial interest. This includes, but is not limited to:

   a. Azoria Capital Inc.;

   b. Azoria Partners, LLC;

   c. Incubate Debate;

   d. Our Next Chapter;

   e. Incubate Foundation Inc.;

   f. Incubate Civics LLC;

   g. Bill of Rights Institute

   h. Macrovoyant Capital Management LLC;

   i. Macrovoyant Partners LLC;

   j. Florida First PAC;

   k. All other additional Political Actions Committees;

   l. The 2026 James T. Fishback for Florida Governor Campaign; and

   m. Galvez Strategies, LLC.

3. All documents reflecting any contracts, agreements, business relationships, joint ventures or other arrangements between You and Fishback.

4. All documents reflecting any contracts, agreements, business relationships, joint ventures or other arrangements between Fishback and any other individual/entity.

5. All documents relating to any business entities in which Fishback holds or has held an interest.

6. All documents relating to any investment, loan, capital contribution, transfer of funds, purchase of equity or debt, or other financial transaction made by, from, on behalf of, or at the direction of Fishback to or in any entity, including all documents concerning negotiations, due diligence, or communications regarding such transactions.

7. All documents evidencing any accounts receivables, including, but not limited to, all documents which provide a description of the nature of the receivable, the amount owed to Fishback and the mailing address of the account debtor.

8. All documents evidencing all real property in which Fishback currently has, or had during the Relevant Time Period, any legal, equitable, leasehold, future interest, or ultimate beneficial interest including all property owned as a co-tenant, community property, or in which Fishback has or had a life estate. This includes, but is not limited to, the following:

a. 115 SW Pinckney Street, Madison, Florida 32340; and

b. 2325 42nd Street NW, Apartment 215, Washington, D.C. 20007.

9. All documents evidencing any safe deposit boxes and/or security deposit boxes that Fishback currently owns or uses, or that Fishback owned or used during the Relevant Time Period.

10. All documents evidencing all automobiles, jewelry, or other tangible assets that Fishback currently owns or owned at any time within the Relevant Time Period. This includes, but is not limited to, the following:

a. 2022 Tesla Model Y, Vehicle Identification Number (VIN) 7SAYGDEE7NA006445 and Florida license plate CVG7X;

b. 2023 Tesla Model 3, VIN 5YJ3E1EA7PF541502 and Florida license plate BN90UM;

c. 2024 Tesla Model 3 with VIN of 5YJ3E1EB7RF790202 and MD temporary tag of T1868383.Cartier Watch; and

d. A 2025 Cartier wristwatch worn by Fishback.

11. All documents evidencing all checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives that were held in the name of Fishback or any business entities in which Fishback holds or has held an interest, or in which Fishback or any such business entities had any interest in at any time during the Relevant Time Period.

12. All documents evidencing any interests in stocks of any corporations, mutual funds, stock funds, commodities, futures contracts, general partnerships, limited partnerships, joint ventures, government bonds, corporate bonds, bond funds, and any other negotiable or non-negotiable instruments Fishback owns or owned at any time within the Relevant Time Period.

13. All financial statements, balance sheets, accounts receivable and payable ledgers, net worth statements, income statements, working capital statements, cash flow statements or any other financial matters of Fishback during the Relevant Time Period.

14. All documents sufficient to establish the annual gross revenue for Fishback during the Relevant Time Period, including, but not limited to, passive income, dividends, distribution, rents, proceeds or other monies from any equity and/or ownership interests that Fishback has or had within the Relevant Time Period in any entities.

15. All documents sufficient to establish the amount of Fishback's net income, the nature of any deductions of Fishback's gross revenue, and the frequency or payment schedule under which Fishback receives such income.

16. All contracts to which Fishback is a party and is now or anticipates performing services or rendering materials, and/or upon which someone or some entity is indebted to Fishback for services or materials furnished for the Relevant Time Period.

17. All documents evidencing any gifts made by Fishback to any person or any gifts made to Fishback by any person within the Relevant Time Period.

18. All documents evidencing the transfer of any real property or personal property, including without limitation, intangibles, contract rights, or future rights to any other entity or person associated with Fishback within the Relevant Time Period.

19. All records reflecting or relating to any transfers or conveyances, whether by sale, gift, assignment, pledge, settlement of any litigation or other, of funds, personal property, securities, real estate, accounts receivable, inventory, leases, intangible assets, or assets of any kind from Fishback to any other entity or person at any time during the Relevant Time Period.

20. All other documents related to any limited liability company, corporation, partnership, or entity in which Fishback holds an interest or held any interest at any time during the Relevant Time Period, including, but not limited to, all financial statements, generated at any time during the Relevant Time Period, all balance sheets generated at any time during the Relevant Time Period, all income statements generated at any time during the Relevant Time Period, all equity statements generated at any time during the Relevant Time Period, all cash flow statements generated at any time during the Relevant Time Period, tax returns generated at any time during the Relevant Time Period, all records of any interest held by Fishback in such limited liability company or property held by it as trustee, at any time during the Relevant Time Period, all copies of member interests, all Operating Agreements, other governing documents and amendments thereto generated from the inception of the business to the present.

21. All documents, writings or financial records showing or tending to show any and all monies which may be due to Fishback, together with any records which show the names, addresses, and any other contact information for persons or entities owing money or who will owe money to Fishback.

22. All promissory notes and mortgages naming Fishback as payee, or upon which Fishback now receives payments, or did receive any payments, during the Relevant Time Period.

23. All documents related to any loans made to or by Fishback, or to or by any company with which Fishback is affiliated with or was affiliated at any time during the Relevant Time Period.

24. All other documents related to any other asset owned by Fishback at any time during the Relevant Time Period.

25. All other documents related to the financial condition of Fishback at any time during the Relevant Time Period.

26. All other documents related to Fishback.

27. All contracts, agreements, and other records between Galvez Strategies LLC and the Florida First PAC pertaining to payments and/or distributions to Fishback, and any business entities in which Fishback holds or has held an interest and documentation related to any payments between Galvez Strategies and such entities.

28. Identify and describe all compensation received by You, whether directly or through any business entity in which You have held an interest, from Fishback or any business entity in which Fishback has held an interest, including the date, amount, and nature of each payment.

29. An inventory of all personal property owned by Fishback in your possession.

30. An inventory of all personal property owned by you in Fishback's possession.